UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08697-MWF (SSx)           Date:  September 28, 2017
Title:    United States ex rel. Benjamin Poehling -v.- Unitedhealth Group, Inc. et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER DENYING MOTION TO TRANSFER [134]

Before the Court is Defendants Unitedhealth Group, Inc., et al.'s (the Motion to Transfer (the "Motion"), filed on July 17, 2017.  (Docket No. 134).  (In this Order, "Unitedhealth" is used for the entity across the three actions, regardless of the specific corporate entity actually named, and "Unitedhealth Defendants" for the Defendants in this action.)  The government and Relator Benjamin Poehling filed their Consolidated Opposition to United's Motion to Transfer (the "Opposition") on August 28, 2017.  (Docket No. 138).  The Unitedhealth Defendants filed a Reply in Support of Motion to Transfer ("the Reply") on September 11, 2017.  (Docket No. 146).  The Court has read and considered the papers filed on the Motion, and held a hearing on **September 25, 2017.**

For the reasons set forth below, the Motion is **DENIED**.  The Unitedhealth Defendants have not established that transferring this action a second time will result in any greater convenience or better serve the interests of justice.

**I.    BACKGROUND**

There are three actions at play in the Unitedhealth Defendants' current Motion to Transfer:  two actions under the False Claims Act in the Central District of California, and an action under the Administrative Procedures Act in the District for the District of Columbia.

---

**CIVIL MINUTES—GENERAL**                                           1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08697-MWF (SSx)　　　　　　Date:  September 28, 2017
Title:　　United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al.

### A.　　The Central District of California Actions

Relator Benjamin Poehling filed this *qui tam* lawsuit in the Western District of New York on March 34, 2011.  (Complaint (Docket No. 1).  The action concerns the obligations of Medicare Advantage ("MA") plans like Unitedhealth to take certain steps to verify the diagnostic data submitted to it by third-party healthcare providers before passing that data to the government for use in determining how much to pay the MA plans.  (Mot. at 2).

The action remained under seal and pending in for five years while the Department of Justice conducted its investigation.  On November 8, 2016, the government moved to transfer the sealed action to the Central District of California "to enable the United States to relate or consolidate [the] matter with another *qui tam* action . . . that contains related or overlapping allegations against three of the same defendants."  (Motion to Transfer Venue ("WDNY Motion") (Docket No. 48)).  In that motion, the government requested that the Western District of New York "suggest to the transferee court that this action be deemed related to the qui tam action captioned *United States ex rel. Swoben v. United Healthcare Ins. Co. et al.*, CV 09-5013 (C.D. Cal.).  (WDNY Motion at 2).  The Unitedhealth Defendants had no opportunity to oppose that motion, as the action remained sealed.  The district court granted the motion and requested this District to consider whether the action should be deemed related to the *Swoben* action.  (Docket No. 50).

The operative complaint in the *Swoben* action includes allegations that Unitedhealth's review of data that it submitted to the government purposely failed to account for changes in the data that would decrease the amount of money owed to United from the government.  (Opp. at 5, 7; Fourth Amended Complaint ¶ 16 (*Swoben* Docket No. 251)).  In August 2016, the Ninth Circuit reversed the district court's dismissal of the action for failure to state a claim, and in the course of doing so, discussed the obligations of MA plans with respect to data verification.  *United States ex rel. Swoben v. United Healthcare Insurance Co.*, 848 F.3d 1161, 1167–69 (9th Cir. 2016).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-08697-MWF (SSx)            **Date:** September 28, 2017
**Title:** United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al.

Upon transfer to this District in December 2016, the district court (Judge Walter) concluded that the *Swoben* and *Poehling* actions were not related. (Docket No. 59). The government then moved in *Swoben* for the district court to consolidate the two actions under Federal Rule of Civil Procedure 42(a). (Motion to Consolidate, *United States ex rel. Swoben v. Scan Health Plan et al.* (Docket No. 271)).

In April 2017, the district court denied that motion without prejudice. (*Swoben* Docket No. 294). The district court adopted Unitedhealth's Proposed Statement of Decision Denying the United States' Motion to Consolidate ("Consolidation Statement") in full. (*Id.*). That statement reasoned that consolidation was (1) premature, because the government had not yet filed its complaints-in-intervention in *Poehling* or in *Swoben*, so the scope of the two actions was still unknown; and (2) inefficient and complicated, because the two actions were at totally different stages of litigation and Unitedhealth anticipated moving to transfer *Poehling* to the District of Columbia. (Consolidation Decision at 5–9 (*Swoben* Docket No. 295)). The decision noted the existence of another potentially related action pending in the District of Columbia: *Unitedhealthcare Ins. Co. v. Price*, No. 16-cv-00157-RMC (D.D.C.), in which the district court would "soon be hearing Unitedhealth's challenge to the legal underpinnings of the government's arguments in this case—namely, that Unitedhealth was required to review and analyze the accuracy of codes submitted by providers under a 'due diligence' standard that the government allegedly does not undertake itself." (Consolidation Decision at 4).

### B. The District of Columbia Action

In January 2016, Unitedhealth filed the *Price* action referenced in the preceding paragraph, which under the Administrative Procedures Act challenges the validity of a regulation that purports to require certain data verification requirements on MA plans. (Mot. at 2). The *Price* action alleges that imposing such verification requirements on MA plans without imposing them on the government's own data collection systematically undercompensates MA plans in violation of the governing statutes. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-08697-MWF (SSx)          **Date:** September 28, 2017
**Title:** United States ex rel. Benjamin Poehling -v.- Unitedhealth Group, Inc. et al.

The government moved to stay the *Price* action until the *Swoben* and *Poehling* actions are resolved, arguing that the *Price* action and the FCA actions raised "identical arguments" that are "central" to the cases. (Mot. at 9). Unitedhealth opposed that motion, arguing that the *Price* action sought relief that would not be available in the FCA actions and that "these cases may never address any common legal issues." (Mot. at 9 n.9; Opp. at 9). In June 2017, the district court (Judge Collyer) denied that motion, ruling as follows:

> This APA case is limited to whether [Centers for Medicare and Medicaid Services] acted beyond its authority when promulgating its 2014 Overpayment Rule. It does not concern the actions of United in any way, and any analysis by the Court would be limited to the administrative record behind the 2014 Overpayment Rule and the statute. Any factual record developed in the [*Poehling* and *Swoben*] Cases would have very limited relevance, if any, to this APA review of the 2014 Overpayment Rule.

*UnitedhealthCare Ins. Co. v. Price*, No. CV-16-157-RMC, 2017 WL 2623783, at *2 (D.D.C. June 4, 2017). The district court concluded that

> it is highly unlikely that a future decision in the FCA Cases would address, much less resolve, the APA challenge here. Similarly, any decision in this matter will not answer the most relevant questions in the FCA Cases. Whether a government contractor knowingly engaged in fraud, and whether a government agency appropriately promulgated a rule several years later, are simply too different from one another to warrant a stay, even if such lawsuits may touch upon similar questions of statutory interpretation.

*Id* at *3.

---

**CIVIL MINUTES—GENERAL**          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08697-MWF (SSx)                              Date:  September 28, 2017
Title:       United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  However, a motion to transfer should not merely shift the inconvenience from the moving party to the opposing party.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (affirming the denial of a transfer because the transfer "would merely shift rather than eliminate the inconvenience").

"The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009); *see also Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1555–56 (N.D. Cal. 1988) ("In seeking to transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's choice of forum should not be easily overturned").  The threshold question under Section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought." *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010).

"If venue would be appropriate in the would-be transferee court, then the court must make an individualized, case-by-case consideration of convenience and fairness." *Roling*, 756 F. Supp. 2d at 1184.  As part of this analysis, the Court may consider a number of factors, including but not limited to (1) the location where the relevant agreements were negotiated and took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 16-08697-MWF (SSx)          **Date:**  September 28, 2017
**Title:**     United States ex rel. Benjamin Poehling -v.- Unitedhealth Group, Inc. et al.

*Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (affirming denial of motion to transfer after the district court weighed each of the factors).

### III.   DISCUSSION

As a threshold matter, neither party disputes that the District of Columbia is a proper venue for the *Poehling* action, and the Court agrees.  Under 31 U.S.C. § 3731(a), a False Claims Act action "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." Unitedhealth transacts business in the District of Columbia through operation of its MA plan. (Mot. at 11; Compl. ¶ 23).  Proceeding through the factors of the transfer analysis, the Court concludes that the Motion must be denied, as discussed below.

*Plaintiff's Choice of Forum.*  This case was originally filed in the Western District of New York, not the Central District of California.  The government can hardly deny that fact when it had to file a motion in the Western District of New York to *transfer* the case to this District.  This Court does not question the district court's decision to grant that motion, but it cannot be denied that it had no opportunity to hear from the Unitedhealth Defendants before making that decision.

Moreover, the Central District of California is not the original choice of forum, and therefore the government's decision to transfer the action here is accorded little weight.  *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1215 (D. Haw. 2002) ("It is true that a plaintiff's initial choice of forum (in this case, Hawaii) usually receives some weight when courts decide whether to transfer venue. The plaintiff's "second choice" of forum is not automatically entitled to the same amount of deference."); *Tiffany v. Hometown Buffet, Inc.*, No. CV-06-2524-SBA, 2006 WL 2792868, at *2 (N.D. Cal. Sept. 28, 2006) (according plaintiffs' second choice of venue little weight); *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. CV-06-260-TJW, 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007 ("The plaintiff's second or third choices of forum receives no deference, especially when the events giving rise to this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 16-08697-MWF (SSx)                **Date:**  September 28, 2017
Title:       United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al.

infringement action do not dominate in either the plaintiff's or the defendant's choices of forum.").

It is true that the government, not Benjamin Poehling, is the principal plaintiff in this action.  *See United States ex rel. Zissler v. Regents of the Univ. of Minn.*, 154 F.3d 870, 872 (9th Cir. 1998).  But if the government wanted the benefit of the full deference usually accorded to a plaintiff's first choice of forum, it could have – as it notes itself in its Opposition – filed its complaint in the desired district rather than moving to transfer the *qui tam* complaint to the desired district before intervening. (Opp. at 19).

At the hearing, the Unitedhealth Defendants urged the Court to accord the government's choice of this District even less weight because the government's selection of this District is motivated by forum shopping that seeks to take advantage of the Ninth Circuit's favorable decision in *Swoben*.  (Mot. at 12; Reply at 6).  "Where forum-shopping is evident . . . courts should disregard plaintiff's choice of forum." *Avalon Glass & Mirror Co. v. Electric Mirror, LLC*, No. CV-16-06444-CAS (SKx), 2016 WL 7217579, at *5 (C.D. Cal. Dec. 12, 2016) (quoting *Foster v. Nationwide Mut. Ins. Co.*, No. CV-07-04928-SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007). The Unitedhealth Defendants suggested that the relator's original complaint and the timeline of this action demonstrate that the government has sought to artificially inflate the significance of witnesses and occurrences in this District.  As the Court indicated at the hearing, it need not investigate the government's motivations for transferring the action to this District because it is not according the government's desires virtually any weight.  The action is here now, so the Court will examine the objective criteria to evaluate whether the action should be transferred.

*Coordination with Other Actions.*  The possibility of coordination with another pending related case is a "significant factor" weighing in favor of transfer.  *A.J. Indus. V. U.S. Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974); *Unicolors Inc. v. Myth Clothing Co. Inc.*, No. CV-15-9419-CAS (JCx), 2016 WL 738289, at *8 (C.D. Cal. Feb. 22, 2016) ("An important consideration in determining whether the interests of justice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-08697-MWF (SSx)          **Date:** September 28, 2017
Title:     United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al.

dictate a transfer of venue is the pendency of a related case in the transferee forum.") (citations omitted).

It is clear that there are some underlying facts and issues in common among all three of the currently pending actions, *Swoben*, *Price,* and *Poehling*. Therefore, while there may be some benefit to coordinating this action with *Price*, there may also be some benefit to coordinating this action with *Swoben*. The Court is skeptical of how ***much*** benefit there might be to coordination with *Price*, however, since the Unitedhealth Defendants were willing to state when it suited them that *Price* and *Poehling* "may never address any common legal issues." (Opp. at 9). Likewise, the Court is skeptical of the government's current attempts to distinguish *Poehling* from *Price*, since the government previously stated that the cases raised "identical arguments." (Mot. at 9).

Regardless of what either party argued in prior motions before other courts, two other federal judges have already determined that this action is not sufficiently similar to the other actions to warrant relating it to *Swoben* or staying *Price* while it is resolved. This Court is disinclined to transfer this action to the District of Columbia so it can be coordinated with *Price* when the district court has already clearly stated that it finds the relevant facts and legal issues very different in each action. *See generally Price*, 2017 WL 2623783. Moreover, in light of the district court's opinions on the differences between these actions, it is unlikely that there is really more benefit to coordinating the *Poehling* action with the *Price* action than there might be to coordinating the *Poehling* action with the *Swoben* action in this District.

Therefore, the Court finds that this factor weighs slightly against transfer.

***Convenience of Witnesses.*** The Unitedhealth Defendants make much of the fact that Minnesota, where Unitedhealth is based, is farther from Los Angeles than from Washington, D.C. (Mot. at 17–18; Reply at 13, 15–16). The Court does not find this persuasive. Minnesota-based witnesses will have to fly several hundred miles to testify whether this action proceeds in Los Angeles or in Washington, D.C. The difference – approximately 500 miles – is not sufficient to persuade the Court in favor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-08697-MWF (SSx)          **Date:** September 28, 2017
**Title:**     United States ex rel. Benjamin Poehling *-v.-* Unitedhealth Group, Inc. et al.

of transfer. Courts routinely discount a difference in travel time when witnesses will have to travel long distances to testify regardless of whether the action is transferred or not. *See, e.g.*, *Viva Healthcare Packaging, Ltd. V. CTL Packaging USA, Inc.*, No. CV 13-03372-JAK (MRWx), 2013 WL 12142564, at *4 (C.D. Cal. Oct. 8, 2013) (finding "the incremental difference in travel time between the two districts is not compelling" to support transfer to the Western District of North Carolina where witnesses were traveling from Australia); *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. CV 14-00609-DDP (SSx), 2014 WL 2206387, at *3 (C.D. Cal. May 28, 2014) ("JHS asserts that the Middle District of Tennessee is more convenient for it because Nashville is closer to the United Kingdom than California. However, the court is not persuaded that this is a significant factor supporting transfer.") (internal citations omitted).

At the hearing, the Unitedhealth Defendants argued that *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) supports their position that the 500-mile difference in travel time supports transfer. In that case, the Federal Circuit, applying Fifth Circuit law, held that the district court erred by disregarding the Fifth Circuit's "100-mile rule." *Id.* at 1320. The "100-mile rule" requires that when the distance between an existing venue and a proposed transferee venue is more than 100 miles, the inconvenience to witnesses increases in relationship to the additional travel distance. *Id.* The Court finds this case unpersuasive, however, because the Court is not aware of any Ninth Circuit analog to the Fifth Circuit's "100-mile rule," and the difference in travel time in that case was 900 miles, almost twice the difference here. *See id.*

The Court *would* be persuaded by evidence that there are significantly more material witnesses located in Washington, D.C., than there are in the Los Angeles area. At the hearing, the Unitedhealth Defendants contended that they expect to call "three-to-four times" more DC-based witnesses to testify at trial, and pointed the Court to various categories of information about which they expect Washington, D.C.-based witnesses to testify. The Court finds this argument unpersuasive in the face of the lack of specificity. Specifically, the Unitedhealth Defendants indicate they intend to call three former government employees and one current government employee, all based in Washington, D.C., to testify about important matters such as the government's

**CIVIL MINUTES—GENERAL**          9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 16-08697-MWF (SSx) | **Date:**  September 28, 2017 |
| **Title:**  United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al. | |

discussions with Unitedhealth about Unitedhealth's data verification efforts, CMS's own data verification procedures, and CMS's review of MA plans' data accuracy. (Mot. at 16). The Unitedhealth Defendants acknowledge that at this time, they are unable to name or identify other witnesses with more specificity.  (*Id.* at 17).  As the Court has held previously, the lack of specifics concerning "the number of witnesses they intend to call or any information about these witnesses, including their names or where they reside" weighs against transfer. *See Saylor v. Saylor Publications*, No. CV 12-7268-MWF (CWx), 2012 L 12893756, at *2 (C.D. Cal. Dec. 4, 2012) (denying motion to transfer).

The government, on the other hand, identifies six Unitedhealth employees who provided testimony during the investigation and who reside in California. (Declaration of Carol Wallack ¶ 3 (Docket No. 138-1)). Approximately twelve of the individuals identified by name in the government's Complaint-in-Partial-Intervention in this action reside in or near California. (*Id.* ¶ 4). The government also mentions approximately eight or nine current or former employees of Optum who it may call as witnesses and who reside in California. (*Id.*). Optum is a Santa Ana-based Unitedhealth affiliate that provides data and analytics to healthcare companies, including United, and the government alleges that Optum's employees in California were involved in training healthcare providers about CMS's requirements for submitting valid diagnosis codes; designing, implementing, and managing the systems used by healthcare companies to review their data; and analyzing the monetary impact of conducting reviews of data submitting to CMS. (*Id.* ¶ 5).

Optum may, as the Unitedhealth Defendants argue, "perform[] only limited functions relating to chart review and claims verification," (Reply at 10), but at this stage in the litigation it does appear that more potentially relevant witnesses are located in California than in Washington, D.C. That the California-based Optum employees report to executives in Minnesota or other locations (Declaration of Karen Erickson ¶ 7 (Docket No. 134-2); Supplemental Declaration of Karen Erickson ¶ 3 (Docket No. 146-2) is not particularly relevant to the comparison between the convenience of litigating in Los Angeles and the convenience of litigation in Washington, D.C.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-08697-MWF (SSx)              Date:  September 28, 2017
Title:     United States ex rel. Benjamin Poehling -v.- Unitedhealth Group, Inc. et al.

The Court finds that this factor weighs against transfer to Washington, D.C.

*Location Where Relevant Conduct Took Place*.  The Unitedhealth Defendants argue that this action is connected to the District of Columbia because relevant communications between government employees and Unitedhealth employees regarding Unitedhealth's data verification obligations took place in Washington, D.C., and because "both the United States generally and the Department of Health and Human Services more specifically are headquartered in the District of Columbia." (Mot. at 21).

But the Unitedhealth Defendants focus more on the argument that the action has virtually no connection to the Central District of California.  They argue that this case "is about United decisions made in Minnesota and government policies and communications made in the D.C. area."  (Mot. at 21).  They suggest that the government's Complaint-in-Intervention (Docket No. 114) is "filled with gratuitous references to California."  (Reply at 9).  That argument was repeated at the hearing, both in regard to this point and in regard to the purported forum shopping of the government.

It appears, however, that the only relevant conduct that took place in Washington, D.C., are the communications between the government and Unitedhealth employees mentioned above.  The only other Washington, D.C., activity that the Unitedhealth Defendants identify with any specificity is the *Price* action, which the Court has already found to be an unpersuasive reason for transfer.   The government, on the other hand, identifies the specific California-based entities that developed and operated Unitedhealth's chart review and risk adjustment programs, and notes that many financially-incentivized provider groups who had motivation to submit invalid diagnosis codes in order to obtain higher compensation are located in California.  (Opp. at 11–13).  The conduct in Minnesota is not relevant.

The Court finds that this factor weighs against transfer.

*Other factors*.  Other factors, such as the cost of litigation and ease of access to sources of proof are neutral here.  The Unitedhealth Defendants acknowledge that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 16-08697-MWF (SSx) | **Date:** September 28, 2017 |
| Title: United States ex rel. Benjamin Poehling-*v.*- Unitedhealth Group, Inc. et al. | |

cost of litigating this action in California would not be materially different from the cost of litigating it in Washington, D.C. (Mot. at 22). And, as the government argues, the physical location of documents no longer carries much weight, since most documents at issue in this case are stored and transmitted electronically. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) ("As other courts have noted, the ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations.") (quotations and citations omitted). Even the Unitedhealth Defendants acknowledge that this factor has lost its relevance. (Mot. at 20).

Together, the factors weigh against transferring this action to the District of Columbia. The Unitedhealth Defendants have not carried their burden of demonstrating that transferring this action would be more convenient for the parties or the witnesses, or would better serve the interests of justice.

### III. CONCLUSION

Accordingly, the Motion to Transfer is **DENIED**. The Court approves the parties' briefing schedule as previously stipulated and ordered. (*See* Docket No. 133).

IT IS SO ORDERED.