# EXHIBIT 13

**Examples of Invalid Diagnosis Submitted But Not Deleted By United**

Examples of invalid diagnoses about which United knew but that it failed to delete based on its Chart Review Program for the 2011 through the 2014 payment years include the following:[1]

1.  United reviewed medical records relating to Beneficiary A as part of its Chart Review Program for payment year 2011. The prior year (date of service year 2010), one of Beneficiary A's providers reported diagnoses to United that mapped to HCC 7 and RxHCC 11 for Metastatic Cancer and Acute Leukemia, and to HCC 96 and RxHCC 97 for Ischemic or Unspecified Stroke. However, the results of United's review of this provider's medical records for this beneficiary failed to validate these diagnoses, and no other provider reported these diagnoses (or any other diagnosis mapping to these HCCs) for this beneficiary for this year. United submitted these invalid diagnoses to the Medicare Program for risk adjustment payments, but knowingly and improperly failed to delete them. The beneficiary's Part C risk score was 3.239 for payment year 2011, but deleting the invalid diagnoses would have decreased it to .92, a difference of 2.319. Under Part C of the Medicare Program, United was paid $24,380 based on its submission of these invalid diagnoses. Accordingly, Medicare has been damaged by at least $24,380 (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

2.  United reviewed medical records relating to Beneficiary B as part of its Chart Review Program for payment year 2011. The prior year (date of service year 2010), one of Beneficiary B's providers reported a diagnosis to United that mapped to HCC 45 for Disorders of Immunity. However, the results of United's review of the provider's medical records failed to validate this diagnosis, and no other provider reported this diagnosis (or any other diagnosis mapping to this HCC) for this beneficiary for this year.

---

[1] Information identifying the beneficiaries will be separately provided to Defendants.

1

United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it.  The beneficiary's Part C risk score was originally 3.328, but deleting the invalid diagnosis would have decreased it to 2.495, a difference of .833.  Under Part C of the Medicare Program, United was paid $8,267 based on its submission of this invalid diagnosis.  Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

3.     United reviewed the medical records relating to Beneficiary C as part of its Chart Review Program for payment year 2011.  The prior year (date of service year 2010), one of Beneficiary C's providers reported diagnoses to United that mapped to HCC 45 for Disorders of Immunity, HCC 44 for Severe Hematological Disorders, and RxHCC 50 for Aplastic Anemia and Other Significant Blood Disorders.  However, the results of United's review of this provider's medical records failed to validate these diagnoses, and no other provider reported these diagnoses (or any other diagnoses that mapped to these HCCs) for this beneficiary for this year.  United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them.  The beneficiary's Part C risk score was originally 4.569, but deleting the invalid diagnoses would have decreased it to 1.863, a difference of 2.706.  Under Part C of the Medicare Program, United was paid $25,202 based on its submission of these invalid diagnoses.  Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

4.     United reviewed the medical records relating to Beneficiary D as part of its Chart Review Program for payment year 2011.  The prior year (date of service year 2010), one of Beneficiary D's providers reported diagnoses to United that mapped to HCC 45 for Disorders of Immunity, HCC 83 for Angina Pectoris/Old Myocardial Infarction, and HCC 105 for Vascular Disease.  However, the results of United's review of this provider's medical records failed to validate these diagnoses, and no other qualified

provider reported these diagnoses (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year. United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them. The beneficiary's Part C risk score was originally 4.719, but deleting the invalid diagnoses would have decreased it to 3.375, a difference of 1.344. Under Part C of the Medicare Program, United was paid $14,460 based on its submission of these invalid diagnoses. Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

5.  United reviewed the medical records relating to Beneficiary E as part of its Chart Review Program for payment year 2011. The prior year (date of service year 2010), one of Beneficiary E's providers reported diagnoses to United that mapped to HCC 44 for Severe Hematological Disorders, RxHCC 50 for Aplastic Anemia and Other Significant Blood Disorders, and HCC 45 for Disorders of Immunity. However, the results of United's review of this provider's medical records failed to validate these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year. United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them. The beneficiary's Part C risk score was originally 3.451, but deleting the invalid diagnoses would have decreased it to .746, a difference of 2.705. Under Part C of the Medicare Program, United was paid $25,279 based on its submission of these invalid diagnoses. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

6.  United reviewed the medical records relating to Beneficiary F as part of its Chart Review Program for payment year 2011. The prior year (date of service year 2010), one of Beneficiary F's providers reported diagnoses to United that mapped to HCC 7 for Metastatic Cancer and Acute Leukemia, HCC 15 for Diabetes with Renal or Peripheral

Circulatory Manifestation, and RxHCC 14 for Diabetes with Complications. However, the results of United's review of this provider's medical records failed to validate these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year. United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them. The beneficiary's Part C risk score was originally 2.841, but deleting the invalid diagnoses would have decreased it to .447, a difference of 2.394. Under Part C of the Medicare Program, United was paid $25,607 based on its submission of these invalid diagnoses. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

7.     United reviewed the medical records relating to Beneficiary G as part of its Chart Review Program for payment year 2011. The prior year (date of service year 2010), one of Beneficiary G's providers reported diagnoses to United that mapped to HCC 7 for Metastatic Cancer and Acute Leukemia, HCC 80 for Congestive Heart Failure, and RxHCC 86 for Pulmonary Hypertension and Other Pulmonary Heart Disease. However, the results of United's review of this provider's medical records failed to validate these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year. United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments and knowingly and improperly failed to delete them. The beneficiary's Part C risk score was originally 5.065, but deleting the invalid diagnoses would have decreased it to 1.977, a difference of 3.088. Under Part C of the Medicare Program, United was paid $27,804 based on its submission of these invalid diagnoses. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

8.      United reviewed the medical records relating to Beneficiary H as part of its Chart Review Program for payment year 2011.  The prior year (date of service year 2010), one of Beneficiary H's providers reported a diagnosis to United that mapped to HCC 44 and RxHCC 50 for Severe Hematological Disorders.  However, the results of United's review of this provider's medical records failed to validate this diagnosis, and no other qualified provider reported this diagnosis (or any other diagnosis that mapped to this HCC) for this beneficiary for this year.  The beneficiary's Part C risk score was originally 3.901, but deleting the invalid diagnosis would have decreased it to 2.974, a difference of .927.  United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it.  Under Part C of the Medicare Program, United was paid $9,582 based on United's submission of the invalid diagnosis mapping to the HCC.  Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

9.      United reviewed the medical records relating to Beneficiary I as part of its Chart Review Program for payment year 2012.  The prior year (date of service year 2011), one of Beneficiary I's providers reported diagnoses to United that mapped to HCC 15 and RxHCC 14 for Diabetes with Renal or Peripheral Circulatory Manifestation, HCC 104 for Vascular Disease with Complications, HCC 105 and RxHCC 101 for Vascular Disease, and HCC 131 and RxHCC 125 for Renal Failure.  However, the results of United's review of this provider's medical records did not support these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnoses mapping to these HCCs) for this beneficiary for this year.  United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them.  The beneficiary's Part C risk score was originally 3.174, but deleting the invalid diagnoses would have decreased it to 1.844, a difference of 1.33.  Under Part C of the Medicare Program, United was paid $11,395.92 based on United's submission of the invalid diagnoses.  Accordingly, Medicare has been damaged

5

by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

10.  United reviewed the medical records relating to Beneficiary J as part of its Chart Review Program for payment year 2012.  The prior year (date of service year 2011), one of Beneficiary J's providers reported diagnoses to United that mapped to HCC 37 and RxHCC 38 for Bone/Joint/Muscle Infections/Necrosis, HCC 27 and RxHCC 25 for Chronic Hepatitis, HCC 45 for Disorders of Immunity, HCC 108 and RxHCC 104 for Chronic Obstructive Pulmonary Disease, and RxHCC 88 for Hypertension.  However, the results of United's review of this provider's medical records did not support these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnoses mapping to these HCCs) for this beneficiary for this year.  United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them.  The beneficiary's Part C risk score was originally 2.544, but deleting the invalid diagnoses would have decreased it to 1.345, a difference of 1.199.  Under Part C of the Medicare Program, United was paid $13,439 based on United's submission of the invalid diagnoses.  Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments

11.  United reviewed the medical records relating to Beneficiary K as part of its Chart Review Program for payment year 2012.  The prior year (date of service year 2011), one of Beneficiary K's providers reported a diagnosis to United that mapped to HCC 7 for Metastatic Cancer and Acute Leukemia.  However, the results of United's review of this provider's medical records did not support this diagnosis and no other qualified provider reported this diagnosis (or any other diagnosis mapping to this HCC) for this beneficiary for this year.  United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it.  The beneficiary's Part C risk score was originally 2.83, but deleting the invalid

diagnoses would have decreased it to .792, a difference of 2.038. Under Part C of the Medicare Program, United was paid $22,843.44 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

12. United reviewed the medical records relating to Beneficiary L as part of its Chart Review Program for payment year 2012. The prior year (date of service year 2011), one of Beneficiary L's providers reported a diagnosis to United that mapped to HCC 157 and RxHCC 45 for Vertebral Fractures w/o Spinal Cord Injury. However, the results of United's review of this provider's medical records did not support this diagnosis (or any other diagnosis mapping to this HCC) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 2.541, but deleting the invalid diagnosis would have decreased it to 2.145, a difference of .396. Under Part C of the Medicare Program, United was paid $3,439 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

13. United reviewed the medical records relating to Beneficiary M as part of its Chart Review Program for payment year 2012. The prior year (date of service year 2011), one of Beneficiary M's providers reported a diagnosis to United that mapped to HCC 44 and RxHCC 50 for Severe Hematological Disorders. However, the results of United's review of this provider's medical records did not support this diagnosis (or any other diagnosis mapping to this HCC) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 2.059, but deleting the invalid diagnosis would have decreased it to .223, a difference of 1.836. Under Part C of the Medicare Program, United was paid $16,697 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been

damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

14. United reviewed the medical records relating to Beneficiary N as part of its Chart Review Program for payment year 2012. The prior year (date of service year 2011), one of Beneficiary N's providers reported a diagnosis to United that mapped to HCC 83 for Angina Pectoris/Old Myocardial Infarction. However, the results of United's review of this provider's medical records did not support this diagnosis (or any other diagnosis mapping to this HCC) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 2.16, but deleting the invalid diagnosis would have decreased it to 1.941, a difference of .219. Under Part C of the Medicare Program, United was paid $1,866 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

15. United reviewed the medical records relating to Beneficiary O as part of its Chart Review Program for payment year 2013. The prior year (date of service year 2012), one of Beneficiary O's providers reported diagnoses to United that mapped to HCC 96 and RxHCC 97 for Ischemic or Unspecified Stroke and HCC 107 and RxHCC 103 for Cystic Fibrosis. However, the results of United's review of this provider's medical records did not support these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnoses that mapped to these HCCs) for this beneficiary for this year. United submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them. The beneficiary's Part C risk score was originally 4.912, but deleting the invalid diagnoses would have decreased it to 1.758, a difference of 3.154. Under Part C of the Medicare Program, United was paid $27,200 based on United's submission of the invalid diagnoses. Accordingly, Medicare has been damaged by at least that amount (and

possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

16. United reviewed the medical records relating to Beneficiary P as part of its Chart Review Program for payment year 2013. The prior year (date of service year 2012), one of Beneficiary P's providers reported a diagnosis to United that mapped to HCC 44 and RxHCC 50 for Severe Hematological Disorders. However, the results of United's review of this provider's medical records did not support this diagnosis, and no other qualified provider reported this diagnosis (or any other diagnosis that mapped to this HCC) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 2.762, but deleting the invalid diagnosis would have decreased it to .442, a difference of 2.32. Under Part C of the Medicare Program, United was paid $18,030 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

17. United reviewed the medical records relating to Beneficiary Q as part of its Chart Review Program for payment year 2013. The prior year (date of service year 2012), one of Beneficiary Q's providers reported a diagnosis to United that mapped to HCC 44 and RxHCC 50 for Severe Hematological Disorders. However, the results of United's review of this provider's medical records did not support this diagnosis, and no other qualified provider reported this diagnosis (or any other diagnosis that mapped to this HCC) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 2.594, but deleting the invalid diagnosis would have decreased it to .274, a difference of 2.32. Under Part C of the Medicare Program, United was paid $22,244 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been damaged by at

1  least that amount (and possibly more under Part D) because of United's failure to delete
2  the invalid diagnosis or otherwise return the overpayments.
3  18.     United reviewed the medical records relating to Beneficiary R as part of its Chart
4  Review Program for payment year 2013.  The prior year (date of service year 2012), one
5  of Beneficiary R's providers reported diagnoses to United that mapped to HCC 7 and
6  RxHCC 11 for Metastatic Cancer and Acute Leukemia and HCC 10 for Breast, Prostate,
7  Colorectal, and Other Cancers and Tumors.  However, the results of United's review of
8  this provider's medical records did not support these diagnoses, and no other qualified
9  provider reported these diagnoses (or any other diagnoses that mapped to these HCCs)
10 for this beneficiary for this year.  United submitted these invalid diagnoses to the
11 Medicare Advantage Program for risk adjustment payments, and knowingly and
12 improperly failed to delete them.  The beneficiary's Part C risk score was originally
13 2.733, but deleting the invalid diagnoses would have decreased it to .689, a difference of
14 2.044.  Under Part C of the Medicare Program, United was paid $17,349 based on
15 United's submission of the invalid diagnoses.  Accordingly, Medicare has been damaged
16 by at least that amount (and possibly more under Part D) because of United's failure to
17 delete the invalid diagnoses or otherwise return the overpayments.
18 19.     United reviewed the medical records relating to Beneficiary S as part of its Chart
19 Review Program for payment year 2013.  The prior year (date of service year 2012), one
20 of Beneficiary S's providers reported diagnoses to United that mapped to HCC 7 and
21 RxHCC 11 for Metastatic Cancer and Acute Leukemia and HCC 10 and RxHCC 10 for
22 Breast, Prostate, Colorectal, and Other Cancers and Tumors.  However, the results of
23 United's review of this provider's medical records did not support these diagnoses, and
24 no other qualified provider reported these diagnoses (or any other diagnosis that mapped
25 to these HCCs) for this beneficiary for this year.  United submitted these invalid
26 diagnoses to the Medicare Advantage Program for risk adjustment payments, and
27 knowingly and improperly failed to delete them.  The beneficiary's Part C risk score was
28 originally 2.563, but deleting the invalid diagnoses would have decreased it to .52, a

difference of 2.043. Under Part C of the Medicare Program, United was paid $18,961 based on United's submission of the invalid diagnoses. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

20. United reviewed the medical records relating to Beneficiary T as part of its Chart Review Program for payment year 2013. The prior year (date of service year 2012), one of Beneficiary T's providers reported diagnoses to United that mapped to HCC 7 and RxHCC 11 for Metastatic Cancer and Acute Leukemia, HCC 80 and RxHCC 87 for Congestive Heart Failure, and RxHCC 20 for Thyroid Disorders. However, the results of United's review of this provider's medical records did not support these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year. The beneficiary's Part C risk score was originally 3.217, but deleting the invalid diagnoses would have decreased it to .707, a difference of 2.51. United had submitted these invalid diagnoses to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete them. Under Part C of the Medicare Program, United was paid $22,760 based on its submission of the invalid diagnoses. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnoses or otherwise return the overpayments.

21. United reviewed the medical records relating to Beneficiary U as part of its Chart Review Program for payment year 2013. The prior year (date of service year 2012), one of Beneficiary U's providers reported a diagnosis to United that mapped to HCC 7 and RxHCC 11 for Metastatic Cancer and Acute Leukemia. However, the results of United's review of this provider's medical records did not support this diagnosis, and no other qualified provider reported this diagnosis (or any other diagnosis that mapped to this HCC) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 3.034,

Case 2:16-cv-08697-MWF-SS   Document 171-13   Filed 11/17/17   Page 13 of 15   Page ID
#:2459

1 but deleting the invalid diagnosis would have decreased it to .99, a difference of 2.044.
Under Part C of the Medicare Program, United was paid $19,008 based on United's submission of the invalid diagnosis. Accordingly, Medicare has been damaged by at least that amount (and possibly more under Part D) because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

22. United reviewed medical records relating to Beneficiary V as part of its Chart Review Program for payment year 2014. The prior year (date of service year 2013), one of beneficiary V's providers reported a diagnosis to United that mapped to HCC 7 (V12) and HCC 8 (V22) for Metastatic Cancer and Acute Leukemia. However, the results of United's review of this provider's medical records failed to validate the diagnosis, and no other qualified provider reported this diagnosis (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it. The beneficiary's Part C risk score was originally 2.63, but deleting the invalid diagnosis would have decreased it to .408, a difference of 2.222. Under Part C of the Medicare Program, United was paid $22,328 based on its submission of this invalid diagnosis mapping to these HCCs. Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

23. United reviewed the medical records relating to Beneficiary W as part of its Chart Review Program for payment year 2014. The prior year (date of service year 2013), one of Beneficiary W's providers reported a diagnosis to United that mapped to HCC 7 (V12) and HCC 8 (V22) for Metastatic Cancer and Acute Leukemia. However, the results of United's review of this provider's medical records failed to validate this diagnosis and no other qualified provider reported this diagnosis (or any other diagnosis mapping to these HCCs) for this beneficiary for this year. United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowing and improperly failed to delete it. The beneficiary's Part C risk score was

12
357
EXHIBIT 13

originally 2.816, but deleting the invalid diagnosis would have decreased it to .594, a difference of 2.222.  Under Part C of the Medicare Program, United was paid $23,166 based on its submission of this invalid diagnosis mapping to these HCCs.  Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

24.   United reviewed the medical records relating to Beneficiary X as part of its Chart Review Program for payment year 2014.  The prior year (date of service year 2013), one of Beneficiary X's providers reported a diagnosis to United that mapped to HCC 7 (V12) and HCC 8 (V22) for Metastatic Cancer and Acute Leukemia.  However, the results of United's review of this provider's medical records failed to validate this diagnosis, and no other qualified provider reported this diagnosis (or any other diagnosis that mapped to these HCCs) for this beneficiary for this year.  United submitted this invalid diagnosis to the Medicare Advantage Program for risk adjustment payments, and knowingly and improperly failed to delete it.  The beneficiary's Part C risk score was originally 2.773, but deleting the invalid diagnosis would have decreased it to .7, a difference of 2.073.  Under Part C of the Medicare Program, United was paid $20,523 based on its submission of this invalid diagnosis mapping to these HCCs.  Accordingly, Medicare has been damaged by that amount because of United's failure to delete the invalid diagnosis or otherwise return the overpayments.

25.   United reviewed the medical records relating to Beneficiary Y as part of its Chart Review Program for payment year 2014.  The prior year (date of service year 2013), one of Beneficiary Y's providers reported a diagnosis to United that mapped to HCC 7 (V12) and HCC 8 (V22) for Metastatic Cancer and Acute Leukemia and a diagnosis that mapped to HCC 104 (V12) and HCC 107 (V22) for Vascular Disease with Complications.  However, the results of United's review of this provider's medical records failed to validate these diagnoses, and no other qualified provider reported these diagnoses (or any other diagnoses that mapped to these HCCs) for this beneficiary for this year.  United submitted these invalid diagnoses to the Medicare Advantage Program

1  for risk adjustment payments, and knowingly and improperly failed to delete them.  The
2  beneficiary's Part C risk score was originally 3.289, but deleting the invalid diagnoses
3  would have decreased it to .908, a difference of 2.381.  Under Part C of the Medicare
4  Program, United was paid $21,608 based on its submission of the invalid diagnoses
5  mapping to these HCCs.  Accordingly, Medicare has been damaged by that amount
6  because of United's failure to delete the invalid diagnoses or otherwise return the
7  overpayments.