LATHAM & WATKINS LLP
   David J. Schindler (Bar No. 130490)
   *david.schindler@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
   Daniel Meron (appearing *pro hac vice*)
   *daniel.meron@lw.com*
   Kathryn H. Ruemmler (appearing *pro hac vice*)
   *kathryn.ruemmler@lw.com*
   Abid R. Qureshi (appearing *pro hac vice*)
   *abid.qureshi@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Attorneys for UnitedHealth Defendants

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BENJAMIN POEHLING,<br><br>          Plaintiff,<br><br>      v.<br><br>UNITEDHEALTH GROUP, INC. *et al.*,<br><br>          Defendants. | CASE NO. 2:16-cv-08697-MWF-SSx<br><br>**UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Having filed a notice of intervention pursuant to 31 U.S.C. § 3730(b)(4), the United States alleges in its Amended Complaint-In-Partial-Intervention and Demand for Jury Trial (the "Government's Amended Complaint" or "Amended Complaint") the allegations below.  Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., UnitedHealthcare, Inc., UnitedHealthcare Insurance Company, Ovations, Inc., Optum, Inc., OptumInsight, Inc., AmeriChoice of New Jersey, Inc., AmeriChoice of New York, Inc., Arizona Physicians IPA, Inc., Care Improvement Plus of Maryland, Inc., Care Improvement Plus of Texas Insurance Company, Care Improvement Plus South Central Insurance Company, Care Improvement Plus Wisconsin Insurance Company, Optum Insurance Co., Citrus Health Care, Inc., Health Plan of Nevada, Inc., Medica HealthCare Plans, Inc., Oxford Health Plans (CT), Inc., Oxford Health Plans (NJ), Inc., Oxford Health Plans (NY), Inc., PacifiCare Life and Health Insurance Company, PacifiCare of Arizona, Inc., PacifiCare of Colorado, Inc., PacifiCare of Nevada, Inc., Physicians Health Choice of Texas, LLC, Preferred Care Partners, Inc., Rocky Mountain Health Maintenance Organization, Incorporated, Sierra Health and Life Insurance Company, Inc., Symphonix Health Insurance, Inc., UHC of California (f.k.a. PacifiCare of California), United Health Care Ins. Co. and United New York, Unison Health Plan of Tennessee, Inc., UnitedHealthcare Benefits of Texas, Inc. (f.k.a. PacifiCare of Texas, Inc.), UnitedHealthcare Community Plan of Ohio, Inc. (f.k.a. Unison Health Plan of Ohio, Inc.), UnitedHealthcare Community Plan of Texas, L.L.C. (f.k.a. Evercare of Texas, L.L.C.), UnitedHealthcare Community Plan, Inc. (f.k.a. UnitedHealthcare of the Great Lakes Health Plan, Inc.), UnitedHealthcare Insurance Company of New York, UnitedHealthcare of Alabama, Inc., UnitedHealthcare of Arizona, Inc., UnitedHealthcare of Arkansas, Inc., UnitedHealthcare of Florida, Inc., UnitedHealthcare of Georgia, Inc., UnitedHealthcare of New England, Inc., UnitedHealthcare of New York, Inc., UnitedHealthcare of North Carolina, Inc.,

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

UnitedHealthcare of Ohio, Inc., UnitedHealthcare of Oklahoma, Inc. (f.k.a. PacifiCare of Oklahoma, Inc.), UnitedHealthcare of Oregon, Inc. (f.k.a. PacifiCare of Oregon, Inc.), UnitedHealthcare of Pennsylvania, Inc. (f.k.a. Unison Health Plan of Pennsylvania, Inc.), UnitedHealthcare of Tennessee, Inc., UnitedHealthcare of the Midlands, Inc., UnitedHealthcare of the Midwest, Inc., UnitedHealthcare of Utah, Inc., UnitedHealthcare of Washington, Inc. (f.k.a. PacifiCare of Washington, Inc.), UnitedHealthcare of Wisconsin, Inc., and UnitedHealthcare Plan of the River Valley, Inc. (collectively, "UnitedHealth") generally deny each and every allegation except those hereinafter specifically admitted.

On February 2, 2018, the Court granted in part and denied in part the UnitedHealth Defendants' motion to dismiss.  Dkt. 212.  This Order dismissed, with leave to amend, the Government's Second, Third, and Fourth Claims for Relief.  On February 26, 2018, the Government notified the Court and the parties that it had "elected not to file a Second Amended Complaint-in-Intervention in this action."  Dkt. 217 at 2.  Therefore, the only surviving claims against the UnitedHealth Defendants are the First, Fifth, and Sixth Claims for Relief.  There are many allegations that clearly relate to the dismissed claims that are now surplusage and do not require a response.  Notwithstanding that and while preserving all of its rights, UnitedHealth denies claims or allegations that do not relate to the Government's First, Fifth, and Sixth Claims for Relief.  UnitedHealth further answers the numbered paragraphs as follows:

## **INTRODUCTION**

1.      Paragraph 1 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 1 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 1 vary therefrom or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

1   with other applicable statutory or decisional law, UnitedHealth denies those
2   allegations.

3       2.       Paragraph 2 contains no allegations with respect to a particular
4   Defendant or claim, and therefore no response is required.  However, to the extent
5   Paragraph 2 purports to summarize and/or describe the provisions of the Medicare
6   program, UnitedHealth states that the Medicare statute and regulations speak for
7   themselves, and to the extent that the allegations in Paragraph 2 vary therefrom or
8   with other applicable statutory or decisional law, UnitedHealth denies those
9   allegations.

10      3.       Paragraph 3 contains no allegations with respect to a particular
11  Defendant or claim, and therefore no response is required.  However, to the extent
12  Paragraph 3 purports to summarize and/or describe the provisions of the Medicare
13  program, UnitedHealth states that the Medicare statute and regulations speak for
14  themselves, and to the extent that the allegations in Paragraph 3 vary therefrom or
15  with other applicable statutory or decisional law, UnitedHealth denies those
16  allegations.

17      4.       Paragraph 4 contains no allegations with respect to a particular
18  Defendant or claim, and therefore no response is required.  However, to the extent
19  Paragraph 4 purports to summarize and/or describe the provisions of the Medicare
20  program, UnitedHealth states that the Medicare statute and regulations speak for
21  themselves, and to the extent that the allegations in Paragraph 4 vary therefrom or
22  with other applicable statutory or decisional law, UnitedHealth denies those
23  allegations.

24      5.       Paragraph 5 contains no allegations with respect to a particular
25  Defendant or claim, and therefore no response is required.  However, to the extent
26  Paragraph 5 purports to summarize and/or describe the provisions of the Medicare
27  program, UnitedHealth states that the Medicare statute and regulations speak for
28  themselves, and to the extent that the allegations in Paragraph 5 vary therefrom or

4

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  with other applicable statutory or decisional law, UnitedHealth denies those
2  allegations.

3        6.      To the extent that Paragraph 6 contains legal conclusions, no response
4  is required.  Paragraph 6 contains no allegations with respect to a particular
5  Defendant or claim, and therefore no response is required.  However, to the extent
6  Paragraph 6 purports to summarize and/or describe the provisions of the Medicare
7  program or the Ninth Circuit's order in *United States ex rel. Swoben v.*
8  *UnitedHealthcare Ins. Co.*, 848 F.3d 1161 (9th Cir. 2016), UnitedHealth states that
9  the Medicare regulations and the order speak for themselves, and to the extent that
10 the allegations in Paragraph 6 vary therefrom or with other applicable statutory or
11 decisional law, UnitedHealth denies those allegations.

12       7.      UnitedHealth admits that for many years, UnitedHealth Group
13 Incorporated has owned Medicare Advantage ("MA") Organizations that have
14 enrolled more MA beneficiaries than any other entity, and offers Medicare
15 Advantage Plans ("MA Plans") and prescription drug plans ("PD Plans") to
16 millions of elderly and disabled Medicare beneficiaries throughout the United
17 States.  UnitedHealth also admits that in or around March 2017, approximately
18 229,000 Medicare beneficiaries in the Central District of California were enrolled
19 in MA Plans offered by UHC of California and Sierra Health and Life Insurance
20 Company, Inc.  UnitedHealth denies the remaining allegations in Paragraph 7.

21       8.      Paragraph 8 refers to the Complaint, a legal document, which speaks
22 for itself and to which no response is required.  UnitedHealth denies the remaining
23 allegations in Paragraph 8.

24       9.      UnitedHealth admits that some of the UnitedHealth Defendants
25 collectively received billions of dollars from the Medicare program each year in
26 relation to the Medicare beneficiaries enrolled in the Defendant MA
27 Organizations' Plans.  UnitedHealth admits that certain Defendants conducted
28 programs and engaged in activities designed to improve the completeness of risk

5

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

adjustment data submitted on behalf of Defendant MA Organizations.
UnitedHealth denies the remaining allegations in Paragraph 9.

10.     UnitedHealth admits that certain Defendants have conducted a Chart
Review Program since in or about 2005.  UnitedHealth admits that this program
improved the completeness of risk adjustment data submitted for Defendant MA
Organizations and that risk adjustment payments increased as a result.
UnitedHealth denies the remaining allegations in Paragraph 10.

11.     To the extent that Paragraph 11 contains legal conclusions, no
response is required.  UnitedHealth denies the remaining allegations in Paragraph
11.

12.     To the extent that Paragraph 12 contains legal conclusions, no
response is required.  UnitedHealth denies the remaining allegations in Paragraph
12.

13.     To the extent that Paragraph 13 contains legal conclusions, no
response is required.  UnitedHealth is without knowledge or information sufficient
to form a belief as to the truth or falsity of the Government's estimations.
UnitedHealth denies the remaining allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 relate to claims that have
been dismissed, they are surplusage and should be stricken.  Paragraph 14 states
legal conclusions to which no response is required.  To the extent that Paragraph
14 contains any factual allegations regarding UnitedHealth, such allegations are
denied.

15.     Paragraph 15 states legal conclusions to which no response is
required.  To the extent that Paragraph 15 contains any factual allegations
regarding UnitedHealth, such allegations are denied.

16.     UnitedHealth admits that some of the UnitedHealth Defendants paid
some of its provider groups on a capitated basis and others on a fee-for-service
basis.  UnitedHealth also admits that some of the UnitedHealth Defendants entered

6

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

into value-based agreements with some of its fee-for-service providers. UnitedHealth denies the remaining allegations in Paragraph 16.

17.    UnitedHealth admits that pursuant to some of the UnitedHealth Defendants' contractual arrangements with capitated and certain other providers, some of the UnitedHealth Defendants paid a percentage share of the payments that some of the UnitedHealth Defendants received from the Medicare Program for the beneficiaries under those providers' care.  UnitedHealth denies the remaining allegations in Paragraph 17.

18.    Paragraph 18 states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 18.

## JURISDICTION AND VENUE

19.    Paragraph 19 states legal conclusions to which no response is required.

20.    Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, UnitedHealth admits that at least one of the Defendants transacts business in the Central District of California.

21.    Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, UnitedHealth admits that at least one of the Defendants can be found in, resides in, and transacts business in this District.  UnitedHealth denies the remaining allegations in Paragraph 21.

## PARTIES

**I.    Plaintiffs**

22.    Paragraph 22 refers to the Complaint, a legal document, which speaks for itself and to which no response is required.  To the extent Paragraph 22 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 22 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
WASHINGTON, D.C.

1  UnitedHealth admits that the United States filed its notice of partial intervention in

2  this action on February 14, 2017.

3         23.     UnitedHealth admits that the *qui tam* plaintiff ("Relator"), Benjamin

4  Poehling, initiated this action by filing a complaint under the *qui tam* provisions of

5  the False Claims Act ("FCA") against UnitedHealth in March 2011.  UnitedHealth

6  admits that from 2004 through the end of 2012, Poehling was the Director of

7  Finance for UnitedHealthcare.  UnitedHealth denies the characterization of its

8  Chart Review Program as a "revenue-generating activit[y]."  UnitedHealth is

9  without knowledge or information sufficient to form a belief as to the truth or

10  falsity of the remaining allegations in Paragraph 23; therefore, such allegations are

11  denied.

12  **II.    Defendants**

13         24.     UnitedHealth admits that UnitedHealth Group Incorporated is a

14  publicly traded Delaware corporation and that it, along with some of its affiliates,

15  have offices in various locations throughout the United States, including in the

16  Central District of California.  UnitedHealth denies the remaining allegations in

17  Paragraph 24.

18         25.     UnitedHealth admits that some of its MA Organizations offer one or

19  more MA Plans and some also offer PD Plans.  UnitedHealth admits that in or

20  around 2008, UnitedHealth Group Incorporated had approximately 1.5 million

21  beneficiaries enrolled in MA Plans operated by its affiliate entities and millions of

22  beneficiaries enrolled in PD Plans operated by its affiliate entities.  UnitedHealth

23  admits that in or around 2009, UnitedHealth Group Incorporated had

24  approximately 1.8 million beneficiaries enrolled in MA operated by its affiliate

25  entities and millions of beneficiaries enrolled in PD Plans operated by its affiliate

26  entities.  UnitedHealth admits that in or around 2010, UnitedHealth Group

27  Incorporated had approximately 2.1 million beneficiaries in MA Plans operated by

28  its affiliate entities and millions of beneficiaries in PD Plans operated by its

affiliate entities.  UnitedHealth admits that in or around 2011, UnitedHealth Group Incorporated had approximately 2.2 million beneficiaries in MA Plans operated by its affiliate entities and millions of beneficiaries in PD Plans operated by its affiliate entities.  UnitedHealth admits that in or around 2012, UnitedHealth Group Incorporated had approximately 2.6 million beneficiaries in MA Plans operated by its affiliate entities and millions of beneficiaries in PD Plans operated by its affiliate entities.  UnitedHealth denies the remaining allegations in Paragraph 25.

26.     To the extent the allegations in Paragraph 26 relate to claims that have been dismissed, they are surplusage and should be stricken.  UnitedHealth admits that the following entities named as Defendants in this action have had or have previously had one or more agreements with the Government at some point since 2005 to offer MA and/or PD Plans to Medicare beneficiaries under Parts C and D of the Medicare Program, and received payments from the Government pursuant to these agreements: Citrus Health Care, Inc., which was a Florida corporation; Health Plan of Nevada, Inc., which is a Nevada corporation; Medica HealthCare Plans, Inc., which is a Florida corporation; and Physicians Health Choice of Texas, LLC, which is a Texas limited liability company doing business as Physicians Health Choice.  UnitedHealth denies the remaining allegations in Paragraph 26.

27.     UnitedHealth admits that United HealthCare Services, Inc. is a Minnesota corporation and a direct subsidiary of UnitedHealth Group Incorporated.  UnitedHealth also admits that PacifiCare Health Systems, LLC and PacifiCare Health Plan Administrators, Inc. merged into United HealthCare Services, Inc.  UnitedHealth denies the remaining allegations in Paragraph 27.

28.     UnitedHealth admits that Ovations, Inc. is a Delaware corporation and a direct subsidiary of United HealthCare Services, Inc. and an indirect subsidiary of UnitedHealth Group Incorporated.  UnitedHealth denies the remaining allegations in Paragraph 28.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

29.     UnitedHealth admits that UnitedHealthcare, Inc. is a Delaware corporation.  UnitedHealth admits that various UnitedHealthcare subsidiaries operate health benefit plans and provide healthcare benefits to Medicare beneficiaries under the MA Program.  UnitedHealth denies the remaining allegations in Paragraph 29.

30.     UnitedHealth admits that Optum, Inc. and OptumInsight, Inc. are Delaware corporations and indirect subsidiaries of UnitedHealth Group Incorporated.  UnitedHealth admits that in 2011, OptumInsight became the successor to Ingenix, Inc.  Paragraph 30 also refers to the Complaint, a legal document, which speaks for itself and to which no response is required. UnitedHealth denies the remaining allegations in Paragraph 30.

31.     Paragraph 31 states legal conclusions to which no response is required.  To the extent Paragraph 31 contains any factual allegations, such allegations are denied.

32.     Paragraph 32 states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 32.

33.     UnitedHealth admits that, starting in 2007, its risk adjustment submission process was primarily performed within Ingenix and then within Ingenix's successor, Optum.  UnitedHealth admits that Ingenix and then Optum submitted risk adjustment data to CMS' Risk Adjustment Processing System (RAPS) via IRADS.  UnitedHealth admits that Ingenix and then Optum performed operational functions for Chart Review, Claims Verification, and Risk Adjustment Coding Compliance Review ("RACCR") programs.  UnitedHealth admits that Ingenix and then Optum performed certain activities relating to risk adjustment from its office in the Central District of California and elsewhere.  UnitedHealth denies the remaining allegations in Paragraph 33.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

34.     Paragraph 34 states legal conclusions to which no response is required.  Paragraph 34 also refers to the Complaint, a legal document, which speaks for itself and to which no response is required.

35.     UnitedHealth admits that Ingenix and then Optum also performed risk adjustment-related services for third parties, who owned and operated their own MA Organizations and offered their own Plans.  UnitedHealth admits that these third parties were sometimes referred to as Optum's commercial clients. UnitedHealth admits that Ingenix and then Optum submitted risk adjustment data to the Government on behalf of certain commercial clients.  UnitedHealth admits that Ingenix and then Optum conducted Chart Review and other programs for certain commercial clients.  UnitedHealth admits that Ingenix and then Optum performed risk adjustment related work for certain commercial clients from offices in this District and elsewhere.  UnitedHealth denies the remaining allegations in Paragraph 35.

36.     UnitedHealth admits that in or around 2005 it acquired PacifiCare Health Systems, PacifiCare of Arizona, Inc., incorporated in Arizona; PacifiCare of California, incorporated in California; PacifiCare of Colorado, Inc., incorporated in Colorado; PacifiCare of Nevada, Inc., incorporated in Nevada; PacifiCare of Oklahoma, Inc., incorporated in Oklahoma; PacifiCare of Oregon, Inc., incorporated in Oregon; PacifiCare of Texas, Inc. incorporated in Texas; and PacifiCare of Washington, incorporated in Washington.  UnitedHealth also admits that at various points in time, PacifiCare plans were referred to as Secure Horizons. UnitedHealth admits that the aforementioned entities are indirect subsidiaries of UnitedHealth Group Incorporated.  UnitedHealth admits that in or around 2011, PacifiCare of California became UHC of California.  UnitedHealth denies the remaining allegations in Paragraph 36.

37.     UnitedHealth admits that PacifiCare Health Systems, LLC and PacifiCare Health Plan Administrators, Inc. merged into United HealthCare

11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Services, Inc. in or around 2005.  UnitedHealth admits that all PacifiCare MA Organizations and their successors were direct or indirect subsidiaries of UnitedHealth Group Incorporated.  Paragraph 37 also refers to the Complaint, a legal document, which speaks for itself and to which no response is required. UnitedHealth denies the remaining allegations in Paragraph 37.

38.     UnitedHealth admits that prior to its acquisition of PacifiCare, PacifiCare had an office in Cypress, California.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38; therefore, such allegations are denied. Additionally, Paragraph 38 states a legal conclusion to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 38.

39.     UnitedHealth admits that in or around 2011, it acquired a share of WellMed Medical Management, Inc.  In or around 2011, UnitedHealth also acquired entities such as Physician's Health Choice of Texas, LLC and Citrus Health Care, Inc., which operated in Texas, Florida, New Mexico, and Arkansas. UnitedHealth admits that at the time of the acquisition, Citrus Health Care, Inc. was a Florida corporation and a subsidiary of PHC Holdings of Florida, Inc. UnitedHealth denies the remaining allegations in Paragraph 39.

40.     UnitedHealth admits that for many years, WMMI had affiliates that directly managed the provision of healthcare services, including WellMed Networks, Inc., WellMed Networks Inc. of Florida, WellMed Medical Management of Florida Inc., and WellMed Medical Group, PA.  UnitedHealth admits that after the acquisition, WMMI became part of the UnitedHealth Group Incorporated group called OptumCare.  UnitedHealth admits that WellMed's integrated health care delivery system includes more than 10,000 contracted physicians who provide healthcare to hundreds of thousands of Medicare beneficiaries in Texas and Florida, including those beneficiaries enrolled in

12

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  UnitedHealth's MA Plans.  UnitedHealth denies the remaining allegations in
2  Paragraph 40.

3       41.    Paragraph 41 refers to the Complaint, a legal document, which speaks
4  for itself and to which no response is required.  To the extent Paragraph 41
5  contains any factual allegations, such allegations are denied.

6             **DEFENDANTS' EXECUTIVES AND OTHER EMPLOYEES**

7       42.    To the extent Paragraph 42 purports to describe a document or
8  documents, such documents speak for themselves and, as such, no response is
9  required.  UnitedHealth denies the remaining allegations in Paragraph 42 with the
10  exception of those specifically admitted below:

11       &bull;  Kyle Anderson was the Director of Financial Planning and Analysis at
12          UnitedHealthcare from in or around 2009 to 2015.

13       &bull;  Jason Bainbridge worked for UnitedHealthcare in or around 2012.

14       &bull;  From in or around 2011 to 2015, Paul Balthazor was the Chief
15          Financial Officer of UnitedHealthcare Community & State.

16       &bull;  Marc Beckmann worked for UnitedHealthcare Medicare &
17          Retirement.

18       &bull;  In or around 2008, Jon Bird worked for Ingenix's Risk Adjustment
19          Group, became Director of Revenue Projections in or around 2010,
20          and became the Vice President of Risk Adjustment and Quality
21          Analytics at Optum in or around 2013.

22       &bull;  Gail Boudreaux became the Executive Vice President of
23          UnitedHealthcare in or around 2008.

24       &bull;  Tracey Bradberry was an Operations Manager at Ingenix from around
25          2008 to 2012, and that since 2012, she has served as an Associate
26          Director of Operations at Optum.

27       &bull;  Patty Brennan began working at Ingenix in or around 2008 as a
28          Compliance Manager for Risk Adjustment Programs.  In or around

13

1    2009, Brennan became the Director of Retrospective Services at

2    Ingenix.  In or around 2013, Brennan became the Vice President of

3    Retrospective Services at Optum.

4    • In or around 2009, Jonathan Bunker was the President of Sierra

5    Health and Life Insurance Company, Inc. and the President of Health

6    Plan of Nevada, Inc.  In or around 2013 Bunker became the Chief

7    Executive Officer for UnitedHealthcare's Southwest Region.

8    • Barbara Carlson was a Senior Regulatory Affairs Analyst at

9    UnitedHealthcare in 2011.

10   • Shelly Cranley served as the Director of Regulatory Affairs for

11   UnitedHealthcare.

12   • Keith Dobbins has been UnitedHealthcare's Deputy General Counsel

13   since at least in or around 2014.

14   • From around 2012 to 2015, Juliet Domb was a Strategic Relationship

15   Analyst at Optum.  Domb served as an administrative assistant to

16   Larry Renfro.

17   • Jeffrey Dumcum was the Chief Financial Officer at PacifiCare, and

18   became a Director of Finance at UnitedHealth following PacifiCare's

19   acquisition.  In or around 2007, Dumcum became a Senior Vice

20   President at Ingenix (later Optum).

21   • Karen Erickson has been an Executive Vice President at Optum since

22   in or around 2011, and that she was Optum's Chief Administrative

23   Officer in or around 2011.

24   • Ronnie Grower was a Vice President of Market Consultation at

25   Ingenix from around 2008 to 2009, and a Vice President of Account

26   Management at Ingenix from around 2009 to 2010.

27   • Joseph Hafermann was the Chief Financial Officer of Secure

28   Horizons in or around 2007.

14

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  • Kimberly Halva was an attorney for UnitedHealthcare Medicare &
2    Retirement in or around 2009 and served as UnitedHealthcare
3    Medicare & Retirement's Finance and Clinical Compliance Officer
4    from in or around 2010 to 2013.
5  • In or around 2010 to 2013, Mary Hammond was an Associate
6    Director of Strategy and Support at UnitedHealthcare Medicare &
7    Retirement.
8  • In or around 2008 to 2013, Charles Hanson was a Vice President of
9    Underwriting and Finance at UnitedHealthcare Medicare &
10   Retirement.
11 • Steve Hemsley is currently the Executive Chairman of UHG's Board
12   of Directors, and that he was formerly Chief Executive Officer of
13   UHG from in or around 2006 to 2017.
14 • Pam Holt was a Manager of Network Operations at UnitedHealthcare.
15 • Scott Hughes was a Senior Project Manager at Optum beginning in or
16   around 2012.
17 • Michael (Mike) Jacobson was a Business Analyst Consultant at
18   OptumInsight.
19 • Donald James was a Director of Program Strategy at Optum from in
20   or around 2012 to 2015.
21 • Thad Johnson is the current Chief Legal Officer at UnitedHealthcare.
22 • Joseph Keen was a Vice President and Chief Compliance Audit
23   Officer for UnitedHealthcare in or around 2011.
24 • Gerald (Jerry) Knutson was the Chief Financial Officer at Ovations
25   from in or around 2003 to 2009 and the Chief Financial Officer of
26   OptumInsight from in or around 2009 to 2012.
27
28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

- John (Jack) Larsen was the Chief Executive Officer of UnitedHealthcare Medicare & Retirement and at one time was the Chief Financial Officer of UnitedHealthcare Medicare & Retirement.
- In or around 2010, Rebecca Martin became the Director of Encounter Operations at Optum.
- In or around 2013, 2014, and 2015, Jay Matushak was a Vice President of Finance for UnitedHealthcare Medicare & Retirement.
- Michael McCarthy was a Regional Vice President for Southern California for UnitedHealthcare in or around 2013.
- Bill Miller was the Chief Executive Officer of OptumInsight from in or around 2012 to 2017.
- Eric Murphy was President of Payer Solutions at Optum.
- Randall Myers worked for PacifiCare and then for Ingenix and then Optum as a Director of Encounter Operations.
- Steve Nelson has been the Chief Executive Officer of UnitedHealthcare since in or around 2017, and that from in or around 2014 to 2017, he was the Chief Executive Officer of UnitedHealthcare Medicare & Retirement.
- Jennifer O'Brien was the Chief Medicare Compliance Officer of Ovations.
- Karin O'Hara worked at UnitedHealthcare Community & State.
- David Orbuch was the Chief Compliance Officer for PSMG.
- Karen Petroff was the Senior Vice President of Business Development at Optum.
- Cynthia (Cindy) Polich was the President of UnitedHealthcare Medicare & Retirement.

16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1    • Janice Redmond was Senior Vice President of Provider Outreach at
2         Optum until in or around 2012, when she became Vice President of
3         Market Consultation for Optum's Western Region.
4    • In or around 2013, Anne Reis was an Associate Director of Revenue
5         for UnitedHealthcare Medicare & Retirement.
6    • In or around 2009 to 2011, Larry Renfro served as the Chief
7         Executive Officer of Ovations and the Chief Executive Officer of the
8         Public & Senior Markets Group.  Renfro is currently the Chief
9         Executive Officer of Optum and has been in this position since in or
10        around July 2011.  Renfro has been the Vice Chairman of UHG since
11        in or around November 2014.
12   • Sandy Rick was a Senior Regulatory Affairs Analyst at
13        UnitedHealthcare.
14   • Kara Rios was the Chief Financial Officer of AmeriChoice.
15   • Justin Roth was the Chief Financial Officer of Evercare.
16   • Daniel Schumacher was the Chief Financial Officer of
17        UnitedHealthcare.
18   • Melissa Sedor was a Director of Accounting at UnitedHealthcare.
19   • Matt Shors is UHG's Senior Deputy General Counsel.
20   • Marianne Short is UHG's Executive Vice President and Chief Legal
21        Officer.
22   • Andy Slavitt was the Chief Executive Officer for OptumInsight and
23        an Executive Vice President for Optum.
24   • Scott Theisen was the Chief Financial Officer of UnitedHealthcare
25        Medicare & Retirement from in or around 2010 to 2013.
26   • Brian Thompson has been the Chief Executive Officer of
27        UnitedHealthcare Medicare & Retirement since in or around 2017,
28        and that from in or around 2013 to 2017, he was the Chief Financial

17

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1    Officer of UnitedHealthcare Medicare & Retirement.  Brian
2    Thompson was also previously the Chief Financial Officer of
3    UnitedHealthcare Community & State.

4    • Carol Thompson was a National Manager for Risk Adjustment
5    Programs at Ingenix until in or around 2009, a Manager of ChartSync
6    operations at Ingenix from in or around 2009 to 2011, a Manager of
7    Encounter Operations at Optum from in or around 2011 to 2013 and
8    an Analyst of Encounter Operations at Optum from in or around 2013
9    to 2014.

10   • Lee Valenta was the Chief Financial Officer, the Chief Operating
11   Officer, the Chief Scientific Officer, and an Executive Vice President
12   at OptumInsight.

13   • Karen Wagor was the Manager of the National Medical Coder Team
14   and the National Coding Trainer at Ingenix and then Optum and that
15   she previously worked at PacifiCare.

16   • John Way was Chief Financial Officer of SecureHorizons.

17   • Timothy Wicks served in a senior management position at Optum.

18                        **THE MEDICARE PROGRAM**

19   **I.      The Medicare Statute**

20        43.     Paragraph 43 contains no allegations with respect to a particular
21   Defendant or claim, and therefore no response is required.  However, to the extent
22   Paragraph 43 purports to summarize and/or describe the provisions of the Medicare
23   program, UnitedHealth states that the Medicare statute speaks for itself, and to the
24   extent that the allegations in Paragraph 43 vary therefrom or with other applicable
25   statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 43
26   also states legal conclusions to which no response is required.

27        44.     Paragraph 44 contains no allegations with respect to a particular
28   Defendant or claim, and therefore no response is required.  However, to the extent

                                          18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Paragraph 44 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 44 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 44 also states legal conclusions to which no response is required.

45.     Paragraph 45 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 45 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 45 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 45 also states legal conclusions to which no response is required.

46.     Paragraph 46 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 46 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 46 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Additionally, Paragraph 46 refers to the Complaint, a legal document, which speaks for itself and to which no response is required.  Paragraph 46 also states legal conclusions to which no response is required.

47.     Paragraph 47 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 47 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 47 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 47 also states legal conclusions to which no response is required.

19

48.     Paragraph 48 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 48 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 48 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 48 refers to the Complaint, a legal document, which speaks for itself and to which no response is required.

49.     Paragraph 49 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 49 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, Medicare regulations, Medicare guidance documents, and the FCA speak for themselves, and to the extent that the allegations in Paragraph 49 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 49 also states legal conclusions to which no response is required.

50.     To the extent Paragraph 50 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 50 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 50 also states legal conclusions to which no response is required.

51.     To the extent Paragraph 51 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 51 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 51 also states legal conclusions to which no response is required.

20

52.     Paragraph 52 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 52 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 52 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 52 also states legal conclusions to which no response is required.

53.     Paragraph 53 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 53 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 53 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 53 also states legal conclusions to which no response is required.

**II.     Medicare Parts C and D Risk Adjustment Payments**

54.     Paragraph 54 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 54 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 54 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 54 also states legal conclusions to which no response is required.

55.     Paragraph 55 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 55 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 55 vary therefrom or with other applicable

statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 55 also states legal conclusions to which no response is required.

56.     Paragraph 56 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 56 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 56 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 56 also states legal conclusions to which no response is required.

57.     Paragraph 57 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 57 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, Medicare regulations, and Medicare guidance documents speak for themselves, and to the extent that the allegations in Paragraph 57 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 57 also states legal conclusions to which no response is required.

58.     Paragraph 58 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 58 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 58 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

59.     Paragraph 59 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 59 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1     extent that the allegations in Paragraph 59 vary therefrom or with other applicable

2     statutory or decisional law, UnitedHealth denies those allegations.

3            60.     Paragraph 60 contains no allegations with respect to a particular

4     Defendant or claim, and therefore no response is required.  However, to the extent

5     Paragraph 60 purports to summarize and/or describe the provisions of the Medicare

6     program, UnitedHealth states that the Medicare statute speaks for itself, and to the

7     extent that the allegations in Paragraph 60 vary therefrom or with other applicable

8     statutory or decisional law, UnitedHealth denies those allegations.

9            61.     Paragraph 61 contains no allegations with respect to a particular

10     Defendant or claim, and therefore no response is required.  However, to the extent

11     Paragraph 61 purports to summarize and/or describe the provisions of the Medicare

12     program, UnitedHealth states that the Medicare statute speaks for itself, and to the

13     extent that the allegations in Paragraph 61 vary therefrom or with other applicable

14     statutory or decisional law, UnitedHealth denies those allegations.

15            62.     Paragraph 62 contains no allegations with respect to a particular

16     Defendant or claim, and therefore no response is required.  However, to the extent

17     Paragraph 62 purports to summarize and/or describe the provisions of the Medicare

18     program, UnitedHealth states that the Medicare statute speaks for itself, and to the

19     extent that the allegations in Paragraph 62 vary therefrom or with other applicable

20     statutory or decisional law, UnitedHealth denies those allegations.

21            63.     Paragraph 63 contains no allegations with respect to a particular

22     Defendant or claim, and therefore no response is required.  However, to the extent

23     Paragraph 63 purports to summarize and/or describe the provisions of the Medicare

24     program, UnitedHealth states that the Medicare statute speaks for itself, and to the

25     extent that the allegations in Paragraph 63 vary therefrom or with other applicable

26     statutory or decisional law, UnitedHealth denies those allegations.  The final

27     sentence of Paragraph 63 describes the Complaint, a legal document, which speaks

28     for itself and to which no response is required.

23

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

64.     Paragraph 64 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 64 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 64 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 64 also states legal conclusions to which no response is required.

65.     Paragraph 65 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 65 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 65 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

## DEFENDANTS' AGREEMENTS

**I.     The Annual Parts C and D Agreements**

66.     Paragraph 66 states legal conclusions to which no response is required.  To the extent Paragraph 66 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 66 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth admits that certain entities named as Defendants in this action entered into one or more agreements with the Government since 2005 to offer MA and/or PD Plans to Medicare beneficiaries under Parts C and D of the Medicare Program.

67.     To the extent Paragraph 67 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute speaks for itself, and to the extent that the allegations in Paragraph 67 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies

24

those allegations.  Paragraph 67 also states legal conclusions to which no response is required.

68.     To the extent the allegations in Paragraph 68 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 68 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 68.  Paragraph 68 also states legal conclusions to which no response is required.

69.     To the extent Paragraph 69 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 69.

70.     To the extent Paragraph 70 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 70.

71.     To the extent the allegations in Paragraph 71 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 71 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 71.

72.     Paragraph 72 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  To the extent Paragraph 72 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 72.

## II.     The Electronic Data Interchange Agreements

73.     To the extent Paragraph 73 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in

25

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Paragraph 73 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  To the extent Paragraph 73 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Paragraph 73 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 73.

74.    To the extent Paragraph 74 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 74.

75.    To the extent Paragraph 75 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Paragraph 75 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 75.

76.    To the extent Paragraph 76 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Paragraph 76 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 76.

77.    To the extent Paragraph 77 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Paragraph 77 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 77.

78.    To the extent Paragraph 78 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Paragraph 78 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 78.

79.    To the extent Paragraph 79 purports to describe a document or documents, such documents speak for themselves and, as such, no response is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

1    required.  Paragraph 79 also states legal conclusions to which no response is

2    required.  UnitedHealth denies the remaining allegations in Paragraph 79.

3          80.    To the extent Paragraph 80 purports to describe a document or

4    documents, such documents speak for themselves and, as such, no response is

5    required.  Paragraph 80 also states legal conclusions to which no response is

6    required.  UnitedHealth denies the remaining allegations in Paragraph 80.

7          81.    To the extent Paragraph 81 purports to describe a document or

8    documents, such documents speak for themselves and, as such, no response is

9    required.  Paragraph 81 also states legal conclusions to which no response is

10   required.  UnitedHealth denies the remaining allegations in Paragraph 81.

11         82.    Paragraph 82 contains no allegations with respect to a particular

12   Defendant or claim, and therefore no response is required.  To the extent Paragraph

13   82 purports to describe a document or documents, such documents speak for

14   themselves and, as such, no response is required.  UnitedHealth denies the

15   remaining allegations in Paragraph 82.

16   **III.   The Ingenix/Optum Service Agreements**

17         83.    To the extent Paragraph 83 purports to describe a document or

18   documents, such documents speak for themselves and, as such, no response is

19   required.  UnitedHealth denies the remaining allegations in Paragraph 83.

20         84.    To the extent Paragraph 84 purports to describe a document or

21   documents, such documents speak for themselves and, as such, no response is

22   required.  UnitedHealth denies the remaining allegations in Paragraph 84.

23         85.    To the extent Paragraph 85 purports to describe a document or

24   documents, such documents speak for themselves and, as such, no response is

25   required.  UnitedHealth denies the remaining allegations in Paragraph 85.

26         86.    To the extent Paragraph 86 purports to describe a document or

27   documents, such documents speak for themselves and, as such, no response is

28   required.  UnitedHealth denies the remaining allegations in Paragraph 86.

27

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

**DEFENDANTS' DATA INTEGRITY OBLIGATIONS**

**I.    Obligation to Submit Valid Diagnoses**

87.    Paragraph 87 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 87 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance, including the Medicare Managed Care Manual and the 2008 Risk Adjustment Data Technical Assistance for Medicare Advantage Organizations Participant Guide ("2008 RA Participant Guide"), speak for themselves, and to the extent that the allegations in Paragraph 87 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 87.  Paragraph 87 also states legal conclusions to which no response is required.

88.    Paragraph 88 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 88 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 88 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 88. Paragraph 88 also states legal conclusions to which no response is required.

89.    Paragraph 89 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 89 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 89 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

those allegations.  UnitedHealth denies the remaining allegations in Paragraph 89.  Paragraph 89 also states legal conclusions to which no response is required.

90.     Paragraph 90 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 90 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 90 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 90.  Paragraph 90 also states legal conclusions to which no response is required.

91.     Paragraph 91 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 91 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 91 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 91.

92.     Paragraph 92 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 92 purports to summarize and/or describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 92.

93.     Paragraph 93 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 93 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 93 vary

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  therefrom or with other applicable statutory or decisional law, UnitedHealth denies

2  those allegations.  UnitedHealth denies the remaining allegations in Paragraph 93.

3        94.     Paragraph 94 contains no allegations with respect to a particular

4  Defendant or claim, and therefore no response is required.  However, to the extent

5  Paragraph 94 purports to summarize and/or describe the provisions of the Medicare

6  program, UnitedHealth states that the Medicare statute, regulations, and guidance

7  speak for themselves, and to the extent that the allegations in Paragraph 94 vary

8  therefrom or with other applicable statutory or decisional law, UnitedHealth denies

9  those allegations.  UnitedHealth denies the remaining allegations in Paragraph 94.

10  **II.     Obligation to Implement an Effective Compliance Program**

11        95.     Paragraph 95 contains no allegations with respect to a particular

12  Defendant or claim, and therefore no response is required.  However, to the extent

13  Paragraph 95 purports to summarize and/or describe the provisions of the Medicare

14  program, UnitedHealth states that the Medicare statute, regulations, and guidance

15  speak for themselves, and to the extent that the allegations in Paragraph 95 vary

16  therefrom or with other applicable statutory or decisional law, UnitedHealth denies

17  those allegations.  UnitedHealth denies the remaining allegations in Paragraph 95.

18        96.     Paragraph 96 contains no allegations with respect to a particular

19  Defendant or claim, and therefore no response is required.  However, to the extent

20  Paragraph 96 purports to summarize and/or describe the provisions of the Medicare

21  program, UnitedHealth states that the Medicare statute, regulations, and guidance

22  speak for themselves, and to the extent that the allegations in Paragraph 96 vary

23  therefrom or with other applicable statutory or decisional law, UnitedHealth denies

24  those allegations.  UnitedHealth denies the remaining allegations in Paragraph 96.

25        97.     Paragraph 97 contains no allegations with respect to a particular

26  Defendant or claim, and therefore no response is required.  However, to the extent

27  Paragraph 97 purports to summarize and/or describe the provisions of the Medicare

28  program, UnitedHealth states that the Medicare statute, regulations, and guidance

30

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1    speak for themselves, and to the extent that the allegations in Paragraph 97 vary

2    therefrom or with other applicable statutory or decisional law, UnitedHealth denies

3    those allegations.  UnitedHealth denies the remaining allegations in Paragraph 97.

4    **III.    Obligation to Attest to Validity of Risk Adjustment Data**

5         98.    To the extent the allegations in Paragraph 98 relate to claims that have

6    been dismissed, they are surplusage and should be stricken.  Paragraph 98 contains

7    no allegations with respect to a particular Defendant or claim, and therefore no

8    response is required.  However, to the extent Paragraph 98 purports to summarize

9    and/or describe the provisions of the Medicare program, UnitedHealth states that

10   the Medicare statute, regulations, and guidance speak for themselves, and to the

11   extent that the allegations in Paragraph 98 vary therefrom or with other applicable

12   statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 98

13   also states legal conclusions to which no response is required.

14        99.    To the extent the allegations in Paragraph 99 relate to claims that have

15   been dismissed, they are surplusage and should be stricken.  Paragraph 99 contains

16   no allegations with respect to a particular Defendant or claim, and therefore no

17   response is required.  However, to the extent Paragraph 99 purports to summarize

18   and/or describe the provisions of the Medicare program, UnitedHealth states that

19   the Medicare statute, regulations, and guidance speak for themselves, and to the

20   extent that the allegations in Paragraph 99 vary therefrom or with other applicable

21   statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 99

22   also states legal conclusions to which no response is required.  UnitedHealth denies

23   the remaining allegations in Paragraph 99.

24        100.   To the extent the allegations in Paragraph 100 relate to claims that have

25   been dismissed, they are surplusage and should be stricken.  Paragraph 100

26   contains no allegations with respect to a particular Defendant or claim, and

27   therefore no response is required.  However, to the extent Paragraph 100 purports

28   to summarize and/or describe the provisions of the Medicare program,

31

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1   UnitedHealth states that the Medicare statute, regulations, and guidance speak for
2   themselves, and to the extent that the allegations in Paragraph 100 vary therefrom
3   or with other applicable statutory or decisional law, UnitedHealth denies those
4   allegations.  Paragraph 100 also states legal conclusions to which no response is
5   required.  UnitedHealth denies the remaining allegations in Paragraph 100.

6        101.   To the extent the allegations in Paragraph 101 relate to claims that
7   have been dismissed, they are surplusage and should be stricken.  Paragraph 101
8   contains no allegations with respect to a particular Defendant or claim, and
9   therefore no response is required.  However, to the extent Paragraph 101 purports
10  to summarize and/or describe the provisions of the Medicare program,
11  UnitedHealth states that the Medicare statute, regulations, and guidance speak for
12  themselves, and to the extent that the allegations in Paragraph 101 vary therefrom
13  or with other applicable statutory or decisional law, UnitedHealth denies those
14  allegations.  Paragraph 101 also states legal conclusions to which no response is
15  required.  UnitedHealth denies the remaining allegations in Paragraph 101.

16       102.   To the extent the allegations in Paragraph 102 relate to claims that
17  have been dismissed, they are surplusage and should be stricken.  Paragraph 102
18  contains no allegations with respect to a particular Defendant or claim, and
19  therefore no response is required.  However, to the extent Paragraph 102 purports
20  to summarize and/or describe the provisions of the Medicare program,
21  UnitedHealth states that the Medicare statute, regulations, and guidance speak for
22  themselves, and to the extent that the allegations in Paragraph 102 vary therefrom
23  or with other applicable statutory or decisional law, UnitedHealth denies those
24  allegations.  Paragraph 102 also states legal conclusions to which no response is
25  required.  UnitedHealth denies the remaining allegations in Paragraph 102.

26  **IV.    Obligation to Delete Invalid Diagnoses**

27       103.   Paragraph 103 contains no allegations with respect to a particular
28  Defendant or claim, and therefore no response is required.  However, to the extent

32

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Paragraph 103 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 103 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 103 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 103.

104.   Paragraph 104 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 104 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 104 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 104 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 104.

105.   To the extent the allegations in Paragraph 105 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 105 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 105 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 105 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 105 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 105.

106.   Paragraph 106 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent

33

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Paragraph 106 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 106 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 106 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 106.

107.   Paragraph 107 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 107 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute, regulations, and guidance speak for themselves, and to the extent that the allegations in Paragraph 107 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  Paragraph 107 also states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 107.

108.   Paragraph 108 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 108 purports to summarize and/or describe a document or documents, such documents speak for themselves and, as such, no response is required. Paragraph 108 also states legal conclusions to which no response is required. UnitedHealth denies the remaining allegations in Paragraph 108.

109.   Paragraph 109 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 109 purports to summarize and/or describe a document or documents or data archive, such documents and data archive speak for themselves and, as such, no response is required.  Paragraph 109 also states legal conclusions to which no

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  response is required.  UnitedHealth denies the remaining allegations in Paragraph
2  109.

3      110.  Paragraph 110 contains no allegations with respect to a particular
4  Defendant or claim, and therefore no response is required.  However, to the extent
5  Paragraph 110 purports to summarize and/or describe the provisions of the
6  Medicare program, UnitedHealth states that the Medicare statute, regulations, and
7  guidance speak for themselves, and to the extent that the allegations in Paragraph
8  110 vary therefrom or with other applicable statutory or decisional law,
9  UnitedHealth denies those allegations.  Paragraph 110 also states legal conclusions
10 to which no response is required.  UnitedHealth denies the remaining allegations in
11 Paragraph 110.

12     111.  Paragraph 111 contains no allegations with respect to a particular
13 Defendant or claim, and therefore no response is required.  However, to the extent
14 Paragraph 111 purports to summarize and/or describe the provisions of the
15 Medicare program, UnitedHealth states that the Medicare statute, regulations, and
16 guidance speak for themselves, and to the extent that the allegations in Paragraph
17 111 vary therefrom or with other applicable statutory or decisional law,
18 UnitedHealth denies those allegations.  UnitedHealth denies the remaining
19 allegations in Paragraph 111.

20     112.  Paragraph 112 contains no allegations with respect to a particular
21 Defendant or claim, and therefore no response is required.  However, to the extent
22 Paragraph 112 purports to summarize and/or describe the provisions of the
23 Medicare program, UnitedHealth states that the Medicare statute, regulations, and
24 guidance speak for themselves, and to the extent that the allegations in Paragraph
25 112 vary therefrom or with other applicable statutory or decisional law,
26 UnitedHealth denies those allegations.  UnitedHealth denies the remaining
27 allegations in Paragraph 112.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

113.   UnitedHealth admits that Rebecca Martin knew how to make deletes in RAPS.  UnitedHealth admits that certain other employees knew the difference between "open-period" and "closed-period" deletes.  UnitedHealth denies the remaining allegations in Paragraph 113.

114.   Paragraph 114 states legal conclusions to which no response is required.  To the extent that Paragraph 114 contains any factual allegations regarding UnitedHealth, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 114.

## THE FALSE CLAIMS ACT

115.   To the extent the allegations in Paragraph 115 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 115 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 115 purports to summarize and/or describe the provisions of the FCA, UnitedHealth states that the FCA speaks for itself, and to the extent that the allegations in Paragraph 115 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 115.  Paragraph 115 also states legal conclusions to which no response is required.

116.   To the extent the allegations in Paragraph 116 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 116 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 116 purports to summarize and/or describe the provisions of the FCA or the Fraud Enforcement and Recovery Act of 2009 ("FERA"), UnitedHealth states that the FCA and FERA speak for themselves, and to the extent that the allegations in Paragraph 116 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 116.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

117.   To the extent the allegations in Paragraph 117 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 117 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 117 purports to summarize and/or describe the provisions of the FCA or FERA, UnitedHealth states that the FCA and FERA speak for themselves, and to the extent that the allegations in Paragraph 117 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 117.

118.   Paragraph 118 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 118 purports to summarize and/or describe the provisions of the FCA or FERA, UnitedHealth states that the FCA and FERA speak for themselves, and to the extent that the allegations in Paragraph 118 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations. Paragraph 118 also states legal conclusions to which no response is required. UnitedHealth denies the remaining allegations in Paragraph 118.

119.   Paragraph 119 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 119 purports to summarize and/or describe the provisions of the FCA or FERA, UnitedHealth states that the FCA and FERA speak for themselves, and to the extent that the allegations in Paragraph 119 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations. UnitedHealth denies the remaining allegations in Paragraph 119.

120.   Paragraph 120 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 120 purports to describe the provisions of the FCA, UnitedHealth states that the FCA speaks for itself, and to the extent that the allegations in Paragraph

37

120 vary therefrom or with other applicable statutory or decisional law, such as *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 120.

121.   Paragraph 121 contains no allegations with respect to a particular Defendant or claim, and therefore no response is required.  However, to the extent Paragraph 121 purports to summarize and/or describe the provisions of the FCA and the Bipartisan Budget Act of 2015, Public Law 114-74 (No. 2, 2015) ("BBA"), UnitedHealth states that the FCA and BBA speak for themselves, and to the extent that the allegations in Paragraph 121 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 121.

## THE FACTS

122.   UnitedHealth admits that since at least 2005, certain Defendants conducted a Chart Review program in which millions of medical records were reviewed.  To the extent Paragraph 122 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 122.

**I.     Defendants Knew That Many Provider-Reported Diagnoses Were Invalid And That They Were Obligated To Undertake Good Faith Efforts To Identify And Delete Them[1]**

123.   UnitedHealth admits that in connection with its acquisition of PacifiCare in 2005, UnitedHealth retained some PacifiCare employees who had experience performing work relating to risk adjustment.  UnitedHealth denies the remaining allegations in Paragraph 123.

---

[1] The headings and sub-headings throughout the Amended Complaint do not constitute well-pleaded allegations of fact and therefore require no response.

38

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

124.   UnitedHealth admits that Jeffrey Dumcum, Stephanie Will, Pam Holt, and Pam Leal were former employees of PacifiCare who worked in risk adjustment.  UnitedHealth admits that Dumcum joined UnitedHealth as Director of Finance at UnitedHealthcare; that Will joined UnitedHealth as Manager of Finance; that Holt joined UnitedHealth as Manager of Network Operations at UnitedHealthcare; and that Leal joined UnitedHealth as Director of Network Management at UnitedHealthcare.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 124 regarding Holt and Leal's positions at PacifiCare before they joined UnitedHealth; therefore, such allegations are denied. UnitedHealth denies the remaining allegations in Paragraph 124.

125.   UnitedHealth admits that from 2005 to 2007, Dumcum and Gardner worked at the PacifiCare office in Santa Ana, California, and Holt and Leal worked at the PacifiCare office in Cypress, California.  UnitedHealth admits that in March 2007, Holt and Leal transferred to an office in Santa Ana, California. UnitedHealth denies the remaining allegations in Paragraph 125.

126.   To the extent Paragraph 126 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 126; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 126.

127.   UnitedHealth admits that the Industry Collaboration Effort ("ICE") was a volunteer, multi-disciplinary team of providers, health plans, associations, state and federal agencies, and accrediting bodies working collaboratively to improve healthcare regulatory compliance through education of the public. UnitedHealth admits that ICE had a Risk Adjustment Data Acquisition & Reporting ("RADAR") team.  UnitedHealth further admits that after UnitedHealth

39

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  acquired PacifiCare, some former PacifiCare employees participated in ICE and its

2  RADAR team.  UnitedHealth admits that Leal was the President and a member of

3  the Board of Directors of ICE around or before 2007.  To the extent Paragraph 127

4  purports to describe a document or documents, such documents speak for

5  themselves and, as such, no response is required.  UnitedHealth denies the

6  remaining allegations in Paragraph 127.

7         128.   To the extent Paragraph 128 purports to describe a document or

8  documents, such documents speak for themselves and, as such, no response is

9  required.  UnitedHealth denies the remaining allegations in Paragraph 128.

10        129.   To the extent Paragraph 129 describes these documents, such

11  documents speak for themselves and, as such, no response is required.

12  UnitedHealth is without knowledge or information sufficient to form a belief as to

13  the truth or falsity of the remaining allegations in Paragraph 129; therefore, such

14  allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph

15  129.

16        130.   To the extent Paragraph 130 purports to describe a document or

17  documents, such documents speak for themselves and, as such, no response is

18  required.  UnitedHealth is without knowledge or information sufficient to form a

19  belief as to the truth or falsity of the remaining allegations in Paragraph 130;

20  therefore, such allegations are denied.  UnitedHealth denies the remaining

21  allegations in Paragraph 130.

22        131.   To the extent Paragraph 131 purports to describe a document or

23  documents, such documents speak for themselves and, as such, no response is

24  required.  UnitedHealth is without knowledge or information sufficient to form a

25  belief as to the truth or falsity of the remaining allegations in Paragraph 131;

26  therefore, such allegations are denied.

27        132.   UnitedHealth admits that the former PacifiCare employees were

28  aware that CMS could audit the diagnoses MA Organizations submitted for risk

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  adjustment payments.  UnitedHealth denies the remaining allegations in Paragraph

2  132.

3        133.   To the extent Paragraph 133 purports to describe a document or

4  documents, such documents speak for themselves and, as such, no response is

5  required.  UnitedHealth is without knowledge or information sufficient to form a

6  belief as to the truth or falsity of the remaining allegations in Paragraph 133;

7  therefore, such allegations are denied.  UnitedHealth denies the remaining

8  allegations in Paragraph 133.

9        134.   To the extent Paragraph 134 purports to describe a document or

10  documents, such documents speak for themselves and, as such, no response is

11  required.  UnitedHealth denies the remaining allegations in Paragraph 134.

12        135.   UnitedHealth admits that after UnitedHealth's acquisition of

13  PacifiCare, Jeff Dumcum gave presentations to various UnitedHealth employees

14  regarding provider coding.  To the extent Paragraph 135 purports to describe

15  documents, the documents speak for themselves and, as such, no response is

16  required.  UnitedHealth is without knowledge or information sufficient to form a

17  belief as to the truth or falsity of the remaining allegations in Paragraph 135;

18  therefore, such allegations are denied.  UnitedHealth denies the remaining

19  allegations in Paragraph 135.

20        136.   To the extent Paragraph 136 purports to describe a document or

21  documents, such documents speak for themselves and, as such, no response is

22  required.  UnitedHealth denies the remaining allegations in Paragraph 136.

23        137.   UnitedHealth admits that in or about 2007, certain risk adjustment

24  operations moved to Ingenix.  Additionally, UnitedHealth admits that Ingenix

25  served commercial clients.  To the extent Paragraph 137 purports to describe a

26  document or documents, such documents speak for themselves and, as such, no

27  response is required.  UnitedHealth denies the remaining allegations in Paragraph

28  137.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

138.   To the extent Paragraph 138 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 138.

139.   UnitedHealth admits that it implemented an internal data validation program on or about 2007 or 2008.  To the extent Paragraph 139 purports to describe a document or documents, the documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 139.

140.   To the extent Paragraph 140 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 140.

141.   UnitedHealth admits that CMS performed RADV audits. UnitedHealth admits that Ingenix and then Optum performed IDV and RACCR to review provider-reported diagnoses.  To the extent Paragraph 141 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 141.

142.   To the extent Paragraph 142 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 142.

143.   UnitedHealth admits that Ingenix implemented an internal data validation program in or around 2007 or 2008.  To the extent Paragraph 143

42

purports to describe a document or documents, the documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 143.

144.   To the extent Paragraph 144 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 144.

145.   To the extent Paragraph 145 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 145.

146.   To the extent Paragraph 146 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 146.

147.   UnitedHealth admits that Larry Renfro was the Chief Executive Officer of PSMG in or around May 2010.  To the extent Paragraph 147 contains legal conclusions, no response is required.  To the extent Paragraph 147 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  Additionally, to the extent Paragraph 147 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 147 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations. UnitedHealth denies the remaining allegations in Paragraph 147.

148.   UnitedHealth admits that Kimberly Halva was UnitedHealth Medicare & Retirement's Finance Compliance Officer from 2010 to 2013.  UnitedHealth admits that Scott Theisen was the Chief Financial Officer of UnitedHealthcare Medicare & Retirement from in or around 2010 to 2013.  To the extent Paragraph 148 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 148

43

1    contains legal conclusions, no response is required.  UnitedHealth denies the

2    remaining allegations in Paragraph 148.

3         149.   To the extent Paragraph 149 purports to describe a document or

4    documents, such documents speak for themselves and, as such, no response is

5    required.  UnitedHealth denies the remaining allegations in Paragraph 149.

6         150.   To the extent the allegations in Paragraph 150 relate to claims that

7    have been dismissed, they are surplusage and should be stricken.  To the extent

8    Paragraph 150 purports to describe a document or documents, such documents

9    speak for themselves and, as such, no response is required.  UnitedHealth admits

10   that, since in or around 2008, certain provider groups submitted attestations to

11   some of the UnitedHealth Defendants certifying that the diagnoses that they

12   reported to some of the UnitedHealth Defendants were valid and met CMS's

13   requirements.  UnitedHealth denies the remaining allegations in Paragraph 150.

14        151.   To the extent Paragraph 151 purports to describe a document or

15   documents, such documents speak for themselves and, as such, no response is

16   required.  UnitedHealth denies the remaining allegations in Paragraph 151.

17        152.   To the extent Paragraph 152 purports to describe a document or

18   documents, such documents speak for themselves and, as such, no response is

19   required.  To the extent a response is required, UnitedHealth denies the allegations

20   in Paragraph 152.

21        153.   To the extent Paragraph 153 purports to describe a document or

22   documents, such documents speak for themselves and, as such, no response is

23   required.  UnitedHealth denies the remaining allegations in Paragraph 153.

24        154.   To the extent Paragraph 154 purports to describe a document or

25   documents, such documents speak for themselves and, as such, no response is

26   required.  UnitedHealth denies the remaining allegations in Paragraph 154.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

155.   To the extent Paragraph 155 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 155.

156.   To the extent Paragraph 156 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 156.

157.   UnitedHealth admits that UnitedHealthcare Medicare & Retirement implemented the program eventually known as the RACCR program in or about 2009.  To the extent Paragraph 157 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 157 states a legal conclusion, no response is required. UnitedHealth denies the remaining allegations in Paragraph 157.

158.   UnitedHealth admits that its Claims Verification ("CV") program was implemented in phases, that Phase I of the CV Program was performed in or around 2010, and that Phase II of the CV Program was performed in or around late 2011 or early 2012.  To the extent Paragraph 158 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 158.

159.   To the extent Paragraph 159 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 159.

160.   To the extent Paragraph 160 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 160.

161.   To the extent that Paragraph 161 contains legal conclusions, no response is required.  To the extent Paragraph 161 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 161.

45

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

162.   To the extent Paragraph 162 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 162.

163.   To the extent that Paragraph 163 contains legal conclusions, no response is required.  To the extent Paragraph 163 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 163.

## II.   Chart Reviews and Claims Verification

### A.   United's "Look One Way" Chart Review Program

164.   UnitedHealth admits that as part of its Chart Review Program, coders reviewed beneficiaries' medical records.  To the extent Paragraph 164 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 164.

165.   UnitedHealth admits that some of the UnitedHealth Defendants have performed some form of Chart Review since 2005.  UnitedHealth admits that Dumcum and Will became key participants in the Chart Review Program and that Will was the Program Manager of the Chart Review Program.  UnitedHealth is without knowledge or information as to the identity of the "other former PacifiCare employees sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 165; therefore, such allegations are denied. UnitedHealth denies the remaining allegations in Paragraph 165.

166.   UnitedHealth admits that hundreds of thousands of charts were reviewed over the first few years of the Chart Review Program.  To the extent Paragraph 166 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 166.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

167.   UnitedHealth admits that UnitedHealth Group Incorporated acquired AIM Healthcare Services, Inc. in or around 2009.  UnitedHealth admits that in or about 2010, Ingenix developed ChartSync—an in-house chart review computer database system that allowed coders to review medical records electronically—and that in or about 2012 and 2011, Ingenix opened offices in the Philippines and India, respectively, where coders could review codes.  UnitedHealth denies the remaining allegations in Paragraph 167.

168.   To the extent Paragraph 168 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 168.

169.   To the extent Paragraph 169 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 169.

170.   UnitedHealth admits that Ingenix and then Optum or their vendors obtained medical records from fee-for-service providers in numerous places in the United States.  UnitedHealth admits that Ingenix and then Optum or their vendors sent some of these medical records to coders employed in Tennessee, India, and the Philippines.  UnitedHealth admits that Ingenix and then Optum hired coding vendors located in various locations within and outside of the United States to review medical records.  UnitedHealth denies the remaining allegations in Paragraph 170.

171.   UnitedHealth admits chart review was conducted by or on behalf of certain physician groups, including WellMed and Southwest Medical Associates.  UnitedHealth denies the remaining allegations in Paragraph 171.

172.   To the extent Paragraph 172 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 172.

47

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

173.   To the extent Paragraph 173 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 173.

174.   To the extent Paragraph 174 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 174.

175.   UnitedHealth admits that its Chart Review Program was conducted according to an annual cycle.  To the extent Paragraph 175 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 175.

176.   UnitedHealth admits that some of the UnitedHealth Defendants had revenue estimates for the Chart Review Program.  UnitedHealth admits that some of the UnitedHealth Defendants identified more codes supported by records through subsequent reviews.  To the extent Paragraph 176 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 176.

177.   To the extent the allegations in Paragraph 177 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 177 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 177.

**B.     United Knew It Was Obligated To Look Both Ways At The Results Of Its Chart Reviews And Make DELETES As Well As ADDS**

178.   To the extent Paragraph 178 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or

48

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

falsity of Poehling's discussions and the allegations in Paragraph 178.
UnitedHealth denies the remaining allegations in Paragraph 178.

179.   UnitedHealth denies that there were problems related to the diagnoses reported by providers paid on a fee-for-service basis.  To the extent Paragraph 179 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 179; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 179.

180.   To the extent Paragraph 180 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180; therefore, such allegations are denied.

181.   To the extent Paragraph 181 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 181.

182.   To the extent Paragraph 182 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 182.

183.   To the extent Paragraph 183 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 183.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

184.   To the extent Paragraph 184 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 184.

185.   To the extent Paragraph 185 purports to describe a document, the document speaks for itself and, as such, no response is required.  To the extent Paragraph 186 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 185.

186.   UnitedHealth admits that Paul Bihm was a Vice President of General Management at Optum in or around 2011.  To the extent Paragraph 186 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 186.

187.   To the extent Paragraph 187 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 187.

188.   UnitedHealth admits that Eric Murphy was the President of Payer Solutions at Optum in or around December 2011.  To the extent Paragraph 188 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 188.

189.   To the extent Paragraph 189 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 189.

190.   UnitedHealth admits that William Miller was the Chief Executive Officer of OptumInsight in or around September 2012.  To the extent Paragraph 190 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 190 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 190.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

191.   UnitedHealth admits that prior to 2012, coders reviewed medical records at providers' offices if the coder could not review the records electronically because the provider did not want UnitedHealth to copy the record.  UnitedHealth further admits that UnitedHealthcare Medicare & Retirement made a policy decision to stop this practice.  To the extent Paragraph 191 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 191.

192.   To the extent Paragraph 193 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 193.

193.   To the extent Paragraph 193 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 193.

194.   To the extent Paragraph 194 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 194.

195.   To the extent Paragraph 195 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195; therefore, such allegations are denied.

**C.**   **United's Short-lived "Look Both Ways" Claims Verification Program**

196.   To the extent Paragraph 196 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 196.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

197.   To the extent Paragraph 197 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 197.

198.   To the extent Paragraph 198 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 198.

199.   To the extent Paragraph 199 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 199.

200.   To the extent Paragraph 200 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 200.

201.   UnitedHealth admits that in or around 2012, UnitedHealthcare Medicare & Retirement sent letters to capitated providers.  To the extent Paragraph 201 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 201.

202.   UnitedHealth admits that UnitedHealthcare Medicare & Retirement and Optum developed and implemented CV in phases over several years. UnitedHealth admits that when there was a discrepancy between the provider-reported diagnoses and the diagnosis codes identified by the coder as part of the Chart Review Program, Optum undertook an additional review of the medical record.  UnitedHealth admits Optum did not delete diagnosis codes that were found to be adequately supported by the medical record.  To the extent Paragraph 202 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 202 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 202.

52

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

203.   UnitedHealth admits that Optum did not generally contact providers during the CV process.  UnitedHealth denies the remaining allegations in Paragraph 203.

204.   To the extent Paragraph 204 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 204 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 204.

205.   UnitedHealth denies the allegations in Paragraph 205.

206.   To the extent Paragraph 206 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 206.

207.   UnitedHealth admits that as part of Phase I, Ingenix sometimes contacted providers to determine whether or not there were additional medical records for particular beneficiaries.  To the extent Paragraph 207 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 207.

208.   UnitedHealth admits that Optum began conducting Phase II of its CV Program in approximately mid-2011 and that Phase II was completed in approximately early 2012.  To the extent Paragraph 208 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 208 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 208.

209.   UnitedHealth admits that Optum began the Phase III pilot in or about mid-2012.  UnitedHealth admits that the Phase III pilot included a review of approximately 5,000 charts relating to encounters that took place in calendar year 2011.  To the extent Paragraph 209 purports to describe a document or documents,

53

1  such documents speak for themselves and, as such, no response is required.

2  UnitedHealth denies the remaining allegations in Paragraph 209.

3        210.   To the extent Paragraph 210 purports to describe a document or

4  documents, such documents speak for themselves and, as such, no response is

5  required.  UnitedHealth denies the remaining allegations in Paragraph 210.

6        211.   UnitedHealth admits that the CV Program continued to evolve after

7  research regarding how to structure the CV Program to best meet the goals of

8  identifying diagnosis codes that were unsupported by the medical record.

9  UnitedHealth admits that, as a result of that research, UnitedHealthcare Medicare

10 & Retirement added an expert-level review to the CV process.  UnitedHealth

11 admits that UnitedHealthcare Medicare & Retirement discontinued its CV Program

12 in 2014.  UnitedHealth denies the remaining allegations in Paragraph 211.

13       212.   UnitedHealth admits that certain eligibility criteria were applied to

14 determine eligibility for inclusion in the CV Program.  To the extent Paragraph 212

15 purports to describe a document, the document speaks for itself and, as such, no

16 response is required.  To the extent Paragraph 213 states legal conclusions, no

17 response is required.  UnitedHealth denies the remaining allegations in Paragraph

18 212.

19       213.   UnitedHealth admits that, in or about 2013, UnitedHealthcare

20 Medicare & Retirement decided to add an expert-level review to the CV process.

21 To the extent Paragraph 213 purports to describe a document, the document speaks

22 for itself and, as such, no response is required. UnitedHealth denies the remaining

23 allegations in Paragraph 213.

24       214.   To the extent Paragraph 214 states legal conclusions, no response is

25 required.  UnitedHealth denies the remaining allegations in Paragraph 214.

26       215.   To the extent Paragraph 215 purports to describe a document or

27 documents, such documents speak for themselves and, as such, no response is

28 required.  UnitedHealth denies the remaining allegations in Paragraph 215.

54

216.   To the extent Paragraph 216 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 216.

217.   To the extent Paragraph 217 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 217.

218.   To the extent Paragraph 218 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 218.

219.   To the extent Paragraph 219 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 219.

220.   To the extent Paragraph 220 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 220.

221.   UnitedHealth admits that Marybeth Meyer assumed Mr. Poehling's role after he left the Company.  To the extent Paragraph 221 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 221.

222.   To the extent Paragraph 222 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 222.

223.   UnitedHealth admits that, before UnitedHealthcare Medicare & Retirement discontinued the CV Program, UnitedHealthcare Medicare & Retirement and Optum sought guidance from CMS about the retroactivity of a proposed regulation requiring MA Organizations to design all medical record reviews to validate diagnoses submitted to CMS ("Proposed Rule").  To the extent

55

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Paragraph 223 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 223.

224.   UnitedHealth admits that Larry Renfro, the Chief Executive Officer of Optum, contacted senior government employees at CMS, including the Administrator of CMS, to ask whether UnitedHealth had an obligation to perform CV before the effective date of the Proposed Rule.  To the extent Paragraph 224 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 224.

225.   UnitedHealth admits that on April 8, 2014, Renfro spoke with the CMS Administrator regarding UnitedHealth's obligation to perform CV in light of the Proposed Rule.  To the extent Paragraph 225 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 225.

226.   UnitedHealth admits that Nelson, Schumacher, Erickson, and Johnson went to Washington, D.C. on April 29, 2014 to speak with CMS employees responsible for the Medicare Advantage Program, including Cheri Rice, the Director of the Medicare Plan Payment Group at CMS.  To the extent Paragraph 226 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 226 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 226.

227.   To the extent Paragraph 227 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 227.

228.   To the extent the allegations in Paragraph 228 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent

56

1   Paragraph 228 purports to describe a document or documents, such documents
2   speak for themselves and, as such, no response is required.  UnitedHealth denies
3   the remaining allegations in Paragraph 228.

4       229.   UnitedHealth admits that the Department of Justice sent a letter to
5   UnitedHealth's counsel after Rice sent her May 2 email.  To the extent Paragraph
6   229 purports to describe a document or documents, such documents speak for
7   themselves and, as such, no response is required.  UnitedHealth denies the
8   remaining allegations in Paragraph 229.

9       230.   To the extent Paragraph 230 purports to describe a document or
10  documents, such documents speak for themselves and, as such, no response is
11  required.  UnitedHealth denies the remaining allegations in Paragraph 230.

12      231.   UnitedHealth admits that UnitedHealthcare Medicare & Retirement
13  decided to discontinue its CV Program on or about May 27, 2014.  To the extent
14  Paragraph 231 purports to describe a document or documents, such documents
15  speak for themselves and, as such, no response is required.  UnitedHealth denies
16  the remaining allegations in Paragraph 231.

17      232.   UnitedHealth denies the allegations in Paragraph 232.

18      233.   UnitedHealth admits that Optum continued performing chart review
19  for UnitedHealthcare after CV was discontinued.  To the extent Paragraph 233
20  states legal conclusions, no response is required.  UnitedHealth denies the
21  remaining allegations in Paragraph 233.

22      234.   To the extent Paragraph 234 purports to describe a document or
23  documents, such documents speak for themselves and, as such, no response is
24  required.  UnitedHealth denies the remaining allegations in Paragraph 234.

25      **D.     United Failed to Delete Diagnoses Invalidated By Its Own Chart**
26          **Review Program**

27      235.   To the extent Paragraph 235 purports to describe a document, the
28  document speaks for itself and, as such, no response is required.  To the extent

57

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1 Paragraph 235 states legal conclusions, no response is required.  UnitedHealth is

2 without knowledge or information sufficient to form a belief as to the truth or

3 falsity of the allegations in Paragraph 235; therefore, such allegations are denied.

4 UnitedHealth denies the remaining allegations in Paragraph 235.

5     236.   To the extent that Paragraph 236 contains legal conclusions, no

6 response is required.  UnitedHealth denies the remaining allegations in Paragraph

7 236.

8     237.   To the extent that Paragraph 237 contains legal conclusions, no

9 response is required.  UnitedHealth is without knowledge or information sufficient

10 to form a belief as to the truth or falsity of the allegations in Paragraph 237;

11 therefore, such allegations are denied.  UnitedHealth denies the remaining

12 allegations in Paragraph 237.

13     238.   To the extent Paragraph 238 purports to describe the Complaint, the

14 Complaint is a legal document that speaks for itself and, as such, no response is

15 required.  To the extent that Paragraph 238 contains any factual allegations

16 regarding UnitedHealth, such allegations are denied.  UnitedHealth is without

17 knowledge or information sufficient to form a belief as to the truth or falsity of the

18 allegations in Paragraph 238; therefore, such allegations are denied.  To the extent

19 that Paragraph 238 contains legal conclusions, no response is required.

20 UnitedHealth denies the remaining allegations in Paragraph 238.

21 **III.    The RACCR Program**

22     239.   UnitedHealth admits that some of the UnitedHealth Defendants

23 conducted the Chart Review and RACCR Programs.  To the extent Paragraph 239

24 states legal conclusions, no response is required.  UnitedHealth denies the

25 remaining allegations in Paragraph 239.

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1
2

**A.    Defendants Knew That Their Financially-Incentivized Providers Were Reporting Invalid Codes**

3    240.    UnitedHealth admits that some of the UnitedHealth Defendants have
4  arrangements that are value-based either in full or in part with providers, and to the
5  extent Paragraph 240 purports to describe the contracts underlying these
6  arrangements, such documents speak for themselves and, as such, no response is
7  required.  UnitedHealth denies the remaining allegations in Paragraph 240.

8    241.    UnitedHealth admits that UnitedHealthcare Medicare & Retirement
9  implemented RACCR to address and safeguard against potentially inaccurate
10 coding by provider groups whose revenue was tied to risk adjustment revenue from
11 CMS.  To the extent Paragraph 241 states legal conclusions, no response is
12 required.  UnitedHealth denies the remaining allegations in Paragraph 241.

13   242.    UnitedHealth admits Ingenix implemented an internal data validation
14 program in or about 2007 or 2008.  UnitedHealth admits that UnitedHealthcare
15 Medicare & Retirement implemented the program eventually known as RACCR
16 on or about 2009.  UnitedHealth admits that the stated goal of RACCR is to
17 address and safeguard against potentially inaccurate coding by provider groups
18 whose revenue is tied to risk adjustment revenue from CMS.  UnitedHealth denies
19 the remaining allegations in Paragraph 242.

20   243.    To the extent Paragraph 243 states legal conclusions, no response is
21 required.  UnitedHealth denies the remaining allegations in Paragraph 243.

22
23

**B.    UnitedHealthcare Structured The RACCR Program To Limit The Number Of Invalid Diagnosis Codes It Identified**

24   244.    To the extent Paragraph 244 purports to describe a document or
25 documents, such documents speak for themselves and, as such, no response is
26 required.  UnitedHealth denies the remaining allegations in Paragraph 244.

27   245.    UnitedHealth denies the allegations in Paragraph 245.

28

59

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

246.   To the extent Paragraph 246 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 246; therefore, such allegations are denied. UnitedHealth denies the remaining allegations in Paragraph 246.

247.   UnitedHealth admits that for DOS 2008, 2009, and 2010 RACCR reviews, Optum defined outliers as HCCs that provider groups coded with a prevalence frequency of greater than 300% of the Optum National Rate (sometimes referred to as the national prevalence rate).  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 247; therefore, such allegations are denied.  To the extent Paragraph 247 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 247.

248.   UnitedHealth admits that for DOS 2011 and DOS 2012 RACCR reviews, Optum defined outliers as HCCs that provider groups coded with a prevalence frequency greater than two standard deviations of the Optum National Rate, which for those DOS years was calculated based on data from all providers classified as Tier 1 provider groups.  UnitedHealth denies the remaining allegations in Paragraph 248.

249.   UnitedHealth admits that some of its capitated providers are located in the Central District of California.  UnitedHealth admits that Exhibit 14 lists capitated providers involved in RACCR reviews that are also located in the Central District of California.  UnitedHealth denies the remaining allegations in Paragraph 249.

250.   UnitedHealth admits that the sample size for 2011 and 2012 dates of service RACCR reviews was set at 50 beneficiaries per provider group per HCC selected for review.  To the extent Paragraph 250 purports to describe a document

60

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1   or documents, such documents speak for themselves and, as such, no response is

2   required.  UnitedHealth denies the remaining allegations in Paragraph 250.

3        251.   UnitedHealth admits that RACCR reviews focused on provider groups

4   where the HCCs selected for RACCR reviews did not attain a validation rate of

5   greater than 80%.  To the extent Paragraph 251 states legal conclusions, no

6   response is required.  UnitedHealth denies the remaining allegations in Paragraph

7   251.

8        252.   UnitedHealth admits that for DOS 2008 and 2009 RACCR reviews,

9   Optum increased the number of members whose charts were reviewed for HCCs

10   that did not validate at greater than 80% based on the initial sample and that it

11   called this process an "incremental sample."  UnitedHealth admits that RACCR

12   reviews focused on provider groups where the HCCs selected for RACCR reviews

13   did not attain a validation rate of greater than 80%.  To the extent Paragraph 252

14   purports to describe a document or documents, such documents speak for

15   themselves and, as such, no response is required.  To the extent Paragraph 252

16   states legal conclusions, no response is required.  UnitedHealth denies the

17   remaining allegations in Paragraph 252.

18        253.   UnitedHealth admits that for DOS 2008 through DOS 2011,

19   lookbacks focused on instances in which an HCC validated at 80% or less at the

20   provider group level during RACCR sample reviews.  To the extent Paragraph 253

21   purports to describe a document or documents, such documents speak for

22   themselves and, as such, no response is required.  UnitedHealth denies the

23   remaining allegations in Paragraph 253.

24   **C.**     **Despite Its Limited Scope, The RACCR Program Confirmed That**

25           **Financially Incentivized Providers Were Submitting Invalid**

26           **Diagnosis Codes**

27        254.   UnitedHealth denies the allegations in Paragraph 254.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

255.   To the extent Paragraph 255 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 255.

256.   To the extent Paragraph 256 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 256.

257.   To the extent Paragraph 257 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 257.

258.   To the extent Paragraph 258 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 258.

259.   To the extent Paragraph 259 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 259 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 259.

260.   To the extent Paragraph 260 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 260; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 260.

261.   To the extent Paragraph 261 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 261 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 261.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

262.   To the extent Paragraph 262 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 262.

263.   To the extent Paragraph 263 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 263.

264.   To the extent Paragraph 264 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 264.

**D.    UnitedHealthcare Knew It Was Obligated To Delete Invalid Diagnosis Codes Identified Through The RACCR Reviews**

265.   To the extent Paragraph 265 states legal conclusions, no response is required.  To the extent Paragraph 265 purports to describe a document, the document speaks for itself and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 265.

266.   UnitedHealth admits that Optum deleted diagnosis codes for DOS 2008 through DOS 2013 as a result of its RACCR reviews.  To the extent Paragraph 266 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 266 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 266.

267.   To the extent Paragraph 267 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 267 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 267.

268.   To the extent Paragraph 268 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 268.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

269.   To the extent Paragraph 269 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 269.

270.   To the extent Paragraph 270 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 270.

271.   To the extent Paragraph 271 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 271.

272.   Paragraph 272 states legal conclusions to which no response is required.  To the extent that Paragraph 272 contains any factual allegations, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 272.

273.   Paragraph 273 states legal conclusions to which no response is required.  To the extent Paragraph 273 contains any factual allegations, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 273.

## E.   Defendants Failed To Follow Their Own RACCR Protocol Requiring 100 Percent Reviews

274.   UnitedHealth admits that for DOS 2008 through DOS 2011, lookbacks focused on instances in which an HCC validated at 80% or less at the provider group level during RACCR sample reviews.  To the extent Paragraph 274 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 274.

275.   Paragraph 275 contains no allegations with respect to a particular Defendant or claim and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 275.

64

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

276.   To the extent Paragraph 276 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 276 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 276.

277.   To the extent Paragraph 277 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 277 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 277.

278.   To the extent Paragraph 278 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 278.

279.   To the extent Paragraph 279 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 279.

## F.   Even After Identifying Miscoding By Providers, Defendants Failed To Delete Invalid Codes

280.   To the extent Paragraph 280 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 280; therefore, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 280.

281.   To the extent Paragraph 281 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 281 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 281.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

G.     **UnitedHealthcare Medicare & Retirement Discontinued 100 Percent Reviews And Converted The RACCR Program Into A Revenue Generating Program**

282.   UnitedHealth admits that during the first half of 2014, UnitedHealthcare Medicare & Retirement made changes to the RACCR Program. To the extent Paragraph 282 states legal conclusions, no response is required. UnitedHealth denies the remaining allegations in Paragraph 282.

283.   UnitedHealth admits that beginning with DOS 2012, UnitedHealthcare Medicare & Retirement refocused RACCR such that it did not require providers to conduct lookback reviews.  UnitedHealth denies the remaining allegations in Paragraph 283.

284.   To the extent Paragraph 284 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 284.

285.   UnitedHealth admits that beginning with DOS 2013 RACCR reviews, UnitedHealthcare Medicare & Retirement used a different methodology to select medical records.  UnitedHealth denies the remaining allegations in Paragraph 285.

286.   To the extent Paragraph 286 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 286.

287.   Paragraph 287 states legal conclusions to which no response is required.  To the extent Paragraph 287 contains any factual allegations, such allegations are denied.  UnitedHealth denies the remaining allegations in Paragraph 287.

288.   UnitedHealth admits that during the first half of 2014, UnitedHealthcare Medicare & Retirement made changes to the RACCR Program. UnitedHealth denies the remaining allegations in Paragraph 288.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

**H.     RACCR-Related Falsehoods In UnitedHealthcare's And Optum's Attestations**

289.   To the extent the allegations in Paragraph 289 relate to claims that have been dismissed, they are surplusage and should be stricken. UnitedHealthcare admits that it has submitted Risk Adjustment Attestations to the Medicare Program.  UnitedHealth admits that Optum approved these Attestations before they were submitted.

290.   To the extent the allegations in Paragraph 290 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 290 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 290 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 290.

291.   To the extent the allegations in Paragraph 291 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 291 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 291 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 291.

292.   To the extent the allegations in Paragraph 292 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 292 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 292 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 292.

**IV.   Defendants' False Risk Adjustment Attestations**

293.   To the extent the allegations in Paragraph 293 relate to claims that have been dismissed, they are surplusage and should be stricken.  UnitedHealth

67

admits that UnitedHealthcare is required to submit a truthful Risk Adjustment Attestation to the Medicare Program.  UnitedHealthcare admits that it has submitted Risk Adjustment Attestations to the Medicare Program.  UnitedHealth admits that Optum and Ingenix employees reviewed and approved these Attestations and that Ovations and UnitedHealthcare employees reviewed and signed these Attestations.  To the extent Paragraph 293 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 293.

294.   To the extent the allegations in Paragraph 294 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 294 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 294.

295.   To the extent the allegations in Paragraph 295 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 295 states legal conclusions, no response is required.  To the extent Paragraph 295 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 295.

**A.    Defendants' Internal Attestation Approval Process**

296.   To the extent the allegations in Paragraph 296 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 296 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 296.

297.   To the extent the allegations in Paragraph 297 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 297 purports to describe a document or documents, such documents

68

speak for themselves and, as such, no response is required.  To the extent Paragraph 297 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 297 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  To the extent Paragraph 297 states legal conclusions, no response is required.

298.   To the extent the allegations in Paragraph 298 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 298 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 298.

299.   To the extent the allegations in Paragraph 299 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 299 states legal conclusions to which no response is required.  To the extent Paragraph 299 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 299.

300.   To the extent the allegations in Paragraph 300 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 300 states legal conclusions to which no response is required.  To the extent Paragraph 300 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 300.

301.   To the extent the allegations in Paragraph 301 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 301 states legal conclusions to which no response is required.  To the extent Paragraph 301 purports to describe a document or documents, such documents speak for

69

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 301.

302.   To the extent the allegations in Paragraph 302 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 302 states legal conclusions to which no response is required.  To the extent Paragraph 302 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 302.

303.   To the extent the allegations in Paragraph 303 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 303 states legal conclusions to which no response is required.  To the extent Paragraph 303 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 303.

304.   To the extent the allegations in Paragraph 304 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 304 states legal conclusions to which no response is required.  To the extent Paragraph 304 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 304.

305.   To the extent the allegations in Paragraph 305 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 305 states legal conclusions to which no response is required.  To the extent Paragraph 305 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 305.

306.   To the extent the allegations in Paragraph 306 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent

70

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

Paragraph 306 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 306.

307.   To the extent the allegations in Paragraph 307 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 307 states legal conclusions to which no response is required.  To the extent Paragraph 307 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 307.

308.   To the extent the allegations in Paragraph 308 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 308 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 308.

**B.     The False Attestations Submitted To The Government**

309.   To the extent the allegations in Paragraph 309 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 309 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 309.

310.   To the extent the allegations in Paragraph 310 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 310 states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 310.

311.   To the extent the allegations in Paragraph 311 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 311 purports to describe a document or documents, such documents

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1  speak for themselves and, as such, no response is required.  UnitedHealth denies
2  the remaining allegations in Paragraph 311.

3      312.   To the extent the allegations in Paragraph 312 relate to claims that
4  have been dismissed, they are surplusage and should be stricken.  To the extent
5  Paragraph 312 purports to describe a document or documents, such documents
6  speak for themselves and, as such, no response is required.  UnitedHealth denies
7  the remaining allegations in Paragraph 312.

8      313.   To the extent the allegations in Paragraph 313 relate to claims that
9  have been dismissed, they are surplusage and should be stricken.  To the extent
10 Paragraph 313 purports to describe a document or documents, such documents
11 speak for themselves and, as such, no response is required.  UnitedHealth denies
12 the remaining allegations in Paragraph 313.

13     314.   To the extent the allegations in Paragraph 314 relate to claims that
14 have been dismissed, they are surplusage and should be stricken.  To the extent
15 Paragraph 314 purports to describe a document or documents, such documents
16 speak for themselves and, as such, no response is required.  UnitedHealth denies
17 the remaining allegations in Paragraph 314.

18     315.   To the extent the allegations in Paragraph 315 relate to claims that
19 have been dismissed, they are surplusage and should be stricken.  To the extent
20 Paragraph 315 purports to describe a document or documents, such documents
21 speak for themselves and, as such, no response is required.  UnitedHealth denies
22 the remaining allegations in Paragraph 315.

23     316.   To the extent the allegations in Paragraph 316 relate to claims that
24 have been dismissed, they are surplusage and should be stricken.  Paragraph 316
25 states legal conclusions to which no response is required.  UnitedHealth denies the
26 remaining allegations in Paragraph 316.

27     317.   To the extent the allegations in Paragraph 317 relate to claims that
28 have been dismissed, they are surplusage and should be stricken.  To the extent

Paragraph 317 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 317.

318.   To the extent the allegations in Paragraph 318 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 318 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 318.

319.   To the extent the allegations in Paragraph 319 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 319 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 319.

320.   To the extent the allegations in Paragraph 320 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 320 states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 320.

321.   To the extent the allegations in Paragraph 321 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 321 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 321.

322.   To the extent the allegations in Paragraph 322 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 322 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 322 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 322.

73

323.   To the extent the allegations in Paragraph 323 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 323 states legal conclusions to which no response is required.  To the extent Paragraph 323 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 323.

324.   To the extent the allegations in Paragraph 324 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 324 states legal conclusions to which no response is required.  To the extent Paragraph 324 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 324.

325.   To the extent the allegations in Paragraph 325 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 325 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 325 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 325.

326.   To the extent the allegations in Paragraph 326 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 326 states legal conclusions to which no response is required.  UnitedHealth denies the remaining allegations in Paragraph 326.

327.   To the extent the allegations in Paragraph 327 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 327 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 327 states legal conclusions, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 327.

74

## V.    Diagnoses Solely Determine Risk Adjustment Payments Based On Health Status

328.   Paragraph 328 contains no allegations with respect to a particular Defendant or claim and, as such, no response is required.  To the extent Paragraph 328 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 328 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

329.   Paragraph 329 contains no allegations with respect to a particular Defendant or claim and, as such, no response is required.  To the extent Paragraph 329 states legal conclusions, no response is required.  To the extent Paragraph 329 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 329 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

330.   To the extent the allegations in Paragraph 330 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 330 contains no allegations with respect to a particular Defendant or claim and, as such, no response is required.  To the extent Paragraph 330 states legal conclusions, no response is required.  To the extent Paragraph 330 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 330 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

331.   UnitedHealth admits that UnitedHealthcare Medicare & Retirement submitted delete transactions to RAPS as a result of its RACCR and CV Programs. To the extent Paragraph 331 purports to describe a document or documents, such

75

1   documents speak for themselves and, as such, no response is required.  To the

2   extent Paragraph 331 states legal conclusions, no response is required.

3   UnitedHealth denies the remaining allegations in Paragraph 331.

4        332.   To the extent Paragraph 332 purports to describe a document or

5   documents, such documents speak for themselves and, as such, no response is

6   required.  Paragraph 332 states legal conclusions to which no response is required.

7   UnitedHealth denies the remaining allegations in Paragraph 332.

8        333.   UnitedHealth is without knowledge or information sufficient to form a

9   belief as to the truth or falsity of the allegations in Paragraph 333; therefore, such

10  allegations are denied.  To the extent Paragraph 333 states legal conclusions, no

11  response is required.  UnitedHealth denies the remaining allegations in Paragraph

12  333.

13       334.   Paragraph 334 contains no allegations with respect to a particular

14  Defendant or claim and, as such, no response is required.  To the extent Paragraph

15  334 states legal conclusions, no response is required.  To the extent Paragraph 334

16  purports to summarize and/or describe the provisions of the Medicare program,

17  UnitedHealth states that the Medicare statute and regulations speak for themselves,

18  and to the extent that the allegations in Paragraph 334 vary therefrom or with other

19  applicable statutory or decisional law, UnitedHealth denies those allegations.

20       335.   To the extent the allegations in Paragraph 335 relate to claims that

21  have been dismissed, they are surplusage and should be stricken.  Paragraph 335

22  states legal conclusions to which no response is required.  To the extent Paragraph

23  335 purports to summarize and/or describe the provisions of the Medicare

24  program, UnitedHealth states that the Medicare statute and regulations speak for

25  themselves, and to the extent that the allegations in Paragraph 335 vary therefrom

26  or with other applicable statutory or decisional law, UnitedHealth denies those

27  allegations.  UnitedHealth denies the remaining allegations in Paragraph 335.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

336.   To the extent the allegations in Paragraph 336 relate to claims that have been dismissed, they are surplusage and should be stricken.  Paragraph 336 states legal conclusions to which no response is required.  To the extent Paragraph 336 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 336 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.  UnitedHealth denies the remaining allegations in Paragraph 336.

337.   To the extent the allegations in Paragraph 337 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 337 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  To the extent Paragraph 337 purports to summarize and/or describe the provisions of the Medicare program, UnitedHealth states that the Medicare statute and regulations speak for themselves, and to the extent that the allegations in Paragraph 337 vary therefrom or with other applicable statutory or decisional law, UnitedHealth denies those allegations.

338.   To the extent the allegations in Paragraph 338 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 338 states legal conclusions, no response is required.  To the extent Paragraph 338 purports to describe a document or documents, such documents speak for themselves and, as such, no response is required.  UnitedHealth denies the remaining allegations in Paragraph 338.

339.   To the extent the allegations in Paragraph 339 relate to claims that have been dismissed, they are surplusage and should be stricken.  To the extent Paragraph 339 states legal conclusions, no response is required.  To the extent Paragraph 339 purports to describe a document or documents, such documents

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1   speak for themselves and, as such, no response is required.  UnitedHealth denies
2   the remaining allegations in Paragraph 339.

3       340.   To the extent the allegations in Paragraph 340 relate to claims that
4   have been dismissed, they are surplusage and should be stricken.  To the extent
5   Paragraph 340 states legal conclusions, no response is required.  To the extent
6   Paragraph 340 purports to describe a document or documents, such documents
7   speak for themselves and, as such, no response is required.  UnitedHealth denies
8   the remaining allegations in Paragraph 340.

9                   **FIRST CLAIM FOR RELIEF**

10              **False Claims Act: Reverse False Claims**

11       **31 U.S.C. § 3729(a)(1)(G) (formerly 31 U.S.C. § 3729(a)(7))**

12       341.   UnitedHealth incorporates its responses to each and every allegation
13   set forth above as if fully stated herein.

14       342.   Paragraph 342 states legal conclusions to which no response is
15   required.   To the extent Paragraph 342 contains any factual allegations, such
16   allegations are denied.

17       343.   Paragraph 343 states legal conclusions to which no response is
18   required.  To the extent Paragraph 343 contains any factual allegations, such
19   allegations are denied.

20                  **SECOND CLAIM FOR RELIEF**

21   **False Claims Act: Presentation of False or Fraudulent Claims**

22       **31 U.S.C. § 3729(a)(1)(A) (formerly 31 U.S.C. § 3729(a)(1))**

23       344.   The Second Claim for Relief has been dismissed, and therefore no
24   response is required.

25       345.   The Second Claim for Relief has been dismissed, and therefore no
26   response is required.

27       346.   The Second Claim for Relief has been dismissed, and therefore no
28   response is required.

78

347.    The Second Claim for Relief has been dismissed, and therefore no response is required.

## **THIRD CLAIM FOR RELIEF**

**False Claims Act: Making or Using False Records or Statements**

**31 U.S.C. § 3729(a)(1)(B) (formerly 31 U.S.C. § 3729(a)(2))**

348.    The Third Claim for Relief has been dismissed, and therefore no response is required.

349.    The Third Claim for Relief has been dismissed, and therefore no response is required.

350.    The Third Claim for Relief has been dismissed, and therefore no response is required.

351.    The Third Claim for Relief has been dismissed, and therefore response is required.

## **FOURTH CLAIM FOR RELIEF**

**False Claims Act: Reverse False Claims**

**31 U.S.C. § 3729(a)(1)(G) (formerly 31 U.S.C. § 3729(a)(7))**

352.    The Fourth Claim for Relief has been dismissed, and therefore no response is required.

353.    The Fourth Claim for Relief has been dismissed, and therefore no response is required.

354.    The Fourth Claim for Relief has been dismissed, and therefore no response is required.

355.    The Fourth Claim for Relief has been dismissed, and therefore no response is required.

## **FIFTH CLAIM FOR RELIEF**

### **Unjust Enrichment**

356.    UnitedHealth incorporates its responses to each and every allegation set forth above as if fully stated herein.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

357.    Paragraph 357 states legal conclusions to which no response is required.  To the extent Paragraph 357 contains any factual allegations, such allegations are denied.

358.    Paragraph 358 states legal conclusions to which no response is required.  To the extent Paragraph 358 contains any factual allegations, such allegations are denied.

## SIXTH CLAIM FOR RELIEF

### Payment by Mistake

359.    UnitedHealth incorporates its responses to each and every allegation set forth above as if fully stated herein.

360.    Paragraph 360 states legal conclusions to which no response is required.  To the extent Paragraph 360 contains any factual allegations, such allegations are denied.

361.    Paragraph 361 states legal conclusions to which no response is required.  To the extent Paragraph 361 contains any factual allegations, such allegations are denied.

## PRAYER

**WHEREFORE**, the United States requests that judgment be entered in its favor and against Defendants as follows:

362.    Paragraph 362 contains a prayer for relief to which no response is required.  To the extent a response is required, UnitedHealth denies any remaining allegations in the Amended Complaint and denies that the United States is entitled to any relief whatsoever against UnitedHealth.

363.    Paragraph 363 contains a prayer for relief to which no response is required.  To the extent a response is required, UnitedHealth denies any remaining allegations in the Amended Complaint and denies that the United States is entitled to any relief whatsoever against UnitedHealth.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

364.    Paragraph 364 contains a prayer for relief to which no response is required.  To the extent a response is required, UnitedHealth denies any remaining allegations in the Amended Complaint and denies that the United States is entitled to any relief whatsoever against UnitedHealth.

## GENERAL DENIAL

UnitedHealth denies each and every allegation in the United States' Complaint-In-Partial-Intervention that has not been admitted or responded to specifically.  To the extent any allegations of fact remain unanswered, they are denied by UnitedHealth.  UnitedHealth further denies that the United States entitled to any of the relief sought in the Prayer for Relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

UnitedHealth pleads the following affirmative defenses and reserves the right to assert additional affirmative defenses to the extent that such defenses become known as a result of discovery or otherwise:

1.    The United States' claims are barred, in whole or in part, by the statute of limitations.

2.    The United States' claims are barred, in whole or in part, by the doctrine of estoppel.

3.    The United States knew and approved of the particulars of UnitedHealth's claims for payment before such claims were presented but after UnitedHealth had alerted the United States to UnitedHealth's understanding of applicable Medicare Program requirements.

4.    The conduct of the United States negates the materiality of any alleged misrepresentations by Defendants and thus, the United States and Relators cannot recover under the Amended Complaint against Defendants.

5.    UnitedHealth is not vicariously liable for the acts alleged in the Complaint.

81

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

6.      UnitedHealth is not liable to the extent that the United States failed to take adequate measures to mitigate damages.

7.      The United States ratified, or otherwise consented to, the transactions and occurrences that are the subject of this action.

8.      The United States' claims are barred, in whole or in part, by the doctrines of course of performance, course of dealing, and usage of trade. UnitedHealth's submissions to the United States during contract negotiations and modifications and its compliance efforts were consistent with its course of performance, its course of dealing, and usage of trade.

9.      The United States' claims are barred, in whole or in part, by the existence of an express contract.

10.     The United States' claims are barred, in whole or in part, because of its assumption of risk.

11.     The United States' claims are barred, in whole or in part, because any recovery would result in unjust enrichment.

12.     Every equitable claim is barred by the doctrine of unclean hands.

13.     The United States' claims are barred because UnitedHealth made no express or implied false certification.

14.     The United States at all times relevant to the Amended Complaint knew of the conduct allegedly engaged in by UnitedHealth and thus, the United States and Relators cannot recover under the Amended Complaint.

15.     The services and products reimbursed by the United States under Medicare were worth what the government paid.

16.     The United States' claims based on alleged conduct by UnitedHealth are barred, in whole or in part, by the fact that the United States has suffered no actual injury.  The United States' claims based on alleged conduct by UnitedHealth are barred, in whole or in part, because of the prior public disclosures of the core allegations upon which the Amended Complaint's "false claims" allegations

82

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

purport to be based and/or because Relators are not an "original source" of the information, as defined in the statutes therein, such that they are not entitled to pursue this action or be awarded any recovery, nor the does the Court have jurisdiction.

17.     The United States' causes of action and allegations in the Complaint are vague, ambiguous and uncertain.

18.     The United States' claims against one or more Defendants are misjoined with the United States' claims against other Defendants and must be severed.

19.     Damages and claims for which the United States seeks relief in the Complaint, if any, were caused by the acts, errors or omissions or other fault of third parties and/or contributed to and/or other fault of third parties, for whose conduct UnitedHealth was not responsible.

20.     The United States' alleged damages are speculative, uncertain, or contingent and are not recoverable.

21.     To the extent any damages are awarded against UnitedHealth, they must be reduced pursuant to 31 U.S.C. § 3729(a)(2).

22.     UnitedHealth reserves the right to add additional defenses as discovery progresses.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

# **COUNTERCLAIM**

Defendants AmeriChoice of New Jersey, Inc., AmeriChoice of New York, Inc., Arizona Physicians IPA, Inc., Care Improvement Plus of Maryland, Inc., Care Improvement Plus of Texas Insurance Company, Care Improvement Plus South Central Insurance Company, Care Improvement Plus Wisconsin Insurance Company, Optum Insurance Co., Citrus Health Care, Inc., Health Plan of Nevada, Inc., Medica HealthCare Plans, Inc., Oxford Health Plans (CT), Inc., Oxford Health Plans (NJ), Inc., Oxford Health Plans (NY), Inc., PacifiCare Life and Health Insurance Company, PacifiCare of Arizona, Inc., PacifiCare of Colorado, Inc., PacifiCare of Nevada, Inc., Physicians Health Choice of Texas, LLC, Preferred Care Partners, Inc., Rocky Mountain Health Maintenance Organization, Incorporated, Sierra Health and Life Insurance Company, Inc., Symphonix Health Insurance, Inc., United HealthCare of California, Inc., UHC of California (f.k.a. PacifiCare of California), United Health Care Ins. Co. and United New York, Unison Health Plan of Tennessee, Inc., UnitedHealthcare Benefits of Texas, Inc. (f.k.a. PacifiCare of Texas, Inc.), UnitedHealthcare Community Plan of Ohio, Inc. (f.k.a. Unison Health Plan of Ohio, Inc.), UnitedHealthcare Community Plan of Texas, L.L.C. (f.k.a. Evercare of Texas, L.L.C.), UnitedHealthcare Community Plan, Inc. (f.k.a. UnitedHealthcare of the Great Lakes Health Plan, Inc.), UnitedHealthcare Insurance Company, UnitedHealthcare Insurance Company of New York, UnitedHealthcare of Alabama, Inc., UnitedHealthcare of Arizona, Inc., UnitedHealthcare of Arkansas, Inc., UnitedHealthcare of Florida, Inc., UnitedHealthcare of Georgia, Inc., UnitedHealthcare of New England, Inc., UnitedHealthcare of New York, Inc., UnitedHealthcare of North Carolina, Inc., UnitedHealthcare of Ohio, Inc., UnitedHealthcare of Oklahoma, Inc. (f.k.a. PacifiCare of Oklahoma, Inc.), UnitedHealthcare of Oregon, Inc. (f.k.a. PacifiCare of Oregon, Inc.), UnitedHealthcare of Pennsylvania, Inc. (f.k.a. Unison Health Plan of Pennsylvania, Inc.), UnitedHealthcare of Tennessee, Inc., UnitedHealthcare of

84

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

the Midlands, Inc., UnitedHealthcare of the Midwest, Inc., UnitedHealthcare of
Utah, Inc., UnitedHealthcare of Washington, Inc. (f.k.a. PacifiCare of Washington,
Inc.), UnitedHealthcare of Wisconsin, Inc., and UnitedHealthcare Plan of the River
Valley, Inc. (collectively, "UnitedHealth MA Plans")[2] state, allege, and request the
following in the character of a counterclaim against Plaintiff the United States of
America ("United States" or "Government"):

1.     The responses and affirmative defenses contained in the Answer to the
United States' Amended Complaint-in-Partial-Intervention described above are
incorporated by reference in this Counterclaim as if fully set forth herein.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over these Counterclaims
pursuant to 28 U.S.C. §§ 1331 and 1367, as well as Federal Rule of Civil
Procedure 13.  To the extent jurisdiction and venue are proper under the
Complaint, jurisdiction and venue are also proper under the Counterclaims, which
arise out of the same transactions and occurrences alleged in the Complaint.

## PARTIES

3.     Plaintiff and Counter-Defendant United States of America has sued
UnitedHealth on behalf of the United States Department of Health and Human
Services ("HHS").

4.     The following Defendant and Counter-Plaintiff Medicare Advantage
("MA") Organizations entered into one or more agreements with the Government
during the relevant time period to offer MA Plans and/or Medicare Part D Plans to
Medicare beneficiaries under Parts C and D of the Medicare Program, presented
claims to the Government for risk adjustment payments under Parts C and D of the
Medicare Program, and received risk adjustment payments from the Government.

---

[2] Should the Government substitute additional MA Plans as parties in this action in
the place of erroneously named entities in its Amended Complaint, such additional
MA Plans would constitute Counter-Plaintiffs as well.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

a.     Defendant and Counter-Plaintiff AmeriChoice of New Jersey, Inc., a New Jersey corporation.

b.     Defendant and Counter-Plaintiff AmeriChoice of New York, Inc., a New York corporation.

c.     Defendant and Counter-Plaintiff Arizona Physicians IPA, Inc., an Arizona corporation.

d.     Defendant and Counter-Plaintiff Care Improvement Plus of Maryland, Inc., a Maryland corporation.

e.     Defendant and Counter-Plaintiff Care Improvement Plus of Texas Insurance Company, a Texas corporation insurance company.

f.     Defendant and Counter-Plaintiff Care Improvement Plus South Central Insurance Company, an Arkansas corporation insurance company.

g.     Defendant and Counter-Plaintiff Care Improvement Plus Wisconsin Insurance Company, a Wisconsin corporation insurance company.

h.     Defendant and Counter-Plaintiff Citrus Health Care, Inc., a Florida corporation.

i.     Defendant and Counter-Plaintiff Health Plan of Nevada, Inc., a Nevada corporation.

j.     Defendant and Counter-Plaintiff Medica HealthCare Plans, Inc., a Florida corporation.

k.     Defendant and Counter-Plaintiff Oxford Health Plans (CT), Inc., a Connecticut corporation.

l.     Defendant and Counter-Plaintiff Oxford Health Plans (NJ), Inc., a New Jersey corporation.

m.     Defendant and Counter-Plaintiff Oxford Health Plans (NY), Inc., a New York corporation.

n.     Defendant and Counter-Plaintiff PacifiCare Life and Health Insurance Company, an Indiana corporation insurance company.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1        o.     Defendant and Counter-Plaintiff PacifiCare of Arizona, Inc., an

2  Arizona corporation.

3        p.     Defendant and Counter-Plaintiff PacifiCare of Colorado, Inc., a

4  Colorado corporation.

5        q.     Defendant and Counter-Plaintiff PacifiCare of Nevada, Inc., a Nevada

6  corporation.

7        r.     Defendant and Counter-Plaintiff Physicians Health Choice of Texas,

8  LLC, a Texas limited liability company.

9        s.     Defendant and Counter-Plaintiff Preferred Care Partners, Inc., a

10  Florida corporation.

11        t.     Defendant and Counter-Plaintiff Sierra Health and Life Insurance

12  Company, Inc., a Nevada corporation.

13        u.     Defendant and Counter-Plaintiff Symphonix Health Insurance, Inc.,

14  an Illinois corporation insurance company.

15        v.     Defendant and Counter-Plaintiff United HealthCare of California,

16  Inc., a California corporation.

17        w.     Defendant and Counter-Plaintiff UHC of California, a California

18  corporation.

19        x.     Defendant and Counter-Plaintiff Unison Health Plan of Tennessee,

20  Inc., a Tennessee corporation.

21        y.     Defendant and Counter-Plaintiff UnitedHealthcare Benefits of Texas,

22  Inc., a Texas corporation.

23        z.     Defendant and Counter-Plaintiff UnitedHealthcare Community Plan

24  of Ohio, Inc., an Ohio corporation.

25        aa.     Defendant and Counter-Plaintiff UnitedHealthcare Community Plan

26  of Texas, L.L.C., a Texas limited liability company.

27        bb.     Defendant and Counter-Plaintiff UnitedHealthcare Community Plan,

28  Inc., a Michigan corporation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

cc.     Defendant and Counter-Plaintiff UnitedHealthcare Insurance
Company, a Connecticut corporation insurance company.

dd.     Defendant and Counter-Plaintiff UnitedHealthcare Insurance
Company of New York, a New York corporation insurance company.

ee.     Defendant and Counter-Plaintiff UnitedHealthcare of Alabama, Inc.,
an Alabama corporation.

ff.     Defendant and Counter-Plaintiff UnitedHealthcare of Arizona, Inc., an
Arizona corporation.

gg.     Defendant and Counter-Plaintiff UnitedHealthcare of Arkansas, Inc.,
an Arkansas corporation.

hh.     Defendant and Counter-Plaintiff UnitedHealthcare of Florida, Inc., a
Florida corporation.

ii.     Defendant and Counter-Plaintiff UnitedHealthcare of Georgia, Inc., a
Georgia corporation.

jj.     Defendant and Counter-Plaintiff UnitedHealthcare of New England,
Inc., a Rhode Island corporation.

kk.     Defendant and Counter-Plaintiff UnitedHealthcare of New York, Inc.,
a New York corporation.

ll.     Defendant and Counter-Plaintiff UnitedHealthcare of North Carolina,
Inc., a North Carolina corporation.

mm.   Defendant and Counter-Plaintiff UnitedHealthcare of Ohio, Inc., an
Ohio corporation.

nn.     Defendant and Counter-Plaintiff UnitedHealthcare of Oklahoma, Inc.,
an Oklahoma corporation.

oo.     Defendant and Counter-Plaintiff UnitedHealthcare of Oregon, Inc., an
Oregon corporation.

pp.     Defendant and Counter-Plaintiff UnitedHealthcare of Pennsylvania,
Inc., a Pennsylvania corporation.

88

1         qq.    Defendant and Counter-Plaintiff UnitedHealthcare of Tennessee, Inc.,

2    a Tennessee corporation.

3         rr.    Defendant and Counter-Plaintiff UnitedHealthcare of the Midlands,

4    Inc., a Nebraska corporation.

5         ss.    Defendant and Counter-Plaintiff UnitedHealthcare of the Midwest,

6    Inc., a Missouri corporation.

7         tt.    Defendant and Counter-Plaintiff UnitedHealthcare of Utah, Inc., a

8    Utah corporation.

9         uu.    Defendant and Counter-Plaintiff UnitedHealthcare of Washington,

10   Inc., a Washington corporation.

11        vv.    Defendant and Counter-Plaintiff UnitedHealthcare of Wisconsin, Inc.,

12   a Wisconsin corporation.

13        ww.   Defendant and Counter-Plaintiff UnitedHealthcare Plan of the River

14   Valley, Inc., an Illinois corporation.

15                       **FACTUAL ALLEGATIONS**

16   **I.    Medicare Advantage Contracts**

17        **A.    Medicare Advantage and CMS's "Risk Adjustment" Model**

18        5.    The Medicare Act establishes a federal health insurance program for

19   disabled and elderly individuals.  Traditional Medicare beneficiaries are often

20   referred to as fee-for-service ("FFS") beneficiaries because they receive healthcare

21   from a network of healthcare providers, including doctors and hospitals, whom the

22   federal government—through the Centers for Medicare and Medicaid Services

23   ("CMS")—reimburses based on the claims those providers submit for the services

24   they provide.

25        6.    Congress created the Medicare Advantage program to allow

26   individuals eligible for traditional Medicare instead to receive healthcare benefits

27   through private insurance plans like the UnitedHealth MA Plans.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

7.     As with other types of health insurance, it costs more on average to insure individuals who are projected to be sicker during the coverage period than it does to insure individuals who are projected to be healthier during that same period.  Therefore, CMS adjusts the amount it pays to Medicare Advantage organizations to reflect the projected health status of the MA plan's enrollees.

8.     CMS designed and implemented a "risk adjustment" model to determine how much to pay an MA plan in a given year.  The model is designed to predict how much it will cost an MA plan to care for the group of senior citizens who are enrolled in that MA plan, based on an analysis of CMS's costs to care for people with the same health conditions in traditional Medicare.  The model relies on medical diagnosis codes, which are numerical codes that correspond to illnesses or medical conditions diagnosed by medical professionals.  CMS uses the diagnosis codes it receives from the physicians and other medical professionals who treat traditional Medicare beneficiaries on a FFS basis to determine how much it costs CMS to provide care for beneficiaries with a particular medical condition.  CMS then uses that data to predict how much it will cost an MA plan to insure an individual with the same diagnosis code.  CMS assumes that MA plans will see a similar relationship between diagnosis codes and medical costs for the patients enrolled in MA plans, and so it uses the analysis of its own FFS program codes and costs to adjust MA plans' payment amounts as well.

9.     CMS has long known that a substantial number of the diagnosis codes in its own FFS claims data reflect conditions that are not sufficiently documented in patients' corresponding medical charts.  CMS thus has known that if it tried to verify each reported diagnosis code by looking at the underlying medical records, it would not always find specific entries in the medical charts that reflect the specific diagnosis reported to CMS.  It has recognized, however, that attempting to verify all the diagnosis codes would be operationally difficult and, indeed, so

90

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1  expensive as to be cost prohibitive.  Instead, CMS includes supported and

2  unsupported diagnosis codes alike in its calculations.

3      10.    Using both supported and unsupported diagnosis codes to determine

4  the average costs associated with medical conditions, rather than using just

5  supported diagnosis codes, has the effect of lowering the average costs associated

6  with the conditions.  That reflects, among other things, the fact that patients who

7  do not have a given condition (and whose diagnosis codes for that condition would

8  therefore be unsupported) generally do not require the same level of healthcare

9  services as patients who actually suffer from it.  And because CMS does not

10  distinguish between its supported and unsupported codes, the lower costs that CMS

11  incurs for a FFS patient *without* a given condition (and whose diagnosis code for

12  that condition is therefore unsupported) results on average in a lower payment to

13  an MA plan for a patient who *does* have that condition (and a supported diagnosis

14  code to go with it).  This means that the payments CMS makes to MA plans are

15  lower than they would be if CMS used only supported diagnosis codes in

16  calculating its own average costs for a given condition.

17      11.    Accordingly, by using unverified FFS codes to determine payment

18  amounts, CMS already has reduced its per-code payment *in a way that accounts*

19  *for the presence of unsupported diagnosis codes in claims data*.  If CMS also

20  required MA plans to delete all codes that are not supported in provider-submitted

21  codes, such that they received payments only for supported codes even as CMS

22  continued calculating payment amounts using both its supported and unsupported

23  FFS codes, CMS would receive a windfall and the MA plans would be improperly

24  underpaid.

25  **B.    Medical Chart Reviews**

26      12.    In the MA program, physicians and other healthcare providers submit

27  diagnosis codes to the MA organizations, who in turn submit them to CMS.

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

13.     MA organizations are not required or expected to double-check all diagnosis codes they receive from providers in claims submissions.  Doing so would be logistically difficult, if not impossible, for the same reasons CMS chose not to double-check its FFS codes when determining how much to adjust its payments for specific diagnosis codes.  CMS both expects and accepts that some portion of data submitted by MA organizations—like CMS's own FFS data— would not be supported in the medical chart if one were to compare codes submitted in claims to underlying medical records.

14.     MA organizations are permitted to perform their own reviews of certain medical charts if they choose to do so—and often do.  Specialists in coding diagnoses (known as "coders") review the medical charts and determine what codes are supported by the charts.  MA organizations then submit those additional diagnosis codes to CMS to demonstrate that the particular patients may require more care in the successive period.

15.     CMS never has issued any rules or regulations addressing the scope of MA organizations' reviews of medical charts.  For example, there is no rule or regulation requiring that MA plans perform a so-called "two-way look," in which their coders would not only affirmatively identify codes that should be submitted but also validate the diagnosis codes *already* submitted by physicians and other medical professionals.

16.     Instead, CMS fully expects that MA organizations' chart reviews will result in a net increase in the number of diagnosis codes that MA plans submit for risk adjustment purposes.  In fact, *because* CMS anticipates that MA organizations' chart reviews will lead MA plans to identify more codes than they would if they relied just on submissions by doctors and other health professionals (as CMS does in the traditional Medicare program), CMS makes an across-the-board reduction in its payments to MA plans.  In 2018, for example, this reduction—known as the "Coding Intensity Adjustment" because it adjusts for MA

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

1   plans' tendency to record diagnosis codes with more "intensity" than FFS

2   providers—will reduce MA plans' payments by 5.91 percent.  CMS has studied the

3   issue and expressly found that the Coding Intensity Adjustment fully accounts for

4   the difference in coding practices between the MA and traditional Medicare

5   programs.

6          **C.    Contract and Bid Process**

7          17.    MA plans enter into annual contracts with CMS in which they agree

8   to provide insurance benefits to patients for the coming year in exchange for

9   payment from CMS.

10          18.    The payment provision of these contracts provides that the MA plans

11   will develop an annual benefit and price bid proposal and submit that information

12   to CMS.

13          19.    An MA plan's bid must reflect the MA organization's estimate of the

14   payment it will require to provide the benefits covered by Medicare Parts A and B

15   to a Medicare enrollee "with a national average risk profile."  This payment

16   estimate must include "all estimated revenue required by the plan, including

17   administrative costs and return on investment."

18          20.    To make these estimates, an MA plan must be able to calculate

19   anticipated revenues and expenses, including the cost of providing care to the

20   beneficiaries enrolled in the MA plan.  In doing so, MA plans take into account

21   CMS's calculations about the relative amount it will cost to care for patients with

22   individual conditions, as well as "actuarial" assumptions, which are projections

23   about the number of beneficiaries with particular conditions that will enroll in the

24   plan during the year.

25          21.    In deciding whether to accept an MA plan's bid, CMS is required by

26   law to determine whether the bid "reasonably and equitably reflects the plan's

27   estimated revenue requirements for providing the benefits under the plan."  If the

28   bid does *not*, CMS cannot accept it.

93

22.     If CMS accepts the bid (after determining that it is reasonable and equitable), CMS then agrees to pay the MA organization under the contract in accordance with the MA organization's bid and based on the submitted risk adjustment data and other amounts published by CMS.

**D.     CMS Told United and the Industry that MA Plans Are Not Required to Perform Chart Reviews that Include Efforts to Validate Previously Submitted Diagnosis Codes (Two-Way Looks)**

23.     As noted above, none of the thousands of rules and regulations issued by CMS requires MA plans to conduct chart reviews that "look both ways" or otherwise make their diagnosis data conform to a higher standard of accuracy than CMS itself utilizes with respect to its FFS data.

24.     In fact, CMS told UnitedHealth that just the opposite is true.

25.     For example, in 2014 CMS considered and then affirmatively decided *not* to finalize a proposed rule that would have prohibited MA organizations from performing reviews that only looked for additional diagnosis codes (known as "one-way" reviews).

26.     In addition, UnitedHealth repeatedly made clear that it was not performing two-way reviews and sought specific guidance on the issue from CMS. CMS consistently confirmed that two-way reviews were not, and are not, required.

27.     For example, in 2009, UnitedHealth explained to government auditors that its chart review program did not seek to verify diagnosis codes received from medical providers through the review of medical records.  The government auditors never stated or even suggested that UnitedHealth was violating any rule or CMS contract by failing to verify the diagnosis codes UnitedHealth had received from providers, and the resulting audit did not find that UnitedHealth was out of compliance with any rule, regulation or contractual requirement.

28.     Moreover, starting in 2011, the UnitedHealth MA Plans informed CMS each year in their bids that they made no effort to validate the diagnosis

94

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

codes they used in the bids by reviewing medical records: "As part of the preparation of the bids, we did not attempt to validate any actual or projected risk scores through a review of applicable medical records. . . ."

29.     CMS did not advise a single UnitedHealth MA Plan that its failure to validate provider-submitted codes was inappropriate or that validation of risk scores based on a review of the medical records was required; rather, CMS accepted these bids and paid the UnitedHealth MA Plans for the services provided.

30.     In fact, during conversations between UnitedHealth and CMS over the course of the spring and early summer of 2014, CMS confirmed multiple times that "two-way" looks were not required.

31.     Specifically, CMS told UnitedHealth that unless and until a proposed rule governing the review of medical records became final, MA plans did not, and do not, have an affirmative obligation to confirm whether diagnosis codes submitted by physicians are supported in the medical records.

32.     The UnitedHealth MA Plans memorialized this understanding, including in subsequent bids and risk adjustment data attestations they provided to CMS under the contracts.

## II.     The UnitedHealth MA Plans Submitted Bids and Performed Contracts In Reliance on the Government's Representations and Conduct

33.     During the relevant period, the UnitedHealth MA Plans based their bids on the understanding that they did not need to perform chart reviews to identify unsupported codes from physicians, just as CMS does not look for unsupported codes when calculating its average costs in the FFS program.

34.     The lack of an obligation to perform chart reviews to identify unsupported codes was an assumption underlying the UnitedHealth MA Plans' bids.  The UnitedHealth MA Plans took this lack of an obligation into account in estimating the amounts they would need to bid in order to meet their revenue requirements.  CMS accepted these bids knowing that it had not imposed an

95

1  obligation to perform such reviews and that the assumptions on which the

2  UnitedHealth MA Plans' bids rested—which CMS was required by law to review

3  and, if appropriate, approve—did not include the performance of such two-way

4  looks.

5  **III.    The Department of Justice Files Suit Against UnitedHealth**

6  35.    *Qui tam* relator Benjamin Poehling filed this False Claims Act

7  ("FCA") case in 2011.  The Department of Justice ("DOJ") investigated Poehling's

8  allegations for more than 6 years, during which time the case remained under seal.

9  36.    DOJ formally intervened in the case and filed a Complaint-In-Partial-

10  Intervention on May 16, 2017.  DOJ filed an Amended Complaint on November

11  17, 2017.

12  37.    In its Amended Complaint, DOJ makes assertions directly contrary to

13  the guidance and instructions from CMS regarding the UnitedHealth MA Plans'

14  obligations to review medical records.

15  38.    Despite knowing that CMS considered, and then rejected, a rule that

16  would have required MA plans conducting any review of medical records to

17  validate diagnosis codes previously submitted by providers, DOJ now claims that

18  the UnitedHealth MA Plans "were obligated to 'look both ways' at the results of

19  their chart reviews and delete unsupported provider-diagnoses."  Moreover, despite

20  knowing that CMS told the UnitedHealth MA Plans that they had no obligation to

21  look for unsupported diagnosis codes during the course of any chart review, DOJ

22  now claims that the UnitedHealth MA Plans had a legal obligation to do so.

23  **CAUSES OF ACTION**

24  **Count 1: Breach of Contract**

25  39.    The UnitedHealth MA Plans repeat and re-allege the allegations

26  contained in Paragraphs 1 to 38 above as though they are fully set forth herein.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

40.     During all time periods relevant for the Government's Amended Complaint, CMS and certain UnitedHealth MA Plans had in place contracts relating to the UnitedHealth MA Plans' participation in Medicare Part C.

41.     The UnitedHealth MA Plans performed their obligations under their contracts.

42.     As part of the contract formation process, the UnitedHealth MA Plans were required to submit bid proposals.  CMS approved and accepted those bid proposals, and agreed to pay the UnitedHealth MA plans based on their approved bids.

43.     The bids CMS approved and accepted were premised on the understanding, and in some instances specified, that the UnitedHealth MA Plans were not performing medical chart reviews to identify unsupported codes (i.e. "two-way looks").

44.     DOJ's Amended Complaint claims that the UnitedHealth MA Plans were required to perform two-way looks, despite the fact that CMS previously advised the UnitedHealth MA Plans that two-way looks were unnecessary and not required.  DOJ now seeks, after the fact, to alter fundamental assumptions built into the UnitedHealth MA Plans' bids and, thus, their contracts with CMS.

45.     The instant lawsuit improperly seeks to deprive the UnitedHealth MA Plans of compensation they earned in exchange for providing insurance coverage to millions of MA plan beneficiaries, on the ground that the UnitedHealth MA Plans did not perform two-way looks or otherwise validate provider-submitted codes.   Depriving the UnitedHealth MA Plans of compensation on that ground constitutes a breach of the terms of the contracts between the UnitedHealth MA Plans and CMS.  In addition, DOJ effectively seeks to withhold payment for services already provided by the UnitedHealth MA Plans.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

46.     As a result of such breach, the UnitedHealth MA Plans have suffered damages and are entitled to recover for these damages in an amount to be determined at trial.

### Count 2: Breach of Covenant of Good Faith and Fair Dealing

47.     The UnitedHealth MA Plans repeat and re-allege the allegations contained in Paragraphs 1 to 46 above as though they are fully set forth herein.

48.     During all time periods relevant for the Government's Amended Complaint, CMS and certain of the UnitedHealth MA Plans had in place legally enforceable contracts relating to the UnitedHealth MA Plans' participation in Medicare Part C.  Every contract imposes a duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

49.     The UnitedHealth MA Plans performed their obligations under their contracts.

50.     In suing the UnitedHealth MA Plans for not performing two-way looks and other measures to review and delete codes, the Government breached the duty of good faith and fair dealing by demanding that the UnitedHealth MA Plans perform functions not required by the contracts or else face significant liability.

51.     The Government further breached the covenant of good faith and fair dealing by continuing to accept benefits from the UnitedHealth MA Plans based on the parties' contracts, while simultaneously pursuing treble-damages recovery for payments it made pursuant to those contracts, in a manner designed to secure the benefits of its contracts with the UnitedHealth MA Plans without paying for those benefits.

52.     As a result of any such breach of the covenant of good faith and fair dealing, the UnitedHealth MA Plans have suffered damages and are entitled to recover for these damages in an amount to be determined at trial.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

# Count 3: Fraudulent Inducement

53.     The UnitedHealth MA Plans repeat and re-allege the allegations contained in Paragraphs 1 to 52 above as though they are fully set forth herein.

54.     CMS made representations to the UnitedHealth MA Plans regarding the terms of the UnitedHealth MA Plans' contracts, both in the context of express contract negotiations and otherwise.

55.     CMS expressly represented that the UnitedHealth MA Plans were not required to conduct two-way looks to verify and delete diagnosis codes.

56.     CMS's past assertions on that point were legally correct. Nevertheless, DOJ now asserts that two-way looks *were* required.  If DOJ's assertion is accurate—and the UnitedHealth MA Plans were required to conduct two-way looks when conducting chart reviews—then CMS's prior representations to the UnitedHealth MA Plans were false and lulled the UnitedHealth MA Plans into continuing to enter into contracts with CMS under false pretenses.  Indeed, while the UnitedHealth MA Plans continue to believe that two-way looks were not, and are not, required during the course of chart reviews, if CMS knew, or was reckless in not knowing, that the UnitedHealth MA Plans were required to conduct two-way looks, then it deliberately deceived the UnitedHealth MA Plans.

57.     CMS knew, and intended, that the UnitedHealth MA Plans would rely on CMS's representations and omissions regarding two-way looks.

58.     The UnitedHealth MA Plans justifiably relied on CMS's representations and omissions in preparing their bids and entering into their contracts.

59.     If the Government's current assertions are correct, and the UnitedHealth MA Plans were required to perform two-way looks, then CMS's prior representations and omissions fraudulently induced the UnitedHealth MA Plans to enter into their contracts with CMS.

99

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

UNITEDHEALTH'S ANSWER TO UNITED STATES'
AMENDED COMPLAINT-IN-PARTIAL-
INTERVENTION AND COUNTERCLAIM

60.     As a result of CMS's fraudulent statements and omissions, the UnitedHealth MA Plans have suffered damages and are entitled to recover for these damages in an amount to be determined at trial.

### Count 4: Negligent Misrepresentation

61.     The UnitedHealth MA Plans repeat and re-allege the allegations contained in Paragraphs 1 to 60 above as though they are fully set forth herein.

62.     CMS expressly represented to the UnitedHealth MA Plans on certain occasions that the UnitedHealth MA Plans would not be required under the contracts to conduct two-way looks or take other steps to verify and delete codes that CMS itself does not take.

63.     CMS's past assertions on that point were legally correct. Nevertheless, DOJ now asserts that two-way looks *were* required.  The UnitedHealth MA Plans therefore assert, in the alternative, that if two-way looks were required, then CMS's prior representations were false and negligent, and the UnitedHealth MA Plans were ignorant of the two-way look requirement.

64.     CMS intended that the UnitedHealth MA Plans would rely on CMS's representations that the UnitedHealth MA Plans would not be required under the contracts to conduct two-way looks.

65.     The UnitedHealth MA Plans justifiably relied on CMS's representations in preparing their bids and entering into their contracts.

66.     If the Government's current assertions are correct, and the UnitedHealth MA Plans were required to perform two-way looks, then CMS negligently misrepresented the UnitedHealth MA Plans' medical record review obligations.

67.     As a result of CMS's negligent misrepresentations, the UnitedHealth MA Plans have suffered damages and are entitled to recover for these damages in an amount to be determined at trial.

100

UNITEDHEALTH'S ANSWER TO UNITED STATES' AMENDED COMPLAINT-IN-PARTIAL-INTERVENTION AND COUNTERCLAIM

**Count 5: Promissory Estoppel**

68.     The UnitedHealth MA Plans repeat and re-allege the allegations contained in Paragraphs 1 to 67 above as though they are fully set forth herein.

69.     CMS clearly and unambiguously promised the UnitedHealth MA Plans that the UnitedHealth MA Plans would not be required to conduct two-way looks in their chart reviews.

70.     The UnitedHealth MA Plans foreseeably and reasonably relied on CMS's representations in preparing their bids, which would have been higher if CMS had not promised that two-way looks would not be required.

71.     As a result of CMS's promises, the UnitedHealth MA Plans have suffered damages and are entitled to recover for these damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the UnitedHealth MA Plans request that the Amended Complaint be dismissed with prejudice and that the relief sought in same be denied.  The UnitedHealth MA Plans further request that the counterclaims be granted and that the Court grant the relief sought in each of the counterclaims, costs, and disbursements of this litigation including attorney's fees, and such other and further relief in favor of the UnitedHealth MA Plans as this Court deems just and proper.

Dated: March 23, 2018                    Respectfully submitted,

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
DANIEL MERON
KATHRYN H. RUEMMLER
ABID R. QURESHI

By /s/ David J. Schindler
    David J. Schindler
    Attorneys for UnitedHealth Defendants

101