1  LATHAM & WATKINS LLP
     David J. Schindler (Bar No. 130490)
2     david.schindler@lw.com
   355 South Grand Avenue, Suite 100
3  Los Angeles, California 90071-1560
   Telephone: +1.213.485.1234
4  Facsimile: +1.213.891.8763

5  LATHAM & WATKINS LLP
     Daniel Meron (appearing *pro hac vice*)
6     daniel.meron@lw.com
     Kathryn H. Ruemmler (appearing *pro hac*
7  *vice*)
     kathryn.ruemmler@lw.com
8    Abid R. Qureshi (appearing *pro hac vice*)
     abid.qureshi@lw.com
9  555 Eleventh Street, NW, Suite 1000
   Washington, DC 20004-1304
10 Telephone: +1.202.637.2200
   Facsimile: +1.202.637.2201
11
   Attorneys for United Defendants
12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  UNITED STATES OF AMERICA *ex rel.* BENJAMIN POEHLING, | CASE NO. 2:16-cv-08697-MWF(SSx) |
| 17 | **STATEMENT OF RECENT DECISION** |
| 18         Plaintiff, | |
| 19      v. | |
| 20  UNITEDHEALTH GROUP, INC. *et al.*, | Date: September 17, 2018<br>Time: 10:00 a.m.<br>Courtroom: 5A<br>Judge: Hon. Michael W. Fitzgerald |
| 21         Defendants. | |

UnitedHealth Group Incorporated and the other Defendants in this suit (collectively "United") respectfully submit this Statement of Recent Decision to alert the Court to the decision issued today in *UnitedHealthcare Insurance Co. v. Azar*, No. 1:16-cv-00157 (D.D.C. Sept. 7, 2018), attached hereto as Exhibit 1.

As this Court is aware, that case concerns the validity of an administrative rule adopted by the Centers for Medicare and Medicaid Services in 2014 that purported to establish that a Medicare Advantage plan is overpaid every time it receives payment on the basis of a diagnosis code that is not adequately supported by a medical chart. In today's decision, the United States District Court for the District of Columbia "concludes that the 2014 Final Rule violates the statutory mandate of 'actuarial equivalence' and constitutes a departure from prior policy that the government fails adequately to explain." Ex. 1 at 2. The Court therefore "grant[s] summary judgment to the Medicare Advantage insurers and vacate[s] the Rule." *Id.*

The *Azar* decision is relevant to arguments addressed in several motions currently pending in this case, including but not limited to the arguments addressed at:

- Pages 15-18 and 22-24 of Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment, ECF No. 234-1;

- Pages 20-29, 33-36, and 49 of United's Opposition to Plaintiffs' Motion for Partial Summary Judgment, ECF No. 250;

- Pages 11-20, 22-23, and 25-43 of United States' and Relator Poehling's Reply Memorandum of Points and Authorities In Support of Joint Motion for Partial Summary Judgment, ECF No. 272;

- Pages 7-11 of Plaintiffs' Memorandum of Points and Authorities in Support of Joint Motion Pursuant to Rule 16(b)(3) for Issuance of Scheduling Order Modifying Extent of Discovery, ECF No. 261-1;

- Pages 9-11 of United's Opposition to Plaintiffs' Joint Motion Pursuant to Rule 16(b)(3) for Issuance of Scheduling Order Modifying Extent Of Discovery, ECF No. 274; and

- Pages 3 and 7-15 of Plaintiffs' Reply Memorandum in Support of Motion Pursuant to Rule 16(b)(3) for Scheduling Order Modifying Discovery, ECF No. 278.

United anticipates that it will address the implications of *Azar* for this case in future motions practice, and thus does not present argument on those implications here. If the Court would like additional briefing about *Azar* in connection with the currently pending motions, however, United would be happy to provide such briefing.

Dated: September 7, 2018

LATHAM & WATKINS LLP
DAVID J. SCHINDLER
DANIEL MERON
KATHRYN H. RUEMMLER
ABID R. QURESHI


By /s/ David J. Schindler
  David J. Schindler
  Attorneys for United Defendants