1  LATHAM & WATKINS LLP
       David J. Schindler (Bar No. 130490)
2        *david.schindler@lw.com*
   355 South Grand Avenue, Suite 100
3  Los Angeles, California 90071-1560
   Telephone: +1.213.485.1234
4  Facsimile: +1.213.891.8763

5  LATHAM & WATKINS LLP
       Daniel Meron (appearing *pro hac vice*)
6        *daniel.meron@lw.com*
       Abid R. Qureshi (appearing *pro hac vice*)
7        *abid.qureshi@lw.com*
   555 Eleventh Street, NW, Suite 1000
8  Washington, DC 20004-1304
   Telephone: +1.202.637.2200
9  Facsimile: +1.202.637.2201

10 Attorneys for United Defendants

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14

15 UNITED STATES OF AMERICA *ex*          CASE NO. 2:16-cv-08697-FMO (SSx)
   *rel*. BENJAMIN POEHLING,

16              Plaintiff,                **UNITED'S NOTICE OF MOTION
                                          AND MOTION TO APPOINT
17       v.                               RETIRED MAGISTRATE JUDGE
                                          SUZANNE H. SEGAL AS SPECIAL
18 UNITEDHEALTH GROUP, INC. *et al.*,     MASTER; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
19              Defendants.               SUPPORT THEREOF**

20                                        *(**[Proposed] Order lodged concurrently
                                          herewith**)*
21

22                                        Date: May 21, 2020
                                          Time: 10:00 a.m.
23                                        Courtroom: 6D
                                          Judge: Hon. Fernando M. Olguin
24
                                          Discovery Cutoff: December 4, 2020
25                                        Pretrial Conference: September 10, 2021
                                          Trial Date: September 28, 2021
26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 21, 2020, or as soon thereafter as the matter may be heard before the Honorable Fernando M. Olguin, United will and hereby does move for the appointment of the Honorable Suzanne H. Segal, United States Magistrate Judge in the Central District of California (Ret.) ("Magistrate Judge Segal (Ret.)"), as a Special Master in this case, pursuant to Federal Rule of Civil Procedure 53.

This Motion is brought pursuant to Rule 53 of the Federal Rules of Civil Procedure, and is made on the ground that the parties continue to disagree over a multitude of discovery matters and issues, which threaten both to impede the timely progress of this case and burden this Court's busy docket.  Magistrate Judge Segal (Ret.) presided over discovery in this case from November 2016 until her recent retirement.  Over the course of more than three years, she invested substantial time to master the complex issues underlying this litigation and ruled upon myriad discovery issues prior to her retirement.  Magistrate Judge Segal (Ret.) remains available to oversee discovery in this litigation as a private and independent Special Master.  In order to avoid the steep learning curve required for any new Magistrate Judge to familiarize him/herself with this complex, multi-year litigation, United respectfully submits that the appointment of Magistrate Judge Segal (Ret.) as a Special Master will ensure timely resolution of the parties' continuing discovery disagreements and allow the case to keep moving forward at an appropriate pace.

This motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and upon all other arguments and evidence that may be presented to this Court.

This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place by telephone on March 19, 2020.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1

2 Dated:  April 20, 2020                    LATHAM & WATKINS LLP
                                            DAVID J. SCHINDLER
3                                           DANIEL MERON
                                            ABID R. QURESHI
4

5                                           By /s/ David J. Schindler

6                                              David J. Schindler
                                               Attorneys for United Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2   UNITED'S NOTICE OF MOT. AND MOT. TO
    APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
    Case No. 2:16-cv-08697-FMO(SSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     BACKGROUND ............................................................................................ 2

III.    ARGUMENT ................................................................................................. 9

      A.      The Court Should Appoint Magistrate Judge Segal (Ret.)
             as a Special Master to Oversee Discovery Disputes in
             This Case ............................................................................................. 9

      B.      Payment Should be Split Evenly Amongst the Parties ...................... 12

IV.    CONCLUSION ............................................................................................ 14

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

i   UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aird v. Ford Motor Co.*,
    86 F.3d 216 (D.C. Cir. 1996) .......................................................................... 9, 12

*United States of America ex rel. Benjamin Poehling et al v.*
    *UnitedHealth Group, Inc.*,
    No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Feb. 17, 2020) ................. 1, 7, 10, 11

*City of Almaty v. Khrapunov*,
    No. CV143650FMOFFMX, 2018 WL 9920031
    (C.D. Cal. June 11, 2018) ............................................................................ 10, 12

*Cordoza v. Pacific States Steel Corp.*,
    320 F.3d 989 (9th Cir. 2003) ................................................................................ 9

*Perez v. Sw. Fuel Mgmt., Inc.*,
    No. CV164547FMOAGRX, 2017 WL 10574066
    (C.D. Cal. Feb. 13, 2017) .............................................................................. 9, 12

*Peterson v. Islamic Republic of Iran*,
    No. 10-CV-4518 (KBF), 2018 WL 4691221
    (S.D.N.Y. July 10, 2018) ................................................................................... 12

*United States v. Suquamish Indian Tribe*,
    901 F.2d 772 (9th Cir. 1990) ................................................................................ 9

*UnitedHealthcare Ins. Co. v. Azar*,
    330 F. Supp. 3d 173 (D. D.C. 2018),
    *appeal filed* (D.C. Nov. 14, 2018) ........................................................................ 3

## RULES

Fed. R. Civ. P.
    53 ..................................................................................................... 9, 12, 14
    53(a)(1)(C) ............................................................................................ 9, 12
    53(b)(1) ............................................................................................... 10, 11
    53(g)(3) ....................................................................................................... 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The underlying litigation is a highly complex False Claims Act ("FCA") dispute that has been actively litigated for more than three years, including hundreds of pages of discovery disputes resolved by the Honorable Suzanne H. Segal, United States Magistrate Judge in the Central District (Ret.) ("Magistrate Judge Segal (Ret.)"), who presided over discovery matters in this case from November 22, 2016 until her recent retirement.  As this Court is aware, the matter was transferred to this Court after Judge Michael W. Fitzgerald recused himself. This Court has not yet assigned a new Magistrate Judge or Special Master to preside over any discovery disputes that may arise in this case.[1]  However, a number of issues have arisen between the parties that will require court intervention.  Rather than burden a new Magistrate Judge or a new Special Master with having to become familiar with the multi-year record of discovery, United respectfully submits that it would be far more efficient for all parties to continue to allow Magistrate Judge Segal (Ret.) to preside over discovery disputes.  Put simply, she knows the case and the parties and has successfully resolved numerous

---

[1] On February 17, 2020, non-party government contractor A. Reddix & Associates, Inc. ("ARDX") filed a motion to quash a subpoena issued by this Court in this case more than seventeen months ago.  *See* Mot. to Quash or Alternatively for Protective Order to Shift Costs, *United States of America ex rel. Benjamin Poehling et al v. UnitedHealth Group, Inc.*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Feb. 17, 2020) (ECF 1).  ARDX filed the Motion to Quash in the Eastern District of Virginia, the district of compliance.  *Id.*  On April 6, 2020, Magistrate Judge Krask of the Eastern District of Virginia granted United's Motion to Transfer to the Central District of California, the issuing court.  *See Poehling*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Apr. 6, 2020) (ECF 24).  The transferred action was initially assigned to District Judge Birotte and Magistrate Judge Rozella A. Oliver.  *See Poehling*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Apr. 8, 2020) (ECF 27). As the presiding judge over the underlying litigation, the matter has now been reassigned to this Court.  *See Poehling*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Apr. 15, 2020) (ECF 35).  Although Magistrate Judge Oliver remains the discovery judge in this related matter, United has reached a resolution with ARDX and does not anticipate the need for any further court intervention. United anticipates that the related case will be dismissed shortly

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

1

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1    issues during the more than three years that she presided over the case, virtually

2    always via telephonic hearings.  Despite her recent retirement, Magistrate Judge

3    Segal (Ret.) remains available to continue presiding over discovery disputes in this

4    action as a private and independent Special Master.

5        United has conferred with the government, and although the government

6    acknowledges that allowing Magistrate Judge Segal (Ret.) to continue to preside

7    over the case would be a more efficient use of judicial resources, the government

8    opposes the motion because it claims it currently does not have the budget to pay

9    any of the costs associated with a Special Master.  The government clearly has the

10   ability to secure funding to pay for its share of a Special Master.  Indeed, this Court

11   has ordered the government to pay 50% of the costs associated with a Special

12   Master in the past, and should do so again here for the reasons detailed below.  *See*

13   *United States v. HVI CAT Canyon, Inc.*, No. CV 11-5097 FMO (SSx) (Feb. 14,

14   2017), Order Re: Appointment of Special Master at 3 (ECF 247).

15   **II.     BACKGROUND**

16       On November 17, 2017, the government filed a 166-page, 364-paragraph

17   Amended Complaint-In-Intervention, alleging violations of the FCA and two

18   common law claims, Payment By Mistake and Unjust Enrichment, and seeking

19   substantial damages and other remedies.  On February 12, 2018, Judge Fitzgerald

20   dismissed the government's three affirmative FCA counts, leaving only a reverse

21   FCA count and the two common law claims.

22       As Judge Fitzgerald recognized at the hearing on United's Motion to

23   Dismiss, judicial oversight of this case requires not only a deep understanding of

24   the "complicated factual situation" evident from the sheer breadth of the pleadings,

25   but also a detailed understanding of the "complicated regulatory regime"

26   underlying the Medicare Advantage system.  *See* Tr. Jan. 29, 2018 Hr'g (3:21-22).

27   As Judge Fitzgerald further acknowledged, the parties "could have no better person

28   than [Magistrate Judge Segal (Ret.)] to sort out the practicalities of how

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2    UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

[discovery] should happen" given these complexities, Tr. Apr. 8, 2019 Hr'g (12:17-22), and the parties have benefited immensely from her careful and considered guidance during her three-year tenure.  *See e.g.,* Mem. Decision & Order Denying United States' *Ex Parte* App. for Temp. Stay of Mot. to Compel Discovery Pending Issuance of Rulings at 2–8 (ECF 304) (reciting "background facts" Magistrate Judge Segal (Ret.) found necessary to rule on discovery motion). For example, as part of her efforts to master the complicated payment model and regulatory regime underlying the Medicare Advantage system, Magistrate Judge Segal (Ret.) has digested the voluminous record in a related administrative proceeding in Washington, D.C.  *See, e.g.,* Mem. Decision & Order Granting UnitedHealth Group, Inc.'s Mot. to Compel United States to Produce Documents at nn.4, 7 (ECF 324) (citing *UnitedHealthcare Ins. Co. v. Azar,* 330 F. Supp. 3d 173, 178 (D. D.C. 2018), *appeal filed* (D.C. Nov. 14, 2018), (No. 18-5326) (internal citation omitted).  As a result, Magistrate Judge Segal (Ret.) already understands that "[b]y law, CMS must pay Medicare Advantage insurers in a manner that ensures 'actuarial equivalence' between payments for healthcare under Medicare and Medicare Advantage plans"—a concept that, despite being central to United's defense in this case, no sitting judge in the Central District would have any other reason to understand.  *Id.* at n.4 (citing *UnitedHealthcare Ins. Co. v. Azar,* 330 F. Supp. 3d 173, 178 (D. D.C. 2018), *appeal filed* (D.C. Nov. 14, 2018), (No. 18-5326) (internal citation omitted)).

In accordance with the breadth and complexity of the case, discovery in this case has likewise been extensive, complicated and contentious.  Since United served its first document requests on the government in August 2017, the parties have propounded a combined 278 document requests, resulting in the production of approximately 2.4 million documents from more than 300 custodians.  In addition, the government has propounded 554 requests for admission, 13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1   interrogatories, and 11 third party subpoenas, and United has propounded 220
2   requests for admission, 1 interrogatory, and 7 third party subpoenas.

3        As the Court knows, fact discovery in this case is set to close on December
4   4, 2020, and expert discovery is set to close on April 5, 2021. *See* Order Granting
5   the Parties' Joint Request For a Continuance of Discovery Cut-Off, Pretrial, and
6   Trial Dates (ECF 385). The Court's Scheduling and Case Management Order
7   makes clear that these deadlines are firm, "**as the court is not inclined to grant**
8   **any extensions of the discovery or other case-related deadlines**," and that all
9   discovery must be completed (not served) by these cut-off dates. *See* Scheduling
10  and Case Management Order Re: Jury Trial at 2 (ECF 364) (emphasis in original).

11       United takes these deadlines seriously and is doing its best to keep the case
12  moving forward consistent with the schedule set by the Court even in the face of
13  the current pandemic. However, despite United's best efforts, discovery in this
14  case has not always progressed in the manner it should. In numerous instances, the
15  government and its non-party government contractors have sought to prevent
16  United from obtaining relevant materials it needs to defend itself against a case
17  spanning more than 10 years of conduct in which the government purports to seek
18  more than $1 billion in damages. As a consequence, the Court's docket reveals
19  numerous discovery motions and informal discovery conferences before
20  Magistrate Judge Segal (Ret.), with several motions about to unfold. For example,
21  the government has gone to great lengths to withhold vast quantities of highly
22  relevant documents based solely on unsupportable assertions of the deliberative
23  process privilege:

24       •    United first raised concerns with the government's improper and
25            overbroad assertions of the deliberative process privilege in June
26            2018. After more than three months of unsuccessful attempts to reach
27            an agreement, including via an informal discovery conference before
28            Magistrate Judge Segal (Ret.), (ECF 265), the government filed an *Ex*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4       UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

*Parte* Application for a Temporary Stay of Motion to Compel Discovery Pending Issuance of Rulings (ECF 294), necessitating more than 50 pages of briefing on an extremely expedited timeframe.  As Magistrate Judge Segal (Ret.) recognized in denying the government's *Ex Parte* Application for a Temporary Stay, the government's filing was "fundamentally an attempt to prevent United from even arguing about United's right to the withheld documents."  *See* Mem. Decision & Order Denying United States' Ex Parte App. for Temp. Stay of Mot. to Compel Discovery Pending Issuance of Rulings (ECF 304).

- Shortly thereafter, United filed a motion to compel the government to produce more than 20,000 documents it sought to withhold based on its assertion of the deliberative process privilege.  *See* United's Notice of Mot. to Compel United States to Produce Documents (ECF 310).  After *nearly 100 pages* of additional briefing, and *thousands of pages* of exhibits,[2] Magistrate Judge Segal (Ret.) issued a 47-page opinion granting United's motion to compel.  *See* Mem. Decision & Order Granting UnitedHealth Group, Inc.'s Mot. to Compel United States to Produce Documents (ECF 324) ("DPP Ruling").  In so ruling, Magistrate Judge Segal (Ret.) determined that "the documents United seeks are relevant to the claims and defenses in this action," *id.* at 28, and that "United's need for the withheld information plainly exceeds the Government's interest in non-disclosure," *id.* at 45.  Among other things, Magistrate Judge Segal (Ret.) also found reasonable United's argument that "any documents showing that CMS's interpretations of

---

[2] *See* United's Notice of Motion to Compel the United States to Produce Documents (ECF 310); United States' Supplemental Memorandum Regarding United's Motion to Compel the United States to Produce Documents (ECF 317); United's Supplemental Memorandum Regarding United's Motion to Compel the United States to Produce Documents (ECF 318).

'applicable statutes, regulations, guidance documents and contractual requirements' mirrored United's own would 'bear directly on the objective reasonableness of United's interpretations.'" *Id.* at 32 (quoting Joint Stipulation at 27). On February 4, 2019, the government filed a motion for review of Magistrate Judge Segal's (Ret.) DPP Ruling (ECF 334), which this Court denied. *See* Order Re: Pending Motions (ECF 366).

- Separately, the government filed another motion seeking an order to modify the scope of discovery that would relieve it from any obligation to produce "CMS's internal, nonpublic deliberations concerning the obligation to delete invalid diagnoses." *See* Amended [Proposed] Order Granting Motion for Scheduling Order Modifying Extent of Discovery (ECF 346, Attachment 1). After more than 180 pages of briefing on this related issue, including a motion for supplemental briefing (ECF No. 336) filed by the government shortly after seeking review of the DPP Ruling, this Court denied the government's motion as moot. *See* Order Re: Pending Motions (ECF 366).

In addition to the extensive motion practice described above, Magistrate Judge Segal (Ret.) has also resolved numerous discovery disputes informally, including during at least seven informal discovery conferences held between November 22, 2017 and October 8, 2019. These disputes have included, among other things:

- The government's attempt to delay deposition discovery, *see* Telephonic Conference Re: United's Motion for Early Deposition Discovery, Nov. 22, 2017 (ECF 172);
- The government's refusal to produce documents from the custodial files of individuals from the U.S. Department of Health and Human

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1    Services, Office of the Inspector General ("OIG"), *see* Minute Order
2    of Telephonic Conference Re: Discovery, July 12, 2018 (ECF 245);

3   • The government's decision to stop producing privilege logs until the
4    Court ruled on pending motions, *see* Minute Order of Telephonic
5    Conference Re: Discovery, Aug. 16, 2018 (ECF 265), and;

6   • The government's and non-party government contractor Research
7    Triangle Institute's refusal to produce documents responsive to
8    discovery requests while discovery motions were pending before this
9    Court, *see* Minutes of Informal Telephonic Conference Re: Discovery,
10    Mar. 14, 2019 (ECF 347).

11    The parties (and non-parties) continue to disagree over discovery matters
12   and issues, which threaten both to impede the timely progress of this case and
13   burden this Court's busy docket.  For example, on February 17, 2020, government
14   contractor ARDX filed a motion to quash or modify a subpoena issued by this
15   Court *more than 17 months ago*.  *See* Mot. to Quash or Alternatively for Protective
16   Order to Shift Costs, *United States of America ex rel. Benjamin Poehling et al v.*
17   *UnitedHealth Group, Inc.*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Feb. 17,
18   2020) (ECF 1).  As explained in United's opposition to ARDX's motion, this
19   untimely and senseless attempt to obstruct discovery is legally untenable and in
20   direct contravention of prior rulings of Magistrate Judge Segal (Ret.) in this
21   underlying litigation.  *See* Mem. ISO Cross Mot. to Transfer & Opp. to Mot. to
22   Quash or Alternatively for Protective Order to Shift Costs, *Poehling*, No. 2:20-cv-
23   03184-FMO-RAO (C.D. Cal. Mar. 2, 2020) (ECF 8). United has recently reached a
24   resolution with ARDX and expects that related Case No. 2:20-cv-03184-FMO-
25   RAO will be dismissed from this Court's docket shortly as a result. Although
26   United does not anticipate the need for further court intervention to resolve
27   ARDX's Motion to Quash, the parties are at an impasse with respect to several
28   other discovery issues looming on the horizon, some of which United expects will

result in additional motion practice barring the assistance of Magistrate Judge Segal (Ret.) as a Special Master.  For instance:

- The government continues to refuse to produce documents related to other Medicare Advantage plans from the custodial files of individuals at OIG.  As explained to the government on numerous occasions, these materials are highly relevant to United's defenses because, among other things, evidence about how the government responded to allegations that MA plans were engaging in conduct similar to the conduct at issue here goes directly to the materiality of any alleged wrongdoing by United.  Plaintiffs affirmatively sought to exclude these materials from discovery in their Motion for Issuance of a Scheduling Order (ECF 261-1, 261-11, 346-1).  Despite the Court issuing a scheduling order that did not carve out these materials from discovery and denying Plaintiffs' motion as moot, the government still refuses to produce these materials.

- The government's response to United's First Interrogatory is inadequate and deficient, and the government has refused to supplement its response in a reasonable period of time.  On January 3, 2020, United issued an interrogatory that asked the government to identify the diagnosis codes (and related factual information) that the government contends United knowingly and improperly failed to delete—essentially asking what exactly the government is suing United for.  Despite more than five years of investigation and 33 months of discovery, the government's response included a mere twenty-five "representative examples" (which were in the Amended Complaint), and the government has refused to supplement its response in a timely manner.

## III.   ARGUMENT

### A.   The Court Should Appoint Magistrate Judge Segal (Ret.) as a Special Master to Oversee Discovery Disputes in This Case

The Federal Rules specifically provide that a court may appoint a Special Master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C); *see also Cordoza v. Pacific States Steel Corp*., 320 F.3d 989, 995 (9th Cir. 2003) ("[I]n this era of complex litigation, special masters may, subject to judicial review, be called upon to perform a broad range of judicial functions—supervising discovery, issuing stipulations of fact, and in exceptional circumstances, hearing and making recommendations with regard to motions to dismiss and for summary judgment."); *Aird v. Ford Motor Co*., 86 F.3d 216, 218-19 (D.C. Cir. 1996) (trial court appointed master to oversee discovery).  The Court may determine that appointment of a Special Master is appropriate based on considerations such as "the complexity of [the] litigation" or "problems associated with compliance" with court orders.  *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 775 (9th Cir. 1990); *see also Perez v. Sw. Fuel Mgmt., Inc*., No. CV164547FMOAGRX, 2017 WL 10574066, at *1 (C.D. Cal. Feb. 13, 2017) (denying application for reconsideration of order appointing Special Master where "discovery thus far has been extensive, complicated and contentious").

This case presents precisely the type of circumstances that warrant appointment of a Special Master under Rule 53.  Magistrate Judge Segal (Ret.) spent more than three years overseeing discovery in this case prior to her retirement and a new magistrate judge has not been assigned.  As detailed above, discovery in this case has been very contentious, *see Perez*, 2017 WL 10574066 at *1, with hundreds of pages of motion practice and at least seven informal discovery conferences before Magistrate Judge Segal (Ret.) concerning a wide range of issues.  Moreover, the matters at issue in discovery disputes to date have

been extremely complex, and have resulted in "voluminous briefing and exhibits." *City of Almaty v. Khrapunov*, No. CV143650FMOFFMX, 2018 WL 9920031, at *1 (C.D. Cal. June 11, 2018). Such disputes are certain to continue as discovery progresses, and will likely include an increasing number of parties, as evidenced by recent disputes in connection with third-party subpoenas issued by both parties. *See, e.g.*, Minutes of Informal Telephonic Conference Re: Discovery, Mar. 14, 2019 (ECF 347); Mot. to Quash or Alternatively for Protective Order to Shift Costs, *Poehling*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Feb. 17, 2020) (ECF 1).

Appointment of Magistrate Judge Segal (Ret.) as a private and independent Special Master is appropriate, particularly in light of her deep knowledge of the case and prior discovery decisions. *See* Fed. R. Civ. P. 53(b)(1) ("Any party may suggest candidates for appointment."). As the Court knows, it requires significant time and resources to brief discovery disputes, conduct hearings, and formulate decisions on these disputes. If a new Magistrate Judge is assigned to this case, such an assignment would occur more than 33 months after discovery has commenced, and the Magistrate Judge would be immersed in these voluminous and labyrinthine disputes without the benefit of having worked with the parties to resolve previous and related disputes.

The pending Motion to Quash filed by ARDX perfectly illustrates the efficiencies gained by appointing Magistrate Judge Segal (Ret.) as a Special Master. As the Honorable Robert J. Krask, U.S. Magistrate Judge E.D. VA, determined when ordering the transfer of the motion to this Court:

> Given the complex and wide-ranging nature of the underlying litigation between the United States and United, . . .the issuing court is far better positioned to assess the relevance of ARDX's internal emails. . . . The issuing court is not only intimately familiar with the case and the statutory, regulatory, and contractual backdrop giving rise to the dispute, but it has also ruled upon (or addressed informally) discovery disputes and dispositive motions that will likely guide any

1  assessment of the relevance of ARDX's internal emails.  *See*
2  *Poehling*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Apr. 6, 2020)
3  (ECF 24) (internal citations omitted).

4  As explained above, upon being transferred to this Court, the motion was
5  initially assigned to Judge Birotte and Magistrate Judge Oliver, who remains the
6  discovery judge despite the case being reassigned to the undersigned.  *See*
7  *Poehling*, No. 2:20-cv-03184-FMO-RAO (C.D. Cal. Apr. 15, 2020) (ECF 35).
8  Through no fault of her own, Magistrate Judge Oliver has none of this background.
9  It is the DPP Ruling authored by Magistrate Judge Segal (Ret.) that is, "at a
10  minimum, pertinent to whether ARDX should produce internal emails possibly
11  containing its interpretations of [applicable guidance documents authored by
12  ARDX] and/or describing communications with CMS officials pertaining to such
13  matters."  *See* Order Granting Motion to Transfer at 10, *Poehling*, No. 2:20-cv-
14  03184-FMO-RAO (C.D. Cal. Apr. 6, 2020) (ECF 24).   And it was Magistrate
15  Judge Segal (Ret.) who informally resolved a discovery dispute with another non-
16  party government contractor on related issues.  *See id.*  Magistrate Judge Krask
17  correctly recognized that "any ruling by [the Eastern District of Virginia], in the
18  relative vacuum of the limited dispute before it" would be "at odds with judicial
19  economy." *Id.* at 11-12.   So, too, would appointing a new Magistrate Judge to
20  oversee ongoing and related discovery disputes in this case. United reached a
21  resolution with ARDX shortly after the motion was transferred to this Court.  As a
22  result, no sitting Magistrate Judge, including Magistrate Judge Oliver, is familiar
23  with this complicated case and the myriad discovery issues to date.

24  The current pandemic, which has no doubt further burdened this Court's
25  already busy docket due to the limited access to courts and necessary extensions in
26  other cases, further highlights the need to appoint Magistrate Judge Segal (Ret.) as
27  a Special Master.  As a Special Master, Magistrate Judge Segal (Ret.) would be
28  available on a more expedited basis to help mediate discovery disputes quickly and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1  efficiently over the telephone.  Having overseen discovery in this matter for more

2  than three years, Magistrate Judge Segal (Ret.) is intimately familiar with this case

3  and could efficiently manage, oversee, and expedite the progress of discovery

4  without having to expend substantial time to learn the case.  Given her deep

5  knowledge of the case and the parties, United suspects that many of the ongoing

6  disputes could be informally, and quickly, resolved via telephone with her

7  assistance.  For those matters that Magistrate Judge Segal (Ret.) is unable to

8  successfully mediate, the Court would have the benefit of her recommendation as a

9  Special Master in formulating a formal opinion and decision.

10      Thus, "to address the parties' discovery disputes in a timely and effective

11  manner" without straining judicial resources, *see City of Almaty*, 2018 WL

12  9920031 at *1 (citing Fed. R. Civ. P. 53(a)(1)(C)), United urges the Court to

13  appoint Magistrate Judge Segal (Ret.) as a Special Master to address pretrial

14  discovery disputes in this case.

15      **B.      Payment Should be Split Evenly Amongst the Parties**

16      In accordance with Rule 53, the Court "must allocate payment among the

17  parties after considering the nature and amount of the controversy, the parties'

18  means, and the extent to which any party is more responsible than other parties for

19  the reference to a master."  Fed. R. Civ. P. 53(g)(3).  "Under Rule 53, a court is

20  vested with broad discretion to allocate the master's fees as it thinks best under the

21  circumstances of the case*." Peterson v. Islamic Republic of Iran*, No. 10-CV-4518

22  (KBF), 2018 WL 4691221, at *20 (S.D.N.Y. July 10, 2018) (citing *Aird*, 86 F.3d at

23  221).  "A party whose unreasonable behavior has occasioned the need to appoint a

24  master . . . may properly be charged all or a major portion of the master's fees."

25  Fed. R. Civ. P. 53 advisory committee's note; *see Perez*, 2017 WL 10574066 at *2

26  ("Given that the pending discovery disputes are predicated on defendants' refusal

27  to provide discovery, alleged spoliation of evidence, as well as defendants'

28  assertion that they anticipate filing 'numerous additional discovery disputes,' . . .

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1  the court believes that defendants should initially bear the costs of the Special

2  Master.").

3          Given the background described above, United's request that the

4  government be required to cover half of the costs associated with the appointment

5  of Magistrate Judge Segal (Ret.) as a Special Master to oversee discovery disputes

6  is eminently reasonable. The vast majority of discovery disputes in this case,

7  particularly disputes so complex as to require voluminous briefing and hearings

8  before Magistrate Judge Segal (Ret.), have been instigated by the government. As

9  detailed above, the government's attempt to improperly shield and delay

10 production of relevant documents by invoking the deliberative process privilege

11 alone has led to more than 100 pages of briefing and thousands of pages of

12 exhibits, culminating in a 47-page order by Magistrate Judge Segal (Ret.) granting

13 United's Motion to Compel the production of those documents. Even after this

14 well-reasoned determination by Magistrate Judge Segal (Ret.), the government

15 persisted in advancing this dispute through multiple motions, thereby requiring

16 significant additional briefing by both parties. As further explained above, the

17 government continues to drag its heels in responding appropriately to discovery

18 requests, including refusing to produce documents related to other Medicare

19 Advantage plans from the custodial files of individuals at OIG, and failing to

20 respond appropriately to the single interrogatory propounded by United to date.

21 *See supra* at 8. There are other issues similarly looming on the horizon and United

22 anticipates needing to file additional discovery motions in the near future to

23 compel the government, and its non-party contractors, to produce materials they

24 have previously been ordered to produce and/or which are relevant to United's

25 defense. For that reason, United submits that the government should appropriately

26 be ordered to shoulder half the costs of appointing a Special Master. Indeed, such

27 cost sharing provides appropriate incentives to both parties to try to avoid the

28 additional costs associated with discovery disputes.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)

1  **IV.    CONCLUSION**

2          For all of the foregoing reasons, United respectfully requests that the Court

3  appoint Magistrate Judge Suzanne H. Segal (Ret.) as a Special Master in this case

4  pursuant to Federal Rule of Civil Procedure 53 and that the Court issue an order

5  directing the parties to share equally in the costs associated with the appointment

6  of Magistrate Judge Segal (Ret.) as a Special Master.

7  Dated:  April 20, 2020                     LATHAM & WATKINS LLP
                                              DAVID J. SCHINDLER
8                                             DANIEL MERON
                                              ABID R. QURESHI
9

10                                            By /s/ David J. Schindler
                                                 David J. Schindler
11                                               Attorneys for United Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14  UNITED'S NOTICE OF MOT. AND MOT. TO
APPOINT M.J. SEGAL (RET.) AS SPECIAL MASTER
Case No. 2:16-cv-08697-FMO(SSx)