JOSEPH H. HUNT
Assistant Attorney General, Civil Division
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
DAVID K. BARRETT
ABRAHAM C. MELTZER
JOHN E. LEE (CBN 128696)
JACK D. ROSS (CBN 265883)
Assistant United States Attorneys
    300 N. Los Angeles Street, Room 7516
    Los Angeles, California 90012
    Tel: (213) 894-3995; Fax: (213) 894-7819
    Email: john.lee2@usdoj.gov
ANDY J. MAO
ROBERT McAULIFFE
EDWARD CROOKE
LINDA McMAHON
JESSICA E. KRIEG
ZOILA E. HINSON
AMY L. LIKOFF
GREGORY A. MASON
MARTHA N. GLOVER
Attorneys, Civil Division, U.S. Department of Justice
    P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 307-0486; Fax: (202) 307-3852
    Email: robert.mcauliffe@usdoj.gov
JAMES P. KENNEDY, JR.
Acting United States Attorney
KATHLEEN ANN LYNCH
Assistant United States Attorney (Admitted PHV)
    138 Delaware Avenue
    Buffalo, New York 14201
    Tel: (716) 843-5830; Fax: (716) 551-3052
    Email: kathleen.lynch@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BENJAMIN POEHLING,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., *et al.*,<br><br>Defendants. | No. CV 16-08697 FMO (SSx)<br><br>**UNITED STATES' OPPOSITION TO UNITED'S MOTION TO APPOINT RETIRED MAGISTRATE JUDGE SUZANNE H. SEGAL AS SPECIAL MASTER**<br><br>Date: May 21, 2020<br>Time: 10:00 a.m.<br>Court: 6D. Hon. Fernando M. Olguin |

## I. INTRODUCTION

The fact that retired Magistrate Judge Suzanne H. Segal handled prior discovery disputes in this case does not warrant appointing her as a special master to decide all future discovery disputes over the plaintiffs' objections. If the standard for appointing a special master were prior knowledge of a case, then retired magistrate judges would simply carry their full docket of pending cases with them into private practice. But that is not the standard. Instead, in this district, active magistrate judges handle discovery disputes as they arise in pending cases, and the appointment of a special master is reserved for exceptional circumstances. When a magistrate judge retires, the court assigns a new magistrate judge to handle discovery disputes. Rule 53 of the Federal Rules of Civil Procedure authorizes the appointment of a special master to resolve discovery disputes, over a party's objection, only if no sitting magistrate judge of this district could "effectively and timely" address "pretrial and posttrial matters" in the case. Such is not the case here.

United HealthGroup, Inc. and its related entities ("United") ask this Court to dispense with this standard practice and assign all pretrial proceedings to a special master of United's own choosing: retired Magistrate Judge Segal. United argues that appointing retired Magistrate Judge Segal would promote "efficiency." However, Rule 53 does not authorize the appointment of a special master based solely on the potential for increased efficiency. Because there are no exceptional circumstances in this case warranting the appointment of a special master, or even a single discovery dispute pending in this action, the Court should deny United's unusual request.[1]

---

[1] United misrepresents the government's position by stating that, "although the government acknowledges that allowing Magistrate Judge Segal (Ret.) to continue to preside over the case would be a more efficient use of judicial resources," it opposes the motion "because it claims it currently does not have the budget to pay any of the costs associated with a Special Master." Mot. at 2. The government opposes United's motion to appoint a special master, let alone a specific special master, because it is *both* (a) unwarranted for the reasons set forth herein and because it would (b) require the government unnecessarily to incur expenditure of unallocated funds to prosecute this case. The Relator joins this opposition and is not filing a separate brief.

## II. BACKGROUND

In this False Claims Act ("FCA") case, the United States alleges that United knowingly and improperly avoided its obligations to repay significant sums of money to the Medicare Advantage Program. Under the Medicare Advantage program, the Centers for Medicare & Medicaid Services (CMS) makes capitated payments to private health-insurance organizations to provide healthcare benefits to Medicare beneficiaries. CMS adjusts these payments for various "risk" factors that affect expected healthcare expenditures, to ensure that Medicare Advantage organizations are paid more for those enrollees expected to incur higher healthcare costs and less for healthier enrollees expected to incur lower costs. To make these adjustments, CMS collects "risk adjustment" data, including medical diagnosis codes, from Medicare Advantage organizations. This payment model creates powerful incentives for Medicare Advantage organizations to exaggerate the expected healthcare costs for their enrollees by "over-reporting" diagnosis codes.

Over the past decade, United scoured millions of medical records to identify additional diagnosis codes to increase the payments it received from CMS. Dkt. No. 171 (Am. Compl.) ¶¶ 10-13 & 164-77. Those same reviews also revealed numerous invalid diagnoses that United had submitted to CMS and resulted in substantial improper payments to United. *Id*. ¶¶ 13 & 235-38. But United ignored this negative information and improperly retained the payments it obtained based on these invalid diagnoses.

On November 17, 2017, the United States filed its Amended Complaint alleging that United's conduct violated 31 U.S.C. § 3729(a)(1)(G), which makes it unlawful to knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay the United States. Dkt. No. 171 ¶¶ 341-43. United filed its Answer and Counterclaim on March 23, 2018. Dkt. No. 223. On May 31, 2019, following Judge Fitzgerald's self-recusal, this case was transferred to this Court. Dkt. No. 362.

The parties are currently pursuing fact discovery, which ends on December 4, 2020. In most instances, the parties have successfully worked cooperatively to eliminate

or reduce their discovery disputes in this case. For its part, the United States has provided United with nearly two million documents in response to discovery requests.

On November 9, 2018, United filed the one and only motion to compel discovery that has been filed by any party to this action. Dkt. No. 310. United challenged the government's assertion of the deliberative process privilege as to various categories of documents. On December 14, 2018, Magistrate Judge Segal granted United's motion, Dkt. No. 324, and this Court affirmed, Dkt. No. 366. There have been no other discovery motions that have required the Court's ruling.

United never sought the appointment of a special master prior to the retirement of Magistrate Judge Segal in January 2020. Instead, this motion comes only upon her retirement, and during a period when the Court has not yet assigned a magistrate judge to take her place in this case. Nor has there been any pressing need to assign a magistrate judge, because the parties have not concluded that they need to resort to motion practice regarding any discovery disputes.

### III.  ARGUMENT

**A.  Rule 53 Does Not Warrant Appointment of a Special Master in This Case**

Rule 53(a) authorizes district courts to appoint special masters "only" for three specific reasons: (1) to perform duties consented to by the parties; (2) to hold trial proceedings or make or recommend findings of fact when warranted by "some exceptional condition;" or (3) to "address pretrial and posttrial matters that *cannot be effectively and timely addressed by an available district judge or magistrate judge* of the district." Fed. R. Civ. P. 53(a)(1)(A)-(C) (emphasis added).

Here, the parties have not consented to the appointment of a special master, and United is not seeking a special master to hold trial-related proceedings. Accordingly, United's only available argument is that a special master is warranted because pretrial matters "cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Mot. at 9. However, United has no basis to contend

1  that a magistrate judge in this district could not effectively and timely address the
2  parties' pretrial matters, because no magistrate judge has yet been assigned to this case
3  following Magistrate Judge Segal's retirement and no discovery motions are pending and
4  awaiting immediate adjudication.

5  Courts have recognized that Rule 53 applies only in exceptional circumstances.
6  *See Burlington N. R. Co. v. Wash. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th
7  Cir. 1991) (interpreting a prior version of Rule 53); Advisory Committee Notes to 2003
8  Amendment to Fed. R. Civ. P. 53 ("[A]ppointment of a master must be the exception
9  and not the rule."); Fed. Jud. Ctr., *Manual for Complex Litigation* § 11.52 (4th ed. 2004)
10 ("Reference to a special master must be the exception and not the rule."). Contrary to
11 United's contention, congestion itself is not a reason to appoint a special master. *La Buy*
12 *v. Howes Leather Co.*, 352 U.S. 249, 259 (1957) ("[C]ongestion in itself is not such an
13 exceptional circumstance as to warrant a reference to a master. If such were the test,
14 present congestion would make references the rule rather than the exception."); *Hartford*
15 *Fire Ins. Co. v. Progressive Corp.*, 2013 WL 12137765, at *3 (N.D. Ohio Oct. 9, 2013)
16 (explaining that "calendar congestion, complexity of the issues, and the possibility of a
17 lengthy trial" are not "exceptional circumstances"). Were congestion alone a sufficient
18 basis to appoint a special master, districts with heavy dockets, such as this one, would
19 appoint special masters in most cases, making the use of special masters routine rather
20 than the exception.

21 Nor does United's contention that this is an FCA case raising complex issues of
22 fact and law provide a sufficient basis. District courts deal with such complex issues
23 every day. *See La Buy*, 352 U.S. at 259 ("But most litigation in the antitrust field is
24 complex. It does not follow that antitrust litigants are not entitled to a trial before a
25 court.").[2] Just as with antitrust cases, the district and magistrate judges in this district

---

[2] Although Rule 53 has been amended since *La Buy*, this view continues to control the analysis of whether an appointment of a special master is needed. *See, e.g., Hartford Fire Ins. Co.*, 2013 WL 12137765, at *3; *O'Connor v. Wells Fargo Bank*,

have frequently dealt with complex FCA cases. The fact that discovery disputes were addressed timely and effectively by Magistrate Judge Segal before her retirement demonstrates that this Court's normal practice of assigning magistrate judges to handle discovery disputes is more than adequate, even in this FCA case with complex issues. The magistrate judges in this district are capable of handling complex discovery disputes. There was no need for a special master before Magistrate Judge Segal's retirement, and there is none now.

The standard under Rule 53(a)(1)(C) requires the Court to assess the volume and complexity of the pending discovery motions and their timing relative to the pretrial schedule. *Compare FTC v. Qualcomm Inc.*, 2018 WL 3868976, at *2 (N.D. Cal. Feb. 24, 2018) (denying motion to appoint special master and concluding that the Court could "effectively address the parties' discovery disputes directly")*, with City of Almaty v. Khrapunov*, 2018 WL 9920031, at *1 (C.D. Cal. June 11, 2018) (concluding, "given the number of discovery motions and the voluminous briefing and exhibits such motions entail," that "no district or magistrate judge is available to resolve the pending and any forthcoming discovery matters in a timely and effective manner").[3]

In this case, however, such an assessment is not possible because not even a single motion to compel is currently pending before the Court. *See Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2017 WL 365630, at *3 (N.D. Ind. Jan. 25, 2017) ("[O]n the basis of nothing more than the threat of future disputes, no special master is required in this matter.") (quoting *Borom v. Town of Merrillville*, 2008 WL 155018, at *4 (N.D. Ind. Jan. 15, 2008)); *In re Wyoming Tight Sands Antitrust*, 715 F. Supp. 307, 308 (D. Kan. 1989) (declining to appoint special master where "plaintiffs have not availed

---

2012 WL 7808867, at *3 (N.D. Ga. Oct. 29, 2012), *report and recommendation adopted*, 2013 WL 1281925 (N.D. Ga. Mar. 27, 2013); *Agostino v. Quest Diagnostics, Inc.*, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012).

[3] In *City of Almaty*, this Court tallied the page count for the pending discovery motions as follows: for defendants, a 151-page motion accompanied by a 381-page joint stipulation and a 191-page joint stipulation; and for plaintiff, a 624-page joint stipulation accompanied by declarations and exhibits totaling an additional 835 pages. May 24, 2018 Order, Case No. 2:14-cv-03650-FMO-FFM, Dkt. No. 253.

6

themselves to other, more conventional remedies," such as a motion to compel or informal conference).

United instead references only two discovery issues that are not yet ripe for adjudication, one relating to United's efforts to obtain the investigative materials of the U.S. Department of Health and Human Services' Office of the Inspector General and another relating to a single interrogatory. *See* Mot. at 8. But the parties are still continuing to discuss and attempting to resolve their discovery disputes informally, as they have throughout this case. *See Ribadab Properties Corp. v. Eaton*, 2006 WL 1734368, at *2 (D. Ariz. June 16, 2006) (denying request to appoint special master "[g]iven the prospect of an achievable out-of-court resolution" of the parties' disputes). More significantly, to the extent the parties are unwilling or unable to reach an agreement, these discovery disputes could be resolved by any available magistrate.[4]

United's purported justification for appointing retired Magistrate Judge Segal as a special master in this case is that "it would be far more efficient for all parties to continue to allow Magistrate Judge Segal (Ret.) to preside over discovery disputes" because she was the assigned magistrate judge before retiring. Mot. at 1. Such a purported "efficiency," however, is not one of the permissible justifications under Rule 53 for appointing a special master. *See Broadcom Corp. v. Qualcomm Inc.*, 2008 WL 11338539, at *2 (C.D. Cal. May 13, 2008) (stating, "the fact that a concept makes common sense and may produce efficiencies for the Court and the parties does not substitute for a sound legal basis to proceed in such fashion," denying motion to appoint

---

[4] Although United's motion mentions a dispute with A. Reddix & Associates, Inc. ("ARDX") that is the subject of a related action, *United States ex rel. Poehling v. UnitedHealth Group, Inc.*, No. CV 20-3184-FMO-RAO (C.D. Cal. Feb. 17, 2020), United represents that it "does not anticipate the need for any further court intervention" in that matter. Mot. at 1 n.1, The parties in that case have "reached a resolution" of their dispute and that case has now been dismissed. Dkt. Nos. 42, 43. And while United also hints at the possibility of additional discovery disputes arising in this case, the parties can continue to discuss these issues as needed. Should additional discovery disputes arise in this case that overwhelm the ability of an available district judge or magistrate judge of this district to sufficiently handle, the Court may at that time entertain the possible assignment of a special master under more normal procedures,

special master).  Moreover, the customary practice of this Court is for active magistrate judges to handle discovery disputes, not to appoint retired magistrate judges to act as special masters merely because of their prior knowledge of the case.

Thus, United fails to show that discovery disputes in this case cannot effectively and timely be addressed by an available district or magistrate judge of this district.

**B. The Court Should Follow its Normal Practice of Having All Discovery Matters Decided by an Assigned Magistrate Judge**

The normal practice of federal courts, including this district, is to assign magistrate judges to handle all discovery matters.  Under 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except certain matters not pertinent here.  Likewise, in this district, General Order 05-07 provides that magistrate judges may be assigned "[d]iscovery-related matters upon referral by the District Judge to whom the case is assigned." *Id.* at 2.  Indeed, this Court's Initial Standing Order, applicable to this case, expressly states that all discovery matters are referred to the assigned magistrate judge. Initial Standing Order at 2, Dkt. No. 363.  And the Court assigned Magistrate Judge Rozella Oliver to handle United's discovery dispute with ARDX in the related action that United insisted should be transferred from the Eastern District of Virginia based on its relationship to this litigation, *United States ex rel. Poehling v. UnitedHealth Group, Inc.*, No. CV 20-03184-FMO-RAO.  United has not demonstrated that Magistrate Judge Oliver, or any other magistrate in this district, is unable to timely and effectively address discovery disputes in this case.

Moreover, it is axiomatic that "parties are not permitted to select their own judges in cases in federal court." *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 517 (7th Cir. 2003).  The "random-assignment process" helps "ensure the integrity of the judicial system." *UCP Int'l Co. Ltd. v. Balsam Brands, Inc.*, 261 F. Supp. 3d 1056, 1060 (N.D. Cal. 2017).

Accordingly, given the retirement of Judge Segal as the assigned magistrate judge in this case, the Court should follow its normal practice of requesting that another magistrate judge be randomly assigned to handle all discovery matters in this case.

### C. Appointment of a Special Master Will Cause the United States to Incur Unnecessary Expenditures in this Case

The costs of a special master may not be insignificant. Such expenses are not a normal part of the government's litigation costs, which routinely depend on the work of the magistrate judges in resolving discovery disputes in cases litigated in federal courts. *See* Advisory Committee Note to 1983 Amendment to Fed. R. Civ. P. 53 ("The creation of full-time magistrates, who serve at government expense and have no nonjudicial duties competing for their time, eliminates the need to appoint standing masters."). United proposes that the parties "split evenly" the costs of a special master. Should the Court accept United's proposal, appointment of a special master would cause the United States to incur unnecessary expenditures in this case.

### IV. CONCLUSION

For the foregoing reasons, United's motion to appoint a special master in this case should be denied.

Respectfully submitted,

Dated: April 30, 2020

JOSEPH H. HUNT
Assistant Attorney General
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
DAVID K. BARRETT
ABRAHAM C. MELTZER
JACK D. ROSS
Assistant United States Attorneys

ANDY J. MAO
ROBERT McAULIFFE
EDWARD CROOKE
LINDA McMAHON
JESSICA E. KRIEG
ZOILA E. HINSON
AMY L. LIKOFF
GREGORY A. MASON
MARTHA N. GLOVER
Civil Division, Department of Justice

JAMES P. KENNEDY, JR.
Acting United States Attorney
KATHLEEN ANN LYNCH
Assistant United States Attorney

/S/ John E. Lee
―――――――――――――――――
JOHN E. LEE
Assistant United States Attorney
Attorneys for the United States of America