DocuSign Envelope ID: C573A75F-C21E-4B66-BA47-66D58E4677EE

1  JEFFREY BOSSERT CLARK
   Acting Assistant Attorney General, Civil Division
2  NICOLA T. HANNA
   United States Attorney
3  DAVID M. HARRIS
   DAVID K. BARRETT
4  ABRAHAM C. MELTZER
   JOHN E. LEE (CBN 128696)
5  JACK D. ROSS (CBN 265883)
   Assistant United States Attorneys
6      300 N. Los Angeles Street, Room 7516
       Los Angeles, California 90012
7      Tel: (213) 894-3995; Fax: (213) 894-7819
       Email: john.lee2@usdoj.gov
8  JAMIE YAVELBERG
   ROBERT McAULIFFE
9  EDWARD CROOKE
   LINDA McMAHON
10 JESSICA E. KRIEG
   ZOILA E. HINSON
11 AMY L. LIKOFF
   GREGORY A. MASON
12 MARTHA N. GLOVER
   Attorneys, Civil Division, U.S. Department of Justice
13     P.O. Box 261, Ben Franklin Station
       Washington, D.C. 20044
14     Tel: (202) 307-0486; Fax: (202) 307-3852
       Email: robert.mcauliffe@usdoj.gov
15 JAMES P. KENNEDY, JR.
   United States Attorney
16     138 Delaware Avenue
       Buffalo, New York 14201
17     Tel: (716) 843-5830; Fax: (716) 551-3052
   Attorneys for the United States of America
18
19              UNITED STATES DISTRICT COURT
20        FOR THE CENTRAL DISTRICT OF CALIFORNIA
21                   WESTERN DIVISION
22  UNITED STATES OF AMERICA *ex*     No. CV 16-08697 FMO
    *rel*. BENJAMIN POEHLING,
23                                    REVISED STIPULATED
              Plaintiffs,             PROTECTIVE ORDER GOVERNING
                                      THE TREATMENT OF PROTECTED
24               v.                   INFORMATION
25  UNITEDHEALTH GROUP, INC., *et*    [Discovery Document: Referred to
    *al*.,                           Special Master Suzanne H. Segal]
26
              Defendants.
27
28

FILED
CLERK, U.S. DISTRICT COURT

OCT 9 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___vdr___ DEPUTY

DocuSign Envelope ID: C573A75F-C31E-4B66-BA47-66D58E4677EE

**Purpose and Limitations**

Discovery in this action is likely to involve the production of Personally Identifiable Information, Protected Health Information, and certain other Confidential Information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Revised Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Revised Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**Good Cause Statement**

This action is likely to involve Personally Identifiable Information, Protected Health Information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, Personally Identifiable Information, Protected Health Information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case

DocuSign Envelope ID: C573A75F-C21E-4866-BA47-66D58E467FEE

1  decisions, or common law. Accordingly, to expedite the flow of information, to

2  facilitate the prompt resolution of disputes over confidentiality of discovery

3  materials, to adequately protect information the parties are entitled to keep

4  confidential, to ensure that the parties are permitted reasonable necessary uses of

5  such material in preparation for and in the conduct of trial, to address their

6  handling at the end of the litigation, and serve the ends of justice, a protective order

7  for such information is justified in this matter. It is the intent of the parties that

8  information will not be designated as confidential for tactical reasons and that

9  nothing be so designated without a good faith belief that it has been maintained in

10  a confidential, non-public manner, and there is good cause why it should not be

11  part of the public record of this case.

12  **Definitions and Preliminary Matters**

13      1.    "Discovery Material" includes answers and responses to

14  interrogatories, answers and responses to requests for production or admissions,

15  deposition transcripts or videos, and materials previously provided to the United

16  States in this action, in any investigation underlying this action, or in connection

17  with *United States ex rel. Swoben v. Secure Horizons*, Case No. CV-09-5013 JFW

18  (JEMx) ("the Swoben action").

19      2.    "Document" means and includes all items listed in Federal Rules of

20  Civil Procedure 34(a)(1)(A) and (B), including but not limited to deposition

21  testimony, discovery responses and other materials, oral or written, including all

22  copies and excerpts thereof.

23      3.    "Personally Identifiable Information" or "PII" means Social Security

24  numbers, tax identification numbers, birth dates, and financial account numbers for

25  which redacted filings are permitted by Rule 5.2 of the Federal Rules of Civil

26  Procedure.

27      4.    "Protected Health Information" or "PHI" means certain individually

28  identifiable health information (defined as health information that is connected to a

3

1 patient's name, address, Social Security number, or other identifying number,

2 including HIC number) that may be subject to the Privacy Act, 5 U.S.C. § 552a, to

3 the provisions of 45 C.F.R. §§ 164.102–164.534, to the provisions of 42 U.S.C. §

4 1306, or for which there may be no waiver by the patient to disclose the

5 information to a person who or entity which is not a Party to the above-captioned

6 action.

7         a.    The Court finds that this Order is a "qualified protective order"

8 within the meaning of 45 C.F.R. § 164.512(e)(1)(v).

9         b.    The Parties may produce PHI in accordance with this Revised

10 Stipulated Protective Order pursuant to their obligations to make disclosures under

11 Federal Rule of Civil Procedure 26(a) and in response to discovery requests in this

12 litigation. All individually identifiable health information shall be designated

13 "CONFIDENTIAL" and may be used and/or disclosed in accordance with the

14 terms of this Revised Stipulated Protective Order and 45 C.F.R. §

15 164.512(e)(1)(v).

16     5.    "Covered Entity or Entities" means "covered entity" as defined in 45

17 C.F.R. § 160.103.

18     6.    "Proprietary Information" means information not already publicly

19 available that constitutes: (i) any information subject to protection under the

20 Privacy Act, 5 U.S.C. § 552a, or the Trade Secrets Act, 18 U.S.C. § 1905; (ii) trade

21 secret or other confidential research, development, or commercial information

22 entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G); or (iii)

23 any other information subject to a sealing in the above-captioned action pursuant to

24 Local Rule 79-5.

25     7.    "Litigation" refers to this action and includes all appellate proceedings

26 or the expiration of time to commence such appellate proceedings related to this

27 action.

28     8.    Information designated as "Confidential" pursuant to this Revised

DocuSign Envelope ID: C573A75F-G31E-4B6B-BA47-66D58E4677EE

1  Stipulated Protective Order (hereinafter "Confidential Information") includes

2  Discovery Material that contains PII, PHI, or Proprietary Information as defined in

3  Paragraph 6, and shall be treated in accordance with Paragraph 22 and other

4  Paragraphs of this Revised Stipulated Protective Order.

5       9.    Information designated as "Attorneys' Eyes Only" pursuant to this

6  Revised Stipulated Protective Order (hereinafter "Attorneys' Eyes Only

7  Information") includes Discovery Material that (a) constitutes Proprietary

8  Information as defined in Paragraph 6 and (b) the party designating the materials

9  ("Designating Party") believes in good faith to be extremely confidential and/or

10  sensitive in nature, and shall be treated in accordance with Paragraph 23 and other

11  Paragraphs of this Revised Stipulated Protective Order.

12       10.    Information designated as "Outside Counsel Only" pursuant to this

13  Revised Stipulated Protective Order (hereinafter "Outside Counsel Only

14  Information") includes Discovery Material that (a) constitutes Proprietary

15  Information as defined in Paragraph 6 and (b) the Designating Party believes in

16  good faith to be exceptionally confidential and/or sensitive in nature, and shall be

17  treated in accordance with Paragraph 24 and other Paragraphs of this Revised

18  Stipulated Protective Order.

19  **Designation of Confidential Information**

20       11.    **Documents**. The parties shall not withhold documents from

21  production because such documents contain Confidential Information, Attorneys'

22  Eyes Only Information, or Outside Counsel Only Information and shall not redact

23  Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

24  Only Information contained in documents unless required to do so under the terms

25  of this Revised Stipulated Protective Order or by law, regulation, or a court order.

26  The parties shall: (i) produce unredacted documents containing Confidential

27  Information to all other parties in this litigation; (ii) produce unredacted documents

28  containing Attorneys' Eyes Only Information pursuant to the terms of Paragraph

DocuSign Envelope ID: C573A75F-C91E-4866-BA47-66D58F4677EE

23 below; and (iii) produce unredacted documents containing Outside Counsel Only information pursuant to the terms of Paragraph 24 below. The parties shall designate documents containing Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel Only Information in the following manner:

a.      For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the parties shall mark each page of documents asserted to contain Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel Only Information. The parties shall brand the image with the designation "CONFIDENTIAL" for those documents that contain Confidential Information. The parties shall brand the image with the designation "ATTORNEYS' EYES ONLY" for those documents that contain Attorneys' Eyes Only Information as defined in Paragraph 9. The parties shall brand the image with the designation "OUTSIDE COUNSEL ONLY" for those documents that contain Outside Counsel Only Information as defined in Paragraph 10.

b.      For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation of Confidential Information shall be made by branding the slip-sheet for the document with "CONFIDENTIAL," the designation of Attorneys' Eyes Only Information shall be made by branding the slip-sheet for the document with "ATTORNEYS' EYES ONLY," and the designation of Outside Counsel Only Information shall be made by branding the slip-sheet for the document with "OUTSIDE COUNSEL ONLY." The metadata for the document shall also reflect its confidential status, as set forth in the agreed upon ESI specifications. The media on which the Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel Only Information is provided (e.g., CD, DVD, external hard drive) also shall be and remain plainly labeled with "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL ONLY," as

DocuSign Envelope ID: C573A75F-C31E-4866-BA47-66D58E4677EE

1  appropriate (unless and until the protection of the data within the media is

2  removed). Any copying or transferring of electronic files that are designated as

3  Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

4  Only Information must be done in a manner that maintains the protection for all

5  copies, including, but not limited to, in the filename(s) and the location where the

6  copies are stored and where users access the material.

7       12. **Interrogatory Answers and Responses to Requests for Production**

8  **or Admission**. The parties shall designate Confidential Information contained in

9  interrogatory answers or responses to requests for production or admission by

10  placing before the answer or response: "The following response is

11  'CONFIDENTIAL.'" The parties shall designate Attorneys' Eyes Only

12  Information contained in interrogatory answers or responses to requests for

13  production or admission by placing before the answer or response: "The following

14  response is 'ATTORNEYS' EYES ONLY.'" The parties shall designate Outside

15  Counsel Only Information contained in interrogatory answers or responses to

16  requests for production or admission by placing before the answer or response:

17  "The following response is 'OUTSIDE COUNSEL ONLY.'" Only that part of the

18  answer or response that is Confidential Information, Attorneys' Eyes Only

19  Information, or Outside Counsel Only Information shall be so designated and the

20  answering party shall highlight the Confidential Information, Attorneys' Eyes Only

21  Information, or Outside Counsel Only Information to show what specific

22  information constitutes Confidential Information, Attorneys' Eyes Only

23  Information, or Outside Counsel Only Information.

24       13. **Confidential Information in Depositions**. Subject to the

25  requirements of Paragraphs 22–24 below, during a deposition, the parties may

26  show deponents Documents or other Discovery Material that has been designated

27  as Confidential Information, Attorneys' Eyes Only Information, or Outside

28  Counsel Only Information. Testimony at a deposition may be designated by any

DocuSign Envelope ID: C573A75F-C31E-4869-BA47-66D58E4677EE

1    party as Confidential Information, Attorneys' Eyes Only Information, or Outside

2    Counsel Only Information by indicating on the record at the deposition that the

3    testimony is confidential and subject to the provisions of this Revised Stipulated

4    Protective Order and the reasons for the assertion. Additionally and alternatively,

5    any party may also designate information disclosed at a deposition as Confidential

6    Information, Attorneys' Eyes Only Information, or Outside Counsel Only

7    Information by notifying all counsel in writing within thirty (30) calendar days of

8    receipt of the official deposition transcript or copy thereof (or written notification

9    that the transcript is available), listing the specific pages and lines of the transcript

10    and/or any exhibits that should be treated as Confidential Information, Attorneys'

11    Eyes Only Information, or Outside Counsel Only Information. After a party

12    designates a portion of a deposition transcript as Confidential Information, the

13    front of the original and each copy of the deposition transcript shall be marked:

14    "This deposition transcript includes CONFIDENTIAL INFORMATION

15    SUBJECT TO PROTECTIVE ORDER." After a party designates a portion of a

16    deposition transcript as Attorneys' Eyes Only Information, the front of the original

17    and each copy of the deposition transcript shall be marked: "This deposition

18    transcript includes ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO

19    PROTECTIVE ORDER." After a party designates a portion of a deposition

20    transcript as Outside Counsel Only Information, the front of the original and each

21    copy of the deposition transcript shall be marked: "This deposition transcript

22    includes OUTSIDE COUNSEL ONLY INFORMATION SUBJECT TO

23    PROTECTIVE ORDER." If such deposition was videotaped, both the recording

24    storage medium (i.e., CD or DVD) and its container shall also be labeled: "This

25    deposition transcript includes CONFIDENTIAL INFORMATION SUBJECT TO

26    PROTECTIVE ORDER," "This deposition transcript includes ATTORNEYS'

27    EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," or "This

28    deposition transcript includes OUTSIDE COUNSEL ONLY INFORMATION

DocuSign Envelope ID: C573A75F-C91E-4866-BA47-66D58E4677EE

1  SUBJECT TO PROTECTIVE ORDER." Only those portions of the deposition

2  transcript that are designated as containing Confidential Information, Attorneys'

3  Eyes Only Information, or Outside Counsel Only Information shall be governed by

4  this Revised Stipulated Protective Order.

5       14.  **Documents or Information Obtained From Third Parties**.

6  Documents or information produced by a non-party or testimony provided by a

7  third party may be designated by the non-party as Confidential Information,

8  Attorneys' Eyes Only Information, or Outside Counsel Only Information in

9  accordance with all of the terms and conditions of this Order.

10      15.  **No Waiver**. The failure to designate any Documents or other

11 Discovery Materials as Confidential Information, Attorneys' Eyes Only

12 Information, or Outside Counsel Only Information in accordance with the terms of

13 this Order shall not constitute a waiver of a party's assertion that the materials are

14 Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

15 Only Information. In the event that Documents or Discovery Materials are or have

16 been produced without being marked "CONFIDENTIAL," "ATTORNEYS' EYES

17 ONLY," or "OUTSIDE COUNSEL ONLY," the Designating Party may notify the

18 party receiving the materials ("Receiving Party") of the appropriate confidentiality

19 designation and produce a metadata overlay, new hard copy, images, or slip-sheets

20 as applicable (see Paragraph 11 above) reflecting the appropriate confidentiality

21 designation. Upon receipt of any such reproductions, the Receiving Party shall

22 thereafter preserve such reproduced Documents or Discovery Materials in

23 accordance with this Revised Stipulated Protective Order, including preserving the

24 material in compliance with Paragraphs 22–24 of this Revised Stipulated

25 Protective Order. If prior to receiving such notice from the Designating Party, the

26 Receiving Party has disclosed Confidential Information, Attorneys' Eyes Only

27 Information, or Outside Counsel Only Information to a person not identified in

28 Paragraphs 22–24, the Receiving Party shall promptly take reasonable steps to

1   retrieve all copies of the Confidential Information, Attorneys' Eyes Only

2   Information, or Outside Counsel Only Information from the third party or other

3   person and notify the third party or other person that the material remains subject

4   to this Revised Stipulated Protective Order. The Receiving Party shall notify the

5   Designating Party of this disclosure and the efforts to recover the Confidential

6   Information, Attorneys' Eyes Only Information, or Outside Counsel Only

7   Information.

8          16.    **Proprietary Information**. For Documents containing Proprietary

9   Information designated as Confidential, Attorneys' Eyes Only, or Outside Counsel

10  Only, a party's or a nonparty's production of documents in this case shall not be

11  construed as waiving or diminishing the party's or non-party's interests in and

12  rights to the confidentiality of Proprietary Information.

13  **Challenges to Designations Under this Revised Stipulated Protective Order**

14         17.    Any party may object to a designation of a Document or other

15  Discovery Material as Confidential Information, Attorneys' Eyes Only

16  Information, or Outside Counsel Only Information at any time by giving written

17  notice (including by email) to counsel for the Designating Party, identifying the

18  Document or other Discovery Material, or portions thereof, to which the objection

19  is directed, and specifying in reasonable detail the reason or reasons for the

20  objection. Within ten (10) calendar days of the receipt of such written notice, the

21  parties shall meet-and-confer in a good faith effort to resolve the dispute as

22  required by Local Rule 37-1. If the disagreement cannot be resolved, the party

23  asserting the Confidential Information, Attorneys' Eyes Only Information, or

24  Outside Counsel Only Information designation may apply to the Special Master

25  within fourteen (14) calendar days of the meet-and-confer for a protective order

26  affirming the Confidential Information, Attorneys' Eyes Only Information, or

27  Outside Counsel Only Information designation. The application for a protective

28  order shall comply with Local Civil Rules 37-2 and 37-3. While any such

DocuSign Envelope ID: C573A75F-C24E-4666-BA47-66D58E4677EE

1   application is pending, the Confidential Information, Attorneys' Eyes Only

2   Information, or Outside Counsel Only Information subject to the application will

3   be treated as Confidential Information, Attorneys' Eyes Only Information, or

4   Outside Counsel Only Information until the Special Master otherwise rules. The

5   party asserting the Confidential Information, Attorneys' Eyes Only Information, or

6   Outside Counsel Only Information designation shall bear the burden and expense

7   of seeking protection of its designated Confidential Information, Attorneys' Eyes

8   Only Information, or Outside Counsel Only Information. If the party asserting the

9   Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

10  Only Information designation does not apply for a protective order within fourteen

11  (14) calendar days of the meet-and-confer, then the designation of the Document or

12  Discovery Material as Confidential Information, Attorneys' Eyes Only

13  Information, or Outside Counsel Only Information shall cease to be effective.

14          18.     If the Special Master rules that the Document or other Discovery

15  Material should no longer be designated as Confidential Information, Attorneys'

16  Eyes Only Information, or Outside Counsel Only Information or if the Designating

17  Party at any time withdraws the designation (or if the Designating Party fails to

18  apply for a protective order pursuant to the preceding Paragraph), the Designating

19  Party shall promptly provide all other parties in the litigation with a metadata

20  overlay, replacement documents, files, or information free from any markings or

21  designations as Confidential Information, Attorneys' Eyes Only Information, or

22  Outside Counsel Only Information, as appropriate. The replacement versions shall

23  be provided in the same format as the information that is to be replaced, unless

24  otherwise agreed to by the parties. The presumptive time for providing the

25  replacement information shall be fifteen (15) calendar days from the Special

26  Master's ruling, the designating party's withdrawal of the designation, or failure to

27  apply for a protective order, but the Designating Party must in good faith provide

28  the information in a reasonable time, considering any agreements of the parties, the

DocuSign Envelope ID: 6573A75F-C94E-4666-BA47-66D58E4677EE

1    volume of information to be reproduced, and the nature or format of the

2    information. If a party challenges the ruling of the Special Master regarding the

3    designation of a Document or other Discovery Material as Confidential

4    Information, Attorneys' Eyes Only Information, or Outside Counsel Only

5    Information consistent with Paragraph 5 of District Court Judge Fernando M.

6    Olguin's May 5, 2020 Order, the Confidential Information, Attorneys' Eyes Only

7    Information, or Outside Counsel Only Information subject to the application will

8    be treated as Confidential Information, Attorneys' Eyes Only Information, or

9    Outside Counsel Only Information until the Court otherwise rules.

10       19.    If a party or a third party produces a Document or other Discovery

11   Material that another party reasonably believes contains its Confidential

12   Information, Attorneys' Eyes Only Information, or Outside Counsel Only

13   Information but is not so designated, the parties shall promptly meet-and-confer

14   regarding whether the produced document should be clawed back and replaced

15   with a document designated as Confidential Information, Attorneys' Eyes Only

16   Information, or Outside Counsel Only Information. If there is disagreement

17   regarding the designation of the material following the meet-and-confer, the

18   procedures outlined in Paragraphs 17 and 18 apply.

19   **Disclosure, Use, and Handling of Confidential Information**

20       20.    The parties shall disclose Confidential Information only in accordance

21   with the terms of this Revised Stipulated Protective Order.

22       21.    The parties and their counsel are responsible for employing

23   reasonable measures, consistent with this Revised Stipulated Protective Order, to

24   control access to and secure distribution of Confidential Information.

25       22.    **Disclosure of Confidential Information**. Except as otherwise

26   provided in this Revised Stipulated Protective Order, Documents and other

27   Discovery Material designated as Confidential Information shall only be disclosed

28   to the following persons:

DocuSign Envelope ID: 6573A75F-921E-4666-BA47-66D58E4677EE

1    a.    Counsel of record for the parties in this litigation and associated

2 personnel assisting counsel in this action, such as paralegals, litigation support,

3 information technology, information or records management, investigative,

4 secretarial, or clerical personnel, and in the case of the United States, officials,

5 attorneys, and employees of their executive agencies and departments, provided

6 that each is first advised of the terms of this Revised Stipulated Protective Order

7 and his or her obligation under this Revised Stipulated Protective Order to keep the

8 Confidential Information confidential;

9    b.    The parties and their officers or employees, including in-house

10 counsel, whose assistance is reasonably necessary to assist counsel in this action,

11 provided that each is first advised of the terms of this Revised Stipulated Protective

12 Order and his or her obligation under this Revised Stipulated Protective Order to

13 keep the Confidential Information confidential;

14    c.    Experts or consultants retained by a party for the purposes of

15 this litigation, including both consulting and testifying experts and their staffs,

16 provided that each is first advised of the terms of this Revised Stipulated Protective

17 Order and his or her obligation under this Revised Stipulated Protective Order to

18 keep the Confidential Information confidential, and provided that each such person

19 has first executed Exhibit A attached to this Revised Stipulated Protective Order,

20 stating that such person has read the Revised Stipulated Protective Order and

21 agrees to be bound by it;

22    d.    The Court, court personnel, and the Special Master and her

23 employees in this action;

24    e.    Court reporters, videographer services, translation services,

25 photocopy services, document management services, records management

26 services, graphics services, or such other litigation assistance services retained by a

27 party to this action after first being advised of the terms of this Revised Stipulated

28 Protective Order and their obligation under this Revised Stipulated Protective

DocuSign Envelope ID: 6573A75F-C24E-4666-BA47-66D58E4677EE

1   Order to keep the Confidential Information confidential;

2         f.     Any private mediators and their employees used in this action

3   after first being advised of the terms of this Revised Stipulated Protective Order

4   and their obligation under this Revised Stipulated Protective Order to keep the

5   Confidential Information confidential;

6         g.     Any third-party witness (i.e., a witness who is not an agent or

7   representative of or employed by a party to this action) who testifies at a deposition

8   or hearing in this litigation concerning documents or information designated as

9   subject to this Revised Stipulated Protective Order, and legal counsel retained by

10   such third-party witness, provided that such third-party witness is first advised of

11   the terms of this Revised Stipulated Protective Order and his or her obligation

12   under this Revised Stipulated Protective Order to keep the Confidential

13   Information confidential and executes Exhibit A attached to this Revised

14   Stipulated Protective Order, stating that such person has read the Revised

15   Stipulated Protective Order and agrees to be bound by it;

16         h.     Any third-party individual interviewed by a party's legal

17   counsel in connection with this action, provided that any such person is first

18   advised of the terms of this Revised Stipulated Protective Order and his or her

19   obligation under this Revised Stipulated Protective Order to keep the documents or

20   Confidential Information confidential and executes Exhibit A attached to this

21   Revised Stipulated Protective Order, stating that such person has read the Revised

22   Stipulated Protective Order and agrees to be bound by it;

23         i.     Any third-party witness (i.e., a witness who is not an agent or

24   representative of or employed by a party to this action) who is preparing to testify

25   at a deposition or hearing in this litigation concerning documents or information

26   designated as subject to this Revised Stipulated Protective Order, and legal counsel

27   retained by such third-party witness, provided that such third-party witness is first

28   advised of the terms of this Revised Stipulated Protective Order and his or her

1 | obligation under this Revised Stipulated Protective Order to keep the Confidential
2 | Information confidential and executes Exhibit A attached to this Revised
3 | Stipulated Protective Order, stating that such person has read the Revised
4 | Stipulated Protective Order and agrees to be bound by it.

5 |      23.   **Disclosure of Attorneys' Eyes Only Information**. Except as
6 | otherwise provided in this Revised Stipulated Protective Order, Documents and
7 | other Discovery Material designated as Attorneys' Eyes Only Information shall
8 | only be disclosed to those persons described in sub-paragraphs (a), (c), (d), (e), and
9 | (f) of Paragraph 22 of this Revised Stipulated Protective Order, as well as the
10 | UnitedHealth personnel identified in Exhibit B to this Revised Stipulated
11 | Protective Order provided that such persons identified in Exhibit B are first
12 | advised of the terms of this Revised Stipulated Protective Order and their
13 | obligations under this Revised Stipulated Protective Order to keep the documents
14 | or Attorneys' Eyes Only Information confidential and executes Exhibit A attached
15 | to this Revised Stipulated Protective Order, stating that such person has read the
16 | Revised Stipulated Protective Order and agrees to be bound by it. Further,
17 | Attorneys' Eyes Only Information may be disclosed to deponents under
18 | subparagraph (g) of Paragraph 22, provided that such persons: (i) do not retain
19 | copies of the materials designated "ATTORNEYS' EYES ONLY," (ii) are first
20 | advised of the terms of this Revised Stipulated Protective Order and his or her
21 | obligation under this Revised Stipulated Protective Order to keep the
22 | "ATTORNEYS' EYES ONLY" documents confidential, and (iii) execute Exhibit
23 | A to the Revised Stipulated Protective Order. Attorneys' Eyes Only Information
24 | shall only be disclosed to those persons described in sub-paragraph (b) of
25 | Paragraph 22 if (i) the material was produced by the person or his/her current
26 | employer, (ii) the person initially created, sent, or received such material, (iii) the
27 | Court orders such access; or (iv) the person is listed in Exhibit B to this Revised
28 | Stipulated Protective Order. It is the intent of the parties that materials will not be

1   designated as Attorneys' Eyes Only Information for tactical reasons in this case

2   and that nothing be so designated without a good faith belief that there is good

3   cause why it should not be part of the public record in this case. The procedures for

4   Attorneys' Eyes Only Information during any hearing or trial of this matter shall be

5   determined by the parties and the Court in advance of the hearing or trial in

6   accordance with Paragraph 27.

7         24.   **Disclosure of Outside Counsel Only Information**. Except as

8   otherwise provided in this Revised Stipulated Protective Order, Documents and

9   other Discovery Material designated as Outside Counsel Only Information shall

10   only be disclosed to those persons described in sub-paragraphs (a), (c), (d), (e), and

11   (f) of Paragraph 22 of this Revised Stipulated Protective Order Further, Outside

12   Counsel Only Information may be disclosed to deponents under subparagraph (g)

13   of Paragraph 22, provided that such persons: (i) do not retain copies of the

14   materials designated "OUTSIDE COUNSEL ONLY," (ii) are first advised of the

15   terms of this Revised Stipulated Protective Order and his or her obligation under

16   this Revised Stipulated Protective Order to keep the "OUTSIDE COUNSEL

17   ONLY" documents confidential, and (iii) execute Exhibit A to the Revised

18   Stipulated Protective Order. Outside Counsel Only Information shall only be

19   disclosed to those persons described in sub-paragraph (b) of Paragraph 22 if (i) the

20   material was produced by the person or his/her current employer, (ii) the person

21   initially created, sent, or received such material, or (iii) the Court orders such

22   access. It is the intent of the parties that materials will not be designated as Outside

23   Counsel Only Information for tactical reasons in this case and that nothing be so

24   designated without a good faith belief that there is good cause why it should not be

25   part of the public record in this case. The procedures for Outside Counsel Only

26   Information during any hearing or trial of this matter shall be determined by the

27   parties and the Court in advance of the hearing or trial in accordance with

28   Paragraph 27.

1    25.    Persons receiving Confidential Information, Attorneys' Eyes Only

2 Information, or Outside Counsel Only Information or to whom it is otherwise

3 disclosed pursuant to the terms of this Revised Stipulated Protective Order are

4 prohibited from disclosing it to any other person except in conformance with the

5 terms of this Revised Stipulated Protective Order.

6    26.    Persons receiving Confidential Information, Attorneys' Eyes Only

7 Information, or Outside Counsel Only Information or to whom it is otherwise

8 disclosed pursuant to the terms of this Revised Stipulated Protective Order may use

9 such information only for purposes of this litigation.

10    27.    **Confidential Information, Attorneys' Eyes Only Information, or**

11 **Outside Counsel Only Information in Court Filings and Open Court**. The

12 sealing of Confidential Information, Attorneys' Eyes Only Information, or Outside

13 Counsel Only Information in pleadings, motions, and other papers filed with the

14 Court or the sealing of any Confidential Information, Attorneys' Eyes Only

15 Information, or Outside Counsel Only Information that are attachments to

16 pleadings, motions, and other papers shall comply with Civil Local Rule 79-5. The

17 procedures for use of Confidential Information, Attorneys' Eyes Only Information,

18 or Outside Counsel Only Information during any hearing or the trial of this matter

19 shall be determined by the parties and the Court in advance of the hearing or trial.

20    28.    **Attorneys' Eyes Only Information or Outside Counsel Only**

21 **Information in Witness Preparation**. Counsel representing a witness ("Witness'

22 Counsel") to testify in a deposition or hearing in this litigation may disclose to the

23 witness Discovery Material designated as Attorneys' Eyes Only Information or

24 Outside Counsel Only Information by the party deposing the witness or

25 questioning the witness at a hearing (the "Questioning Party"), or by a non-party,

26 to the extent the Questioning Party has identified and given advance notice of

27 specific Attorneys' Eyes Only Information or Outside Counsel Only Information

28 that will be shown to the witness giving testimony during the course of the

1   deposition or hearing. The Questioning Party intending to show a witness a

2   document designated by the Questioning Party or a non-party as Attorneys' Eyes

3   Only Information or Outside Counsel Only Information shall, at least ten (10)

4   calendar days in advance of the deposition or hearing, provide written notice to

5   Witness' Counsel of any Attorneys' Eyes Only Information or Outside Counsel

6   Only Information that the Questioning Party intends to disclose to the witness

7   during the deposition or hearing ("Advance Notice"). A Questioning Party that

8   fails to give Advance Notice of the intended use of Attorneys' Eyes Only

9   Information or Outside Counsel Only Information may not show the witness the

10   Attorneys' Eyes Only Information or Outside Counsel Only Information at the

11   deposition or hearing. A Questioning Party is not required to provide such written

12   notice in order to disclose information and/or documents designated as Attorneys'

13   Eyes Only Information or Outside Counsel Only Information by the Opposing

14   Party. If Advance Notice is given, Witness' Counsel may disclose the identified

15   Attorneys' Eyes Only Information or Outside Counsel Only Information to the

16   witness for the sole purpose of preparing for his or her testimony. While the

17   witness may see and use the Attorneys' Eyes Only Information or Outside Counsel

18   Only Information in preparation for his or her testimony, the witness may not

19   retain a copy of the Attorneys' Eyes Only Information or Outside Counsel Only

20   Information. Prior to disclosing the Attorneys' Eyes Only Information or Outside

21   Counsel Only Information to the witness, Witness' Counsel shall: (a) inform the

22   witness of the confidential nature of the information and/or documents; (b) advise

23   the witness of the terms of this Revised Stipulated Protective Order and his or her

24   obligation under this Revised Stipulated Protective Order to keep the Attorneys'

25   Eyes Only Information or Outside Counsel Only Information confidential; and (c)

26   obtain an executed Exhibit A attached to this Revised Stipulated Protective Order,

27   stating that the witness has read the Revised Stipulated Protective Order and agrees

28   to be bound by it.

1    29.    All confidentiality designations designated under the protective order

2    entered by the court in the *Swoben* action on August 17, 2017 apply equally for

3    purposes of this litigation under the terms of this Revised Stipulated Protective

4    Order.

5    30.    The production or disclosure of Documents or Discovery Material in

6    the investigation preceding this litigation that included documents with PHI, PII, or

7    Proprietary Information that were not designated in accordance with this Revised

8    Stipulated Protective Order does not violate this Revised Stipulated Protective

9    Order. On June 13, 2018, UnitedHealth produced a metadata overlay that

10   contained the designations specified in Paragraph 11 for Documents or Discovery

11   Material with PHI, PII, or Proprietary Information that were produced in the

12   investigation preceding this litigation and that were not designated in accordance

13   with this Revised Stipulated Protective Order. The Documents and Discovery

14   Material identified in the metadata overlay will be entitled to protection under this

15   Revised Stipulated Protective Order.

16   31.    **Subpoenaed or Other Requested Production of Confidential**

17   **Information, Attorneys' Eyes Only Information, or Outside Counsel Only**

18   **Information**. If any party or person who has received Confidential Information,

19   Attorneys' Eyes Only Information, or Outside Counsel Only Information is

20   requested or required to produce such information by a subpoena or other

21   compulsory process for purposes of use in a separate legal action, the party or

22   person receiving such a request shall promptly inform the Designating Party that

23   such request has been made and shall allow the Designating Party ten (10) days to

24   seek appropriate relief or protection from the proper court to prevent the

25   production. The Designating Party shall bear the burden and expense of seeking

26   protection of its designated Confidential Information, Attorneys' Eyes Only

27   Information, or Outside Counsel Only Information. Nothing in this Revised

28   Stipulated Protective Order should be construed as authorizing or encouraging a

1    subpoenaed person to disobey a lawful directive from this or another court.

2         32.    **Disclosure to Agencies or Departments of the United States**.

3    Nothing in this Revised Stipulated Protective Order shall prevent or in any way

4    limit or impair the right of the United States to disclose to any of its agencies or

5    departments, or any division or office of any such agency or department,

6    information or materials provided in this action, including those designated as

7    Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

8    Only Information under this Revised Stipulated Protective Order, that relate to a

9    potential violation of law or regulation, or relating to any matter within that

10   agency's jurisdiction, nor shall anything contained in this Revised Stipulated

11   Protective Order prevent or in any way limit or impair the use of any information

12   provided in this action, including Confidential Information, Attorneys' Eyes Only

13   Information, or Outside Counsel Only Information, by an agency in any lawfully

14   permitted proceeding relating to a potential violation of law or regulation, or

15   relating to any matter within that agency's jurisdiction; provided, however, that the

16   agency shall be advised of the terms of this Revised Stipulated Protective Order

17   and maintain the confidentiality of the Confidential Information, Attorneys' Eyes

18   Only Information, or Outside Counsel Only Information in a manner consistent

19   with the terms of this Revised Stipulated Protective Order.

20        33.    **Disclosure to Congress**. Nothing contained in this Revised Stipulated

21   Protective Order shall prevent or in any way limit or impair the right of the United

22   States to provide designated Confidential Information, Attorneys' Eyes Only

23   Information, or Outside Counsel Only Information to a Congressional entity;

24   provided, however, that the United States shall notify the Congressional entity

25   requesting the documents that the Confidential Information, Attorneys' Eyes Only

26   Information, or Outside Counsel Only Information has been produced pursuant to

27   this Revised Stipulated Protective Order and shall, if there are no objections

28   interposed by the Congressional entity requesting the documents, use reasonable

1   efforts to notify the Designating Party or non-party of the Congressional entity's

2   request and the United States' response thereto.

3        34.   **Use of Party's Own Confidential Information**. Nothing in this

4   Revised Stipulated Protective Order shall restrict the right of any party to use its

5   own Confidential Information for any purpose whatsoever, but if any such use

6   results in a disclosure that causes the Confidential Information to lose its

7   designation as Confidential Information, then it shall no longer be subject to any

8   protection under this Revised Stipulated Protective Order. However, nothing in this

9   Revised Stipulated Protective Order affects the protections afforded to such

10   Personally Identifiable Information and/or Protected Health Information under

11   applicable federal, state, or local laws.

12        35.   **Disclosure to Apparent Author or Recipient**. Nothing in this

13   Revised Stipulated Protective Order shall limit the ability of a party to disclose any

14   Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

15   Only Information to its author or to anyone identified on the face or in the

16   metadata of the document as a recipient.

17        36.   **Inadvertent Disclosure of Confidential Information, Attorneys'**

18   **Eyes Only Information, or Outside Counsel Only Information**. If a Receiving

19   Party discovers that it, or a person to whom it has disclosed Confidential

20   Information, Attorneys' Eyes Only Information, or Outside Counsel Only

21   Information in accordance with this Revised Stipulated Protective Order, has

22   inadvertently disclosed Confidential Information, Attorneys' Eyes Only

23   Information, or Outside Counsel Only Information subject to this Revised

24   Stipulated Protective Order to any person not authorized under this Revised

25   Stipulated Protective Order, the Receiving Party must: (a) notify in writing the

26   Designating Party of the inadvertent disclosure, providing with such notice the

27   identity of the person to whom the Confidential Information, Attorneys' Eyes Only

28   Information, or Outside Counsel Only Information was disclosed and, upon request

DocuSign Envelope ID: 6573A75F-C94E-4666-BA47-66D58E4677EE

1  of the Designating Party, details concerning the circumstances of the disclosure,

2  (b) use its best efforts to retrieve all copies of any Confidential Information,

3  Attorneys' Eyes Only Information, or Outside Counsel Only Information, (c)

4  inform the person to whom the inadvertent disclosure was made that the

5  documents or information are Confidential Information, Attorneys' Eyes Only

6  Information, or Outside Counsel Only Information subject to this Revised

7  Stipulated Protective Order and inform the person who received the inadvertent

8  disclosure that he or she is bound by the terms of this Revised Stipulated Protective

9  Order, and (d) cooperate in reasonable efforts to obtain the return of the

10  Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel

11  Only Information.

12  **Disposition of Confidential Information, Attorneys' Eyes Only Information,**

13  **and Outside Counsel Only Information at the Conclusion of this Litigation**

14         37.    Except as provided in this Revised Stipulated Protective Order, within

15  ninety (90) days of the conclusion of this litigation, including appeals, the parties

16  shall (a) destroy or delete all items designated as Confidential Information,

17  Attorneys' Eyes Only Information, or Outside Counsel Only Information and

18  certify in writing that the items have been destroyed or deleted, or (b) return them

19  to the Designating Party, depending upon the Designating Party's stated reasonable

20  preference, except materials that exist on back-up tapes or similar systems.

21  Materials that exist on back-up tapes, systems, or similar storage need not be

22  immediately deleted or destroyed, and, instead, such materials should be

23  overwritten and destroyed in the normal course of business. Until they are

24  overwritten in the normal course of business, the Receiving Party will take

25  reasonable steps to limit access, if any, to the persons necessary to conduct routine

26  information technology (IT) and cybersecurity functions. In the course of disposing

27  of information in its possession under this Paragraph, the Receiving Party will also

28  take reasonable steps to notify persons to whom it distributed Confidential

1   Information, Attorneys' Eyes Only Information, or Outside Counsel Only

2   Information pursuant to this Revised Stipulated Protective Order that such

3   information should be returned to the Receiving Party or destroyed by the person

4   possessing the information with written confirmation to the Receiving Party.

5       38.     Notwithstanding the above provision, counsel for the parties are

6   entitled to retain an archival copy of all pleadings, affidavits, motion papers, trial

7   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

8   reports, briefs, other papers filed with the Court, and any other parts of the trial

9   record, as well as notes and other documents constituting the work product of

10  litigation counsel, even if these items contain or reflect Confidential Information,

11  Attorneys' Eyes Only Information, or Outside Counsel Only Information, so long

12  as these items remain clearly marked to reflect that the information contained

13  therein is Confidential Information, Attorneys' Eyes Only Information, or Outside

14  Counsel Only Information subject to this Revised Stipulated Protective Order. In

15  particular, attorneys for the United States may maintain copies of any Confidential

16  Information, Attorneys' Eyes Only Information, or Outside Counsel Only

17  Information in their case file, as well as copies of any notes or summaries

18  containing such Confidential Information, Attorneys' Eyes Only Information, or

19  Outside Counsel Only Information, subject to the Federal Records Act, 44 U.S.C. §

20  3101, *et seq.*

21  **General Provisions**

22      39.     This Revised Stipulated Protective Order does not constitute a ruling

23  on the question of whether any particular document or information is properly

24  discoverable or admissible and does not constitute any ruling on any potential

25  objection to the discoverability of any document or information.

26      40.     For good cause shown, any party may seek to modify or supplement

27  the terms of this Revised Stipulated Protective Order by first attempting to obtain

28  the consent of the other parties. The parties shall attempt to resolve the issue of any

such modification or supplementation among themselves through good faith efforts before seeking judicial intervention. If the parties are not able to reach an agreement, the party seeking the modification or supplementation may file an appropriate motion with the Court upon notice to the other parties.

41.     With respect to any Discovery Material produced prior to the execution of this Revised Stipulated Protective Order, the Designating Party seeking to re-designate Discovery Material from Attorneys' Eyes Only to Outside Counsel Only must do so within thirty (30) days of the date of this Revised Stipulated Protective Order by providing a metadata overlay. Only after receiving such a metadata overlay may the Receiving Party share documents that retain the designation of "Attorneys' Eyes Only" with the individuals identified in Exhibit B pursuant to Paragraph 23 of the Revised Stipulated Protective Order. The Designating Party must produce new hard copy, images, or slip-sheets, as applicable, reflecting the appropriate confidentiality designation for those documents identified in the metadata overlay as "Outside Counsel Only" as soon as feasible and in no case later than December 31, 2020.[1]

42.     Upon final termination of this litigation, whether by settlement, dismissal, or other disposition, the provisions of this Revised Stipulated Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof (including former employees of any party who received Confidential Information, Attorneys' Eyes Only Information, or Outside Counsel Only Information). The Court shall retain continuing jurisdiction in order to enforce the terms of this Revised Stipulated Protective Order.

---

[1] The United States, however, is not required to reproduce documents from Production Volumes 28-31 reflecting the "Outside Counsel Only" designation, but must include these documents in the metadata overlay.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: October 8, 2020

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18  Dated: October 8, 2020

19

20

21

22

23

24

25

26

27

28

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General, Civil
Division
NICOLA T. HANNA
United States Attorney
DAVID K. BARRETT
DAVID M. HARRIS
ABRAHAM C. MELTZER
JACK D. ROSS
Assistant United States Attorneys

JAMIE YAVELBERG
ROBERT McAULIFFE
EDWARD CROOKE
LINDA McMAHON
JESSICA E. KRIEG
ZOILA E. HINSON
AMY L. LIKOFF
GREGORY A. MASON
MARTHA N. GLOVER
Attorneys, Civil Division
United States Department of Justice

JAMES P. KENNEDY, JR.
United States Attorney

        /S/ John E. Lee
_____
JOHN E. LEE
Assistant United States Attorney
Attorneys for the United States of America

ERIC HAVIAN
HARRY LITMAN
ANNE ROBINSON
JESSICA T. MOORE
HENRY C. SU
Constantine Cannon LLP

STEVE HASEGAWA
Phillips & Cohen, LLP

WILLIAM CHRISTOPHER CARMODY
ARUN SUBRAMANIAN
MATTHEW R. BERRY
JOHN P. LAHAD
Susman Godfrey LLP

        /S/ Henry C. Su
_____
HENRY C. SU
Attorneys for Relator Benjamin Poehling

25

1  Dated: October 8, 2020          DAVID J. SCHINDLER
                                   DANIEL MERON
2                                  ABID R. QURESHI
                                   Latham & Watkins LLP
3
                                      /S/ David J. Schindler
4
                                   _____
                                   DAVID J. SCHINDLER
5                                  Attorneys for Defendants UnitedHealth
                                   Group,
6                                  Inc.; United Healthcare Services, Inc.;
                                   United Healthcare, Inc.; UnitedHealthcare
7                                  Insurance Company; UHIC Holdings, Inc.;
                                   Ovations, Inc.;
8                                  Optum, Inc.; and OptumInsight, Inc.

9

10                                     Attestation

11        I hereby attest that all other signatories listed, and on whose behalf the filing

12  is submitted, concur in the filing's content and have authorized the filing.

13  Dated: October 8, 2020              /S/ John E. Lee

14                                   _____
                                     JOHN E. LEE
15                                   Assistant United States Attorney

16

17        FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18

19  DATED: 10/9/2020

20                                   Hon. Suzanne Segal (Ret.)
                                     _____
21                                   SUZANNE H. SEGAL
                                     Special Master

22

23

24

25

26

27

28

                                        26

# EXHIBIT A

The undersigned hereby acknowledges that he/she has been advised and informed of the Revised Stipulated Protective Order dated _____, in the action entitled *United States ex rel. Poehling v. UnitedHealth Group, Inc., et al.*, Case No. CV 16-08697 FMO (SSx) (hereinafter the "Revised Stipulated Protective Order").

The undersigned acknowledges and agrees that he/she has been given a copy of the Revised Stipulated Protective Order, has read the Revised Stipulated Protective Order, is familiar with the terms of the Revised Stipulated Protective Order, and agrees to comply with and be bound by such terms. The undersigned further agrees that any documents, materials, or information furnished to him/her will be used by him/her only for the purposes of this litigation, including any appeals, and for no other purpose, and will be returned by the undersigned to the person who furnished the materials to him/her upon conclusion of this litigation.

The undersigned hereby consents to be subject to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceedings relative to the enforcement of this Revised Stipulated Protective Order, including any proceeding relating to contempt of this Revised Stipulated Protective Order.

DATED: _____

BY: _____

1

**EXHIBIT B**

2

3    Documents and other Discovery Material designated as Attorneys' Eyes Only

4  Information may be disclosed to the following personnel at UnitedHealth pursuant to

5  Paragraph 23 of this Revised Stipulated Protective Order:

6

7
     UnitedHealthcare – Medicare & Retirement:
8

9      • Brian Thompson, CEO

10     • Keith Dobbins, Deputy General Counsel

11   Optum:
12
       • Chris Zaetta, Chief Legal Officer, Optum
13

14   UnitedHealth Group:

15     • Dave Wichmann, CEO
16
       • Marianne Short, Chief Legal Officer
17

18     • Matt Shors, Senior Deputy General Counsel

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: C573A75F-C34E-4666-BA47-66D58E4877EE

# PROOF OF SERVICE

**RE:**    **United States ex rel. Poehling v. United Health Group, Inc., et al.**
           **Case ID: KEERX**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 633 West 5th Street, Suite 1000 Los Angeles, CA 90071

On October 9, 2020 I served the **REVISED STIPULATED PROTECTIVE ORDER GOVERNING THE TREATMENT OF PROTECTED INFORMATION** on the following parties. Placing a true copy to all parties as follows:

| | |
|---|---|
| Jack D. Ross, Esq.<br>John E. Lee, Esq.<br>AUSA - OFFICE OF US ATTORNEY<br>300 North Los Angeles Street<br>Los Angeles, CA 90012<br>jack.ross@usdoj.gov<br>john.lee2@usdoj.gov | Amy L. Likoff, Esq.<br>Edward Crooke, Esq.<br>Gregory A. Mason, Esq.<br>Jessica Krieg, Esq.<br>Linda McMahon, Esq.<br>Martha Glover, Esq.<br>Robert McAuliffe, Esq.<br>Zoila E. Hinson, Esq.<br>US DEPARTMENT OF JUSTICE, LEGAL DIVISION<br>175 N Street NE<br>Washington, DC 20002<br>amy.l.likoff@usdoj.gov<br>edward.crooke@usdoj.gov<br>gregory.a.mason@usdoj.gov<br>jessica.e.krieg@usdoj.gov<br>linda.mcmahon2@usdoj.gov<br>martha.n.glover@usdoj.gov<br>robert.mcauliffe@usdoj.gov<br>zoila.e.hinson@usdoj.gov |
| Henry C. Su , Esq.<br>CONSTANTINE CANNON<br>1001 Pennsylvania Avenue NW<br>Suite 1300N<br>Washington, DC 20004<br>hsu@constantinecannon.com | William R. H. Merrill, Esq.<br>SUSMAN GODFREY<br>1000 Louisiana Street<br>Suite 5100<br>Houston, TX 77002<br>bmerrill@susmangodfrey.com |
| Stephen S. Hasegawa, Esq.<br>PHILLIPS & COHEN<br>100 The Embarcadero<br>Suite 300<br>San Francisco, CA 94105<br>ssh@pcsf.com | David Rowe, Esq.<br>LATHAM & WATKINS LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>david.rowe@lw.com |
| Kirstin Scheffler Do, Esq.<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue<br>Suite 2800<br>Chicago, IL 60611<br>kirstin.schefflerdo@lw.com | Abid Qureshi, Esq.<br>Anne Robinson, Esq.<br>Daniel Meron, Esq.<br>Morgan Maddoux, Esq.<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, DC 20004<br>abid.qureshi@lw.com<br>anne.robinson@lw.com<br>daniel.meron@lw.com<br>morgan.maddoux@lw.com |

DocuSign Envelope ID: 6573A75F-021E-4666-BA47-66D58E4677EE

David Schindler, Esq.
LATHAM & WATKINS LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071
david.schindler@lw.com

( )  BY U.S. MAIL:                          I caused such envelope(s), with postage fully prepaid, to be placed in the U.S. Mail
                                            at Los Angeles, California.

( )  BY FACSIMILE:                          I caused such document to be sent via facsimile to each person.

(X)  BY ELECTRONIC MAIL:                    I caused such document to be sent via electronic mail to each person.

( )  BY PERSONAL SERVICE:                   I caused such envelope to be delivered by hand to the office of the addressee.

(X)  STATE:                                 I declare under penalty of perjury under the laws of the State of California that the
                                            above is true and correct.

( )  FEDERAL:                               I declare that I am employed in the office of a member of the bar of this Court at
                                            whose direction the service was made.


Executed on October 9, 2020 at Los Angeles, California.               *Alisa Martinez*
                                                                      _____
                                                                      Alisa Martinez
                                                                      Signature Resolution