# EXHIBIT 1

DocuSign Envelope ID: DC4CEEE6 2C26 481C 8FED E48C486153B8

FILED
CLERK, U.S. DISTRICT COURT

JAN 15 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

1 JENNIFER B. DICKEY
Acting Assistant Attorney General, Civil Division
2 TRACY L. WILKISON
Acting United States Attorney
3 DAVID K. BARRETT
DAVID M. HARRIS
4 ABRAHAM C. MELTZER
JOHN E. LEE (CBN 128696)
5 JACK D. ROSS (CBN 265883)
Assistant United States Attorneys
6     300 N. Los Angeles Street, Room 7516
    Los Angeles, California 90012
7     Tel: (213) 894-3995; Fax: (213) 894-7819
    Email: john.lee2@usdoj.gov
8 JAMIE YAVELBERG
ROBERT McAULIFFE
9 EDWARD CROOKE
LINDA McMAHON
10 JESSICA E. KRIEG
ZOILA E. HINSON
11 AMY L. LIKOFF
GREGORY A. MASON
12 MARTHA N. GLOVER
WENDY Z. ZUPAC
13 Attorneys, Civil Division
United States Department of Justice
14     P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044
15     Tel: (202) 307-0486; Fax: (202) 307-3852
    Email: robert.mcauliffe@usdoj.gov
16 JAMES P. KENNEDY, JR.
Acting United States Attorney
17 DAVID M. CORIELL
Assistant United States Attorney (Admitted PHV)
18 138 Delaware Avenue
    Buffalo, New York 14201
19     Tel: (716) 843-5731; Fax: (716) 551-5563
    Email: david.coriell@usdoj.gov
20 Attorneys for the United States of America

21                    UNITED STATES DISTRICT COURT

22            FOR THE CENTRAL DISTRICT OF CALIFORNIA

23                          WESTERN DIVISION

24 UNITED STATES OF AMERICA *ex*          No. CV 16-08697 FMO
   *rel.* BENJAMIN POEHLING,
25                                        REVISED PROTECTIVE
          Plaintiffs,                     ORDER GOVERNING NON-WAIVER
26                                        OF PRIVILEGE AND PROTECTED
             v.                           MATERIAL
27
   UNITEDHEALTH GROUP, INC., *et al.*,    [Discovery Document: Referred to Special
28                                        Master Suzanne H. Segal]

DocuSign Envelope ID: DC4CEEE6-2C26-481C-85ED-E48C486153B8

1    Defendants.

2

3

4    Plaintiffs and Defendants (the "Parties") have jointly stipulated, seeking an Order

5    regarding produced privileged material and protected trial-preparation material.

6    **Good Cause Statement**

7    The Parties recognize that in this Action each Party (and potentially third parties)

8    will review and disclose large quantities of information and documents through the

9    discovery process.  As a result, information and documents produced to another Party

10    could include materials that could have been withheld in whole or in part upon the basis

11    of a privilege or protection, and thus not subject to disclosure in discovery. The Parties

12    desire that discovery proceed in an expeditious and efficient manner without waiver of

13    any privilege or the protection afforded to trial-preparation material. Therefore, it is the

14    intent of the Parties that the requirements set-forth in Federal Rule of Evidence 502(b)

15    shall not apply to any determination of waiver under this Order. Instead, the parties set

16    forth below the concrete directives intended to supplant the test set forth in Rule 502(b).

17    The concrete directives supplanting Rule 502(b)(1) and (2) are set forth in paragraph 9 and

18    the concrete directives supplanting Rule 502(b)(3) are set forth in paragraph 15.

19    Good cause existing for entry of this Protective Order, it is, pursuant to the Court's

20    authority under Rule 502(d) of the Federal Rules of Evidence and with the consent of the

21    parties, ORDERED as follows:

22    **Definitions**

23    1.    "Material" means and includes all items listed in Fed. R. Civ. P. 34(a)(1)(A)

24    and (B), including, but not limited to, paper documents, electronically-stored information,

25    deposition testimony, and discovery responses produced in this Action, in *United States*

26    *ex rel. Swoben v. Secure Horizons*, Case No. CV-09-5013 JFW (JEMx) ("the *Swoben*

27    action"), or in the *Poehling* Investigation.

28    / / /

1    2.    "Protected Material" means Material that is subject to any claim of privilege

2    that may lawfully be asserted without limitation and work-product protections, including

3    protections afforded by Fed. R. Civ. P. 26(b).

4    3.    "Producing Party" means either a Party or a third-party producing Material

5    in this Action, in the *Swoben* Action, or in the *Poehling* Investigation.

6    4.    "Receiving Party" means the party or parties receiving the Material from the

7    Producing Party or third-party in this Action, in the *Swoben* Action, or in the *Poehling*

8    Investigation. The use of the singular "Receiving Party" includes the plural "Receiving

9    Parties."

10   5.    "*Poehling* Investigation" shall mean the United States' investigation relating

11   to the allegations in *United States ex rel. Benjamin Poehling v. UnitedHealth Group, Inc.,*

12   *et al.*, No. 16-CV-8697-MWF (C.D. Cal.) prior to the date on which the United States filed

13   its complaint-in-intervention (May 16, 2017).

**14   General Provisions**

15   6.    This Order applies to the attorney-client privilege, work-product protections,

16   including protections afforded by Fed. R. Civ. P. 26(b), Governmental privileges

17   (including without limitation deliberative process, investigatory files, and official

18   privileges), trial-preparation materials, and all privileges that may lawfully be asserted,

19   without limitation.

20   7.    This Order governs Material produced by a Party: (1) in this Action, after the

21   date on which the United States filed its complaint-in-intervention in this Action (May 16,

22   2017); (2) in the *Swoben* Action; and (3) by Defendants in response to subpoenas issued

23   or requests made by the United States in connection with the *Poehling* Investigation.

24   8.    Subject to Paragraph 9, the production of Protected Material in this Action,

25   in the *Swoben* Action, and in the *Poehling* Investigation does not constitute a waiver of

26   any privilege or protection in this Action or any other federal or state proceeding. This

27   Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of

28   the Federal Rules of Evidence.

DocuSign Envelope ID: DC4CEFE6 2C26 481C 85FD F48C486153B8

1      9.     The Parties agree that disclosure need not be "inadvertent" as that term is

2 used in Rule 502(b), but agree that all productions, designations, and requests for return

3 of Protected Material will be made in good faith. Accordingly, the Producing Party shall

4 exercise good faith to prevent the disclosure of Protected Material and shall not request

5 the return of Protected Material it produced knowing it to be privileged. Nor shall the

6 Producing Party request the return of Protected Material or assert privilege over Protected

7 Material the Producing Party previously identified as not privileged. Moreover, the

8 Producing Party shall not request the return of Protected Material the Producing Party

9 knows the Receiving Party has referred to, quoted, cited, or relied upon, during the course

10 of this Action or the *Poehling* Investigation without objection from the Producing Party.

11      10.    The Producing Party shall not file any motion or other pleading or action to

12 dismiss, remove, or disqualify the Receiving Party, any attorney or other person employed

13 or retained by the Receiving Party, or any third-party who received, reviewed, used, or

14 disseminated Protected Material from any actions, including but not limited to this Action,

15 due to the receipt, review, use, or dissemination of Protected Material produced by the

16 Producing Party prior to the receipt of written notice in accordance with Paragraph 15.

17 The terms of this Paragraph do not apply to Protected Material produced by Relator

18 Poehling, if any, in the *Poehling* Investigation, but shall apply to Material produced by

19 Relator Poehling and subsequently reviewed and produced by Defendants.

20      11.    Experts for a Receiving Party may review any material produced by a

21 Producing Party, but experts shall be bound by any notice from a Producing Party under

22 this Order to the same extent as the Receiving Party who has retained the expert.

23      12.    Nothing in this Order prohibits a Producing Party from withholding from

24 production any Material covered by any privilege or other protection properly claimed.

25      13.    If any Party has cause to believe that a violation of this Order has occurred

26 or is about to occur, it shall have the right to petition this Court for appropriate relief.

27      14.    Any Party may seek modification of this Order for good cause – including

28 but not limited to any circumstance created or exacerbated by the terms of this Order that

1    may result in an unreasonable burden being imposed on any party – at any time, but the

2    provisions of this Order shall continue to be binding after the termination of this Action,

3    whether by settlement, judgment, or other disposition or conclusion and all appeals

4    therefrom, unless otherwise ordered. The Parties agree to promptly meet and discuss joint

5    modification of this Order should any specific provision become overly burdensome upon

6    implementation.

7    **Specific Provisions**

8    15. If the Producing Party determines it has produced Protected Material, the

9    Producing Party shall serve written notice upon the Receiving Party's counsel of record

10    within 10 business days of discovering the disclosure. This notice shall provide

11    information sufficient to meet the requirements of Fed. R. Civ. P. 26(b)(5) and shall at a

12    minimum identify for each claim of privilege or protection: the Protected Material, by

13    bates number, that it is recalling; the privilege or protection asserted; and the basis for the

14    invocation of the privilege or protection. The notice shall ask that the Receiving Party

15    take reasonable steps to either return, sequester, or destroy the Protected Material.

16    Alternatively, the Producing Party may provide a redacted copy of the Protected Material,

17    eliminating information that it considers privileged or protected, and request that the

18    Receiving Party take reasonable steps to either return, sequester, or destroy the non-

19    redacted version.

20    16. Upon receipt of the written notice, the Receiving Party shall promptly take

21    reasonable steps to return, sequester, or destroy all copies of the Protected Material and,

22    beginning on the date of receipt of the written notice, shall not refer to, quote, cite, rely

23    upon, or otherwise use the Protected Material unless agreed in writing by the Producing

24    Party or ordered by the Court pursuant to Paragraph 17.

25    17. If the Receiving Party disputes the privilege or protection asserted in the

26    Producing Party's notice, the Receiving Party must notify the Producing Party's counsel

27    of record of its objection within 10 business days of receiving the Producing Party's notice.

28    The Parties must then promptly attempt to resolve the dispute. If the Parties are unable to

DocuSign Envelope ID: DC4CEEE6-2C26-481C-85FD-F48C486153B8

1   resolve the dispute, the Receiving Party may, after providing reasonable notice to the

2   Producing Party, challenge the assertion of privilege or protection by requesting an

3   Informal Discovery Conference with Magistrate Judge Segal and, if unsuccessful in

4   resolving the dispute, filing a motion, along with a copy of the Protected Material, under

5   seal in accordance with Local Rule 79-5. The Parties shall, where appropriate, submit

6   such portions of documents under seal in accordance with Local Rule 79-5 so as to

7   maintain any privilege or protection claim.  The Producing Party bears the burden of

8   proving the privilege or protection claim. In the event that the Court denies the Receiving

9   Party's motion, the Receiving Party shall take reasonable steps to return or destroy all

10  copies of the Protected Material within 15 business days of the Court's order.

11        18.    If the Receiving Party determines that the Producing Party has produced

12  Protected Material, the Receiving Party shall notify the Producing Party and shall not refer

13  to, quote, cite, rely upon, or otherwise use the Protected Material until the Producing Party

14  has had an opportunity to serve written notice on the Receiving Party in accordance with

15  Paragraph 15.  Material is not presumed to be Protected Material and the Receiving Party

16  is not obligated to perform the notification requirements of this paragraph solely because

17  material contains a legend such as "attorney-client privilege," "attorney work product,"

18  "privileged," "deliberative process privilege," or another similar privilege assertion in the

19  header, footer, signature block, or elsewhere in the material and does not contain any other

20  indicia of privilege.  This paragraph does not in any way prevent the Producing Party from

21  later identifying any document as Protected Material or requesting the return,

22  sequestration, or destruction of Protected Material in accordance with Paragraph 15.

23        19.    If the Receiving Party has disclosed Protected Material – either identified in

24  the Producing Party's notice in accordance with Paragraph 15 or that the Receiving Party

25  determines has been produced in accordance with Paragraph 18 – to a third-party before

26  receiving the notice or making such a determination, the Receiving Party shall promptly

27  take reasonable steps to retrieve all copies of the Protected Material from the third-party,

28  notify the third-party that either the Producing Party is claiming that the material is

DocuSign Envelope ID: DC4CEFE6-2C26-491C-95FD-E48C486153B8

1   privileged or protected or that the Receiving Party has made this determination, inform

2   the third-party that the material must not be further disclosed or used.  The Receiving Party

3   shall notify the Producing Party of this disclosure and the efforts to recover the Protected

4   Material, provided, however, that the Receiving Party shall not be required to disclose

5   information protected as attorney work product.

6        20.    The terms of this revised Order shall apply retroactively from the filing date

7   of the original Order, January 16, 2018, and shall apply to all documents produced to date

8   and hereafter, including by third parties.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: DC4CEEE6-2C26-481C-8FED-E48C486153B8

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   Dated: January 14, 2021              JENNIFER B. DICKEY
                                         Acting Assistant Attorney General, Civil Division
4                                        TRACY L. WILKISON
                                         Acting United States Attorney
5                                        DAVID K. BARRETT
                                         DAVID M. HARRIS
6                                        ABRAHAM C. MELTZER
                                         JOHN E. LEE
7                                        Assistant United States Attorneys

8
                                         JAMIE YAVELBERG
9                                        ROBERT McAULIFFE
                                         EDWARD CROOKE
10                                       LINDA McMAHON
                                         JESSICA E. KRIEG
11                                       ZOILA E. HINSON
                                         AMY L. LIKOFF
12                                       GREGORY A. MASON
                                         MARTHA N. GLOVER
13                                       WENDY Z. ZUPAC
                                         Attorneys, Civil Division
14                                       United States Department of Justice

15                                       JAMES P. KENNEDY, JR.
                                         Acting United States Attorney
16                                       DAVID M. CORIELL
                                         Assistant United States Attorney

17
                                             /S/ Jack D. Ross
18                                       _____
                                         JACK D. ROSS
19                                       Assistant United States Attorney
                                         Attorneys for the United States of America

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: DC4CEFE6-2C29-491C-9EFD-548C486153B8

| | |
|---|---|
| 1 | Dated: January 14, 2021 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Dated: January 14, 2021 |

1    Dated: January 14, 2021    ERIC HAVIAN
2    HARRY LITMAN
   ANNE HARTMAN
3    JESSICA T. MOORE
   HENRY C. SU
4    Constantine Cannon LLP

5    STEVE HASEGAWA
   Phillips & Cohen, LLP

6    WILLIAM CHRISTOPHER CARMODY
   ARUN SUBRAMANIAN
7    MATTHEW R. BERRY
   JOHN P. LAHAD
8    Susman Godfrey LLP

9    /S/ Henry C. Su

10    HENRY C. SU
   Attorneys for Relator Benjamin Poehling

11
12    Dated: January 14, 2021    DAVID J. SCHINDLER
   DANIEL MERON
   ABID R. QURESHI
13    Latham & Watkins LLP

14    /S/ David J. Schindler

15    DAVID J. SCHINDLER
   Attorneys for Defendants UnitedHealth Group,
16    Inc.; United Healthcare Services, Inc.; United
   Healthcare, Inc.; UnitedHealthcare Insurance
17    Company; UHIC Holdings, Inc.; Ovations, Inc.;
   Optum, Inc.; and OptumInsight, Inc.

18
19
20    Attestation

21    I hereby attest that all other signatories listed, and on whose behalf the filing is

22 submitted, concur in the filing's content and have authorized the filing.

23    Dated: January 14, 2021

24    /S/ Jack D. Ross

25    JACK D. ROSS
   Assistant United States Attorney

26
27
28

DocuSign Envelope ID: DC4CEFE6-2C26-491C-8FFD-F48C486153B8

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3   DATED: 1/15/2021

4   DocuSigned by:

    *Hon. Suzanne Segal (Ret.)*

    2B739185DE71459

5   SUZANNE H. SEGAL
    Special Master

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28